**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| CHASE MORTIMER, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:19-cv-01735 |
| Plaintiff, | Hon. Virginia M. Kendall |
| v. | |
| DIPLOMAT PHARMACY, INC., BRIAN T. GRIFFIN, JEFFREY PARK, JOEL SABAN, and ATAL KAVTHEKAR, | |
| Defendants. | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR UNOPPOSED
MOTION FOR REASSIGNMENT AND CONSOLIDATION**

Defendants Diplomat Pharmacy, Inc. ("Diplomat" or the "Company"), Brian T. Griffin,

Jeffrey Park, Joel Saban, and Atul Kavthekar submit this memorandum in support of their Motion

for Reassignment and Consolidation pursuant to Federal Rule of Civil Procedure 42 and Local

Rule 40.4. Defendants seek for two related cases to be reassigned to this court and consolidated

for trial with this case: *William Riehm v. Diplomat Pharmacy, Inc., et al.*, No. 1:19-cv-02631 (N.D.

Ill., transferred from C.D. Cal. on Apr. 18, 2018) ("*Riehm*"),[1] pending before the Honorable Joan

H. Lefkow, and *David Prentice v. Diplomat Pharmacy, Inc. et al.*, No. 1:19-cv-02635 (N.D. Ill.,

transferred from C.D. Cal. on Apr. 18, 2018) (*"Prentice"*), pending before the Honorable Elaine

E. Bucklo.[2]  *Riehm and Prentice* are substantially identical to the complaint in this case

("*Mortimer*") in several important ways: they involve identical alleged classes, they allege the

---

[1] A true and correct copy of the *Riehm* complaint is attached hereto as Ex. A.

[2] A true and correct copy of the *Prentice* complaint is attached hereto as Ex. B.

same causes of action against largely the same defendants, and they allege claims arising from the same nucleus of facts – i.e., Diplomat's filings with the Securities Exchanges Commission ("SEC") and public announcements between February 26, 2018 and February 21, 2019. Any differences between these three actions pale in comparison to their substantial similarity. Indeed, the parties to the *Riehm* and *Prentice* actions agreed to the transfer of those actions to this Court so that, among other things, all of these substantially identical cases could be consolidated and proceed efficiently together. The reassignment of *Riehm* and *Prentice* before this Court would result in a substantial saving of judicial time and effort, particularly because it would avoid the consideration and designation by multiple judges of "lead plaintiffs" over an identical class. As explained more fully below, under Federal Rule of Civil Procedure 42 and Local Rule 40.4, *Riehm and Prentice* should be reassigned to this Court and consolidated with this action.[3]

## BACKGROUND

On March 12, 2019, Chase Mortimer initiated this case by filing a putative securities class action complaint against Diplomat and certain of its current and former officers. (*Mortimer* Compl. ¶ 1, Dkt. 1). The *Mortimer* complaint alleges violations of Section 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder. (*Id.* ¶¶ 1, 2.) Specifically, the complaint alleges that Defendants made certain allegedly misleading statements regarding the integration and results of Diplomat's pharmacy benefits manager ("PBM") business in Diplomat's filings with the Securities and Exchange Commission ("SEC") and public announcements during the period between February 26, 2018 and February 21, 2019 (the "Class Period"). (*Id.* ¶¶ 24-32.) The action in *Mortimer* was filed on behalf of a

---

[3] Prior to filing this motion, Defendants' counsel conferred with Plaintiffs' counsel in *Mortimer*, *Riehm*, and *Prentice*. All indicated that they do not oppose the relief sought herein.

putative class consisting of all persons, other than Defendants or Diplomat officers and directors and their families or controlled entities, who purchased or otherwise acquired Diplomat securities during that period. (*Id.* ¶ 44.) *Mortimer* seeks damages sustained by Plaintiff and other class members by reason of the alleged violations of the Exchange Act and Rule 10b-5. (*Id.* at 16.)

On February 24, 2019 and March 6, 2019, William Riehm and David Prentice, respectively, initiated similar putative securities class actions, covering exactly the same period and making the same claims. (Ex. A ("*Riehm* Compl.") ¶ 1; Ex. B ("*Prentice* Compl.") ¶ 1.) They name as defendants Diplomat and the former and current officers named in the *Mortimer* action, with the exception of Joel Saban.[4] (*Riehm* Compl. ¶¶ 7-10; *Prentice* Compl. ¶¶ 7-10.) Like *Mortimer*, the *Riehm* and *Prentice* complaints allege that Defendants made certain misleading statements relating to the integration and results of Diplomat's PBM business in the Company's filings with the SEC and public announcements. (*Riehm* Compl. ¶¶ 20-26; *Prentice* Compl. ¶¶ 20-26.) Like Mortimer, Riehm and Prentice filed their complaints on behalf of a putative class consisting of all persons, other than Defendants or Diplomat officers and directors and their families or controlled entities, who purchased or otherwise acquired Diplomat securities during that period. (*Riehm* Compl. ¶¶ 30; *Prentice* Compl. ¶¶ 30.) And like Mortimer, they seek damages "sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein." (*Riehm* Compl. at 16; *Prentice* Compl. at 20.)

On April 4, 2018, Defendants in *Riehm* and *Prentice* filed unopposed motions to transfer those cases to the Northern District of Illinois, so that the cases could be consolidated with *Mortimer* and proceed efficiently in front of a single Court. (*Riehm*, ECF No. 13; *Prentice*, ECF

---

[4] Joel Saban was Diplomat's President from the beginning of the Class Period until his departure from the Company on January 4, 2019. (*Mortimer* Compl. ¶ 9.)

No. 11.) On April 16, 2018, the parties agreed to waive oral argument of those motions. (*Riehm*, ECF No. 18; *Prentice*, ECF No. 16.) On April 18, 2018, the Central District Court of California granted the motions and transferred both cases to the Northern District of Illinois. (*Riehm*, ECF No. 19; *Prentice*, ECF No. 17.)

All three cases are in their early stages. The filing of these related lawsuits has, in turn, been accompanied in each instance by the publication of a notice informing members of the purported plaintiff class of the pendency of the lawsuit and of their ability to move for appointment as lead plaintiff. The deadline for lead plaintiff applications is April 25, 2019.[5] (*See Riehm*, ECF Nos. 13-2, 13-5.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 42 allows a court to consolidate cases if "they involve a common question of law or fact." Consolidation of related matters is expressly contemplated under the Private Securities Litigation Reform Act ("PSLRA"). 15 U.S.C. § 78u-4(a)(3)(B)(ii) ("If . . . any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of lead plaintiff] until after the decision on the motion to consolidate is rendered."). Local Rule 40.4 further allows for reassignment of cases that are "related" as defined in that rule. *See Brunner v. Jimmy John's LLC*, Nos. 14 C 5509, 15 C 1681, 2016 WL 7232560, at *2 (N.D. Ill. Jan. 14, 2016). The analysis under Local Rule 40.4 proceeds in two steps. First, under Local Rule 40.4(a), the Court must find that the two cases are "related"— *i.e.*, both cases "involve some of the same issues of fact or law," L.R. 40.4(a)(2), or "in class action suits, one or more of the classes involved in the cases is or are the same," L.R. 40.4(a)(4). Once

---

[5] This deadline is a function of the requirements established by the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A), and is triggered by the first published notice.

the Court finds that two cases are related, it can proceed to the second step of the analysis, which

asks whether all of the following criteria are met:

> (1) both cases are pending in this Court;
> (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;
> (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and
> (4) the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b). So long as these criteria are met, "two cases need not be absolutely identical to be

suitable for reassignment under Rule 40.4." *BP Corp. N. Am. Inc. v. N. Tr. Investments*, 2009 WL

1684531, at *2 (N.D. Ill. June 15, 2009).

## ARGUMENT

A review of the *Riehm*, *Prentice*, and *Mortimer* complaints shows that both requirements

of Local Rule 40.4 are met here. First, the three cases are undoubtedly related because they involve

"the same class," L.R. 40.4(a)(4) and "some of the same issues of fact or law," L.R. 40.4(a)(2).

Second, because the cases involve the same facts and some of the same legal issues and because

neither case has proceeded past the filing of an initial complaint, all the conditions of Local Rule

40.4(b) are met as well.

## I.     *Mortimer, Riehm*, and *Prentice* Are Related Under Local Rule 40.4(a).

As evidence that the cases are related, all three complaints seek to certify "the same" class.

L.R. 40.4(a)(4). Each plaintiff brought the action on behalf of a class consisting of all persons,

other than Defendants or Diplomat officers and directors and their families or controlled entities,

who purchased or otherwise acquired Diplomat securities during the same period. (*Mortimer*

Compl. ¶ 44; *Riehm* Compl. ¶ 30; *Prentice* Compl. ¶ 30.) The identical nature of the class involved

in each cases establishes that the cases are related. L.R. 40.4(a)(4).

*Riehm*, *Prentice*, and *Mortimer* also are related because they "involve some of the same issues of fact or law." L.R. 40.4(a)(1). As described above, all three cases allege the same violations of Section 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder. (*Compare Mortimer* Compl. ¶¶ 1, 50-55 *with Riehm* Compl. ¶¶ 1, 39-54 *and Prentice* Compl. ¶¶ 1, 38-53.) Specifically, each lawsuit is based on statements in the Form 10-K that Diplomat filed with the Securities and Exchange Commission for the year ended December 31, 2017, and the public announcements that Diplomat made in connection with financial results for the fourth quarter and year-end of 2017, the first three quarters for the year 2018, and a preliminary outlook for the year 2019 – all relating to Diplomat's entry into the PBM market and the performance of its PBM business. (*Mortimer* Compl. ¶¶ 24-32; *Riehm* Compl. ¶¶ 20-26; *Prentice* Compl. ¶¶ 20-26.) The complaints allege that these statements occurred during identical Class Periods: between February 26, 2018 and February 21, 2019. (*Mortimer* Compl. ¶ 1; *Riehm* Compl. ¶ 1; *Prentice* Compl. ¶ 1.) As relief, the complaints seek damages "sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein." (*Mortimer* Compl. at 16; *Riehm* Compl. at 16; *Prentice* Compl. at 20) The complaints therefore raise the same issues of fact. The complaints also raise common issues of law—namely, whether all of the Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5, and whether certain former and current officers violated Section 20(a) the Exchange Act.

That the plaintiff in *Mortimer* names one additional defendant does not alter this conclusion. The claims and parties in both cases "need not neatly overlap." *Brunner v. Jimmy John's, LLC*, 2016 WL 7232560, at *2 (N.D. Ill. Jan. 14, 2016). So long as the requirements of Rule 42 and Local Rule 40.4 are met, it is immaterial that one of the individual defendants in *Mortimer* is not a defendant in *Riehm* or *Prentice*. *See id.* (the requirements of Rule 42 and L.R.

40.4 were met where the defendants in the related cases were not identical); *see also BP Corp. N. Am.*, 2009 WL 1684531, at *2 ("Two cases need not be absolutely identical to be suitable for reassignment under Rule 40.4.").

## II.     All the Criteria in Local Rule 40.4(b) Are Met.

The four conditions for reassignment under Local Rule 40.4(b) are also met.  All three cases are pending in this District, which satisfies Local Rule 40.4(b)(1).  And the earliest case in this District, *Mortimer*, "has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings . . . substantially." L.R. 40(b)(3).  Indeed, all three cases are at the same stage of the proceedings: awaiting the deadline for applications of the lead plaintiff, which are due on April 25, 2019.  Further, all three cases are "susceptible of disposition in a single proceeding." L.R. 40.4(b)(4).  Because *Mortimer*, *Riehm*, and *Prentice* involve the same underlying facts, legal claims, and defendants, the three cases will involve overlapping legal and factual issues as described in Part I, *supra*.

Reassignment of *Prentice* and *Riehm* to this Court and consolidation of the three cases is also likely to "result in a substantial saving of judicial time and effort." L.R. 40.4(b)(2).  Without reassignment of the cases to this Court and consolidation for trial, the parties will be forced to present identical issues to three different judges on everything from discovery disputes to dispositive motions.  Indeed, the substantial overlap of these three cases means that, absent reassignment and consolidation, there is a serious risk of inconsistent rulings and judgments.  It is also plainly inefficient for three courts to hear and resolve many of the same factual and legal disputes.

Reassignment and consolidation are particularly appropriate here given that, as discussed above, the application for "lead plaintiffs" in all three cases are due on April 25, 2019.[6] The notices published by counsel in all three cases refer only to the pendency of the case filed by that counsel. For instance, the notice filed by Plaintiff's counsel refers only to the putative action filed by Mortimer in this Court in connection with providing information as the ability to apply to be lead plaintiff. (*Riehm*, ECF No. 13-7.) Accordingly, absent the reassignment and consolidation of these three lawsuits before a single judge, the prospect exists of three different sets of "lead plaintiff" applications being filed and presented before three different judges (depending upon which notice a potential plaintiff happens to see), all with respect to the *same* set of claims on behalf of the *same* putative class members identified in this action. And, under the PSLRA, each judge could be required to "consider" any lead plaintiff motions within thirty days, i.e., by May 27, 2019 (15 U.S.C. § 78u-4(a)(3)(B)(i)) – even though, at the end of the day, there cannot be multiple appointments of lead plaintiffs to represent the very same putative class with respect to the very same putative claims.

### III.     Consolidation is Appropriate Under the PSLRA and Rule 42.

Rule 42 authorizes a court to consolidate for trial actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The PSLRA also explicitly contemplates the consolidation of actions asserting "substantially the same claim or claims": before a court may appoint a lead plaintiff, the court "shall" render a decision on any party's motion to consolidate

---

[6] Although Local Rule 40.4 states that motions for reassignment "should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved," L.R. 40.4 (c), courts will grant orders to reassign cases involving "different putative class representatives" for an "identically-identified class" at an earlier stage. *Blitzer v. Comdisco, Inc.*, 2001 WL 301139, at *1 (N.D. Ill. Mar. 28, 2001) (granting motion to reassign case before considering lead plaintiff applications); *see also Gorham v. Gen. Growth Properties, Inc.*, 256 F.R.D. 602, 603 (N.D. Ill. 2009), *as supplemented* (Mar. 31, 2009) (three related cases had been reassigned prior to the designation of the lead plaintiff).

the actions. 15 U.S.C. § 78u-4(a)(B)(3)(ii). As explained above, the *Mortimor*, *Riehm*, and

*Prentice* actions are materially identical and involve common questions of law and fact.

Consolidation for trial is appropriate and will reduce the burden on the Court and the parties.

## CONCLUSION

For all these reasons, Defendants respectfully ask that this Court reassign *Riehm* and

*Prentice* to the Honorable Virginia M. Kendall and consolidate *Mortimer*, *Riehm*, and *Prentice* for

trial.

Dated:  April 25, 2019                                Respectfully submitted,


By:  *James W. Ducayet*
      James W. Ducayet
      Nilofer Umar
      David A. Geiger
      SIDLEY AUSTIN LLP
      One South Dearborn Street
      Chicago, Illinois 60603
      (312) 853-7000
      (312) 853 7063 (Fax)

      *Attorneys for Defendants Diplomat*
      *Pharmacy, Inc., Brian T. Griffin, Jeffrey*
      *Park, Joel Saban, and Atul Kavthekar*

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2019, I electronically filed the foregoing Motion for Reassignment and Consolidation and Memorandum in support with the clerk of the court for the Northern District of Illinois, Eastern Division, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.  I further certify that I served by email and mail the foregoing document on the following attorneys:


Phillip Kim
THE ROSEN LAW FIRM
275 Madison Ave., 34th Floor
New York, NY 10016
pkim@rosenlegal.com

Patrick Dahlstrom
Louis Ludwig
POMERANTZ LLP
10 S. LaSalle Street, Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com
lcludwig@pomlaw.com


*/s/ David A. Geiger*
David A. Geiger


-10-