**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CHASE MORTIMER, Individually and on Behalf of All Others Similarly Situated, | Case No: 1:19-CV-01735 |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ALEXANDER VIRGILI FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL** |
| v. | |
| DIPLOMAT PHARMACY, INC., BRIAN T. GRIFFIN, JEFFREY PARK, JOEL SABAN, and ATUL KAVTHEKAR, | |
| Defendants. | Honorable Virginia M. Kendall |
| WILLIAM RIEHM, Individually and on behalf of all others similarly situated, | Case No: 1:19-CV-02631 |
| Plaintiff, | Honorable Joan H. Lefkow |
| v. | |
| DIPLOMAT PHARMACY, INC., BRIAN T. GRIFFIN, JEFFREY PARK, and ATUL KAVTHEKAR, | |
| Defendants. | |
| DAVID PRENTICE, Individually and on Behalf of All Others Similarly Situated, | Case No: 1:19-CV-02635 |
| Plaintiff, | Honorable Elaine E. Bucklo |
| v. | |
| DIPLOMAT PHARMACY, INC., BRIAN T. GRIFFIN, JEFFREY PARK, and ATUL KAVTHEKAR, | |
| Defendants. | |

1

Alexander Virgili ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)      consolidating the related actions;

(b)      appointing Movant as Lead Plaintiff for the Class of all purchasers of the publicly traded securities of Diplomat Pharmacy, Inc. ("Diplomat" or the "Company") during the period from February 26, 2018 through February 21, 2019 inclusive (the "Class Period"); and

(c)      approving Movant's selection of The Rosen Law Firm P.A. as Lead Counsel for the Class, and the law firm of Heffner Hurst as Liaison Counsel for the Class.

## INTRODUCTION AND BACKGROUND

The first of these actions was initiated on February 24, 2019 in the United States District Court for the Central District of California styled as *Riehm v. Diplomat Pharmacy, Inc., et al.,* Case No. 2:19-cv-01399 (C.D. Cal.) (the "*Riehm* Action"). That same day, The Rosen Law Firm issued a PSLRA early notice advising class members of the pendency of the action and the deadline for class members to seek lead plaintiff status. *See* Declaration of Matthew T. Heffner, filed herewith ("Heffner Decl."), Ex. 1.

The second action commenced was *Prentice v. Diplomat Pharmacy, Inc., et al.,* Case No. 2:19-cv-1642 (C.D. Cal.) ("*Prentice* Action") on March 6, 2019. Then, on March 12, 2019, the action *Mortimer v. Diplomat Pharmacy, Inc., et al.,* Case No. 1:19-cv-01735 was initiated in this Court (the "*Mortimer* Action"). On April 18, 2019, the *Riehm* Action and *Prentice* Action were transferred from the Central District of California to the Northern District of Illinois.[1]

---

[1] The *Riehm* Action now has the case number 1:19-CV-02631 before Judge Lefkow and the *Prentice* Action has the case number 1:19-CV-02635 before Judge Bucklo.

Diplomat operates as an independent specialty pharmacy in the United States. In late 2017, Diplomat entered in the pharmacy benefit management ("PBM") business through an acquisition in December 2017 of LDI Holding Company, LLC, doing business as LDI Integrated Pharmacy Services ("LDI Integrated"), and its acquisition in November 2017 of Pharmaceutical Technologies, Inc., doing business as National Pharmaceuticals Services ("National Pharmaceuticals").

The complaints allege that throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Diplomat had downplayed its success in integrating and growing its PBM business, which included LDI Integrated and National Pharmaceutical, two companies Diplomat had acquired in late 2017; (2) consequently, Diplomat would need to record a non-cash impairment charge upwards of approximately $630 million relating to its PBM business and these 2017 acquisitions; (3) due to the foregoing, Diplomat would withdraw its preliminary 2019 full-year outlook issued less than seven weeks prior; and (4) as a result, Defendants' statements about Diplomat's business, operations and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On February 22, 2019, Diplomat filed a Form 8-K with the SEC announcing that it was postponing the release of its annual report on Form 10-K for the fiscal year ended December 31, 2018. The Company said the delay of the Form 10-K was due to a "recent determination" that it would need to record a non-cash impairment charge upward of approximately $630 million relating to the 2017 acquisitions for its PBM business. Diplomat also withdrew its preliminary 2019 full-year outlook provided in January 2019. On this news, shares of Diplomat fell $7.29 per share, or over 56%, to close at $5.87 per share on February 22, 2019, damaging investors.

3

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

### II. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Act. *See*, 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

4

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the class and, therefore, should be appointed Lead Plaintiff.

### A. **Movant's Motion is Timely**

On February 24, 2019, pursuant to § 21D(a)(3)(A)(I) of the PSLRA, The Rosen Law Firm published a notice announcing that a securities class action had been filed against Diplomat and certain of its executive officers, and advising purchasers of Diplomat's securities that they had until April 25, 2019 to file a motion to be appointed as lead plaintiff. *See* Heffner Decl., Ex. 1.

Movant files the instant motion and submits herewith his sworn certification attesting that he is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Heffner Decl., Ex. 2. Movant therefore satisfies the first PSLRA requirement that a putative lead plaintiff either file a complaint or make a motion in response to a published notice.

5

### B.  Movant Has The Largest Financial Interest in the Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. §78u-4(a)(3)(B)(iii).  "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005).  Of the *Lax/Olsten*-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor.  *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period". *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

During the Class Period movant purchased a total of 530 shares of Diplomat securities and suffered losses of $10,700.64. *See* Heffner Decl., Ex. 3. Movant is not aware of any other individual or group that has suffered greater losses in Diplomat securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C.     Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

---

[2]  *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. At the lead plaintiff stage, "[a] wide-ranging analysis under Rule 23 is not appropriate and should be left for consideration of a motion for class certification. This inquiry, therefore, focuses on the qualities of the class representatives enumerated in [Rule] 23(a)(3) and 23(a)(4), that is, typicality and adequacy." *Mayo v. Apropos Tech., Inc.,* No. 01 C 8406, 2002 WL 193393, at *3 (N.D. Ill. Feb. 7, 2002) (citing *Lax.*, 1997 WL 461036, at *6).

### 1. Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Mayo,* 2002 WL 193393 at *4; *In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002) (citations omitted). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Mayo,* 2002 WL 193393 at *4.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the federal securities laws by disseminating false and misleading statements concerning the business, operations and financial prospects of Diplomat. Movant, like all of the members of the Class, purchased Diplomat securities at prices artificially inflated by Defendants' misrepresentations and omissions, and was

damaged thereby. Movant's interests are closely aligned with other Class members' interests. Movant's interests are, therefore, typical of the other members of the Class.

### 2. Movant is Adequate

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a movant's claims and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and has made this motion to be appointed lead plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

    (aa)     will not fairly and adequately protect the interests of the class; or

    (bb)     is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78 u-4(a)(3)(b)(iii)(I).

The presumption that Movant is the most adequate lead plaintiff is not, therefore, subject to rebuttal. Movant has suffered substantial financial losses and believes he has the largest financial interest in this case of any timely lead plaintiff movant. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses defendants could raise against him that would render Movant inadequate to represent

8

the Class. Accordingly, Movant is presumptively the most adequate plaintiff and should be appointed lead plaintiff for the Class. *See In re Cendant Corp.*, 264 F.3d at 268.

### III.     MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm P.A. as Lead Counsel and Heffner Hurst as Liaison Counsel. Both firms are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Heffner Decl., Exs. 4 & 5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable these two law firms to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

### CONCLUSION

For the foregoing reasons, the Movant respectfully requests the Court issue an Order: (i) consolidation the related actions; (ii) appointing the Movant as Lead Plaintiff of the Class; (iii) approving The Rosen Law Firm P.A. as Lead Counsel and Heffner Hurst as Liaison Counsel for the Class; and (iv) granting such other relief as the Court may deem to be just and proper.

Dated: April 25, 2019 Respectfully submitted,

**HEFFNER HURST**

/s/*Matthew T. Heffner*
Matthew T. Heffner
Matthew T. Hurst
30 North LaSalle Street
Twelfth Floor
Chicago, Illinois 60602
Telephone: (312) 346-3466
Fax: (312) 346-2829
Email: mheffner@heffnerhurst.com
Email: mhurst@heffnerhurst.com

Proposed Liaison Counsel for Plaintiff

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
Laurence M. Rosen
275 Madison Avenue, 34th Floor
New York, New York 10118
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

Proposed Lead Counsel for Plaintiff

10

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ *Matthew T. Heffner*

11