**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHASE MORTIMER, Individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:19-cv-1735 |
| v. | ) ) | The Honorable Virginia M. Kendall |
| DIPLOMAT PHARMACY, INC., BRIAN T. GRIFFIN, JEFFREY PARK, JOEL SABAN and ATUL KAVTHEKAR, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| WILLIAM RIEHM, Individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:19-cv-2631 |
| v. | ) ) | The Honorable Joan H. Lefkow |
| DIPLOMAT PHARMACY, INC., BRIAN T. GRIFFIN, JEFFREY PARK, and ATUL KAVTHEKAR, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| DAVID PRENTICE, Individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:19-cv-2635 |
| v. | ) ) | The Honorable Elaine E. Bucklo |
| DIPLOMAT PHARMACY, INC., BRIAN T. GRIFFIN, JEFFREY PARK, and ATUL KAVTHEKAR, | ) ) ) ) ) | |
| Defendants. | ) ) | |

1

2

**MEMORANDUM OF LAW IN SUPPORT OF FEIHUA XU AND FRANK MAZUR'S
MOTION FOR CONSOLIDATION OF ACTIONS, APPOINTMENT AS LEAD
<u>PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL</u>**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 6

STATEMENT OF FACTS ..................................................................................................... 7

ARGUMENT ....................................................................................................................... 10

    I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED ............................... 10

    II.    MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFF................................. 10

    III.   MOVANTS ARE MAKING A TIMELY MOTION IN RESPONSE TO THE
         STATUTORY NOTICE ............................................................................. 11

    IV.   MOVANTS HAVE THE LARGEST FINANCIAL INTEREST IN THE RELIEF
         SOUGHT BY THE CLASS......................................................................... 12

    V.    MOVANTS SATISFY THE REQUIREMENTS OF RULE 23 .............................. 13

        A.    Movants' Claims Satisfy the Typicality Requirement.......................................... 14

        B.    Movant Will Fairly and Adequately Represent the Interests of the Class and is
            Not Subject to Unique Defenses .............................................................. 15

    VI.   MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED.................. 16

CONCLUSION..................................................................................................................... 17

## **TABLE OF AUTHORITIES**

**Cases**

*De La Fuente v. Stokely-Van Camp, Inc.*,
713 F.2d 225 (7th Cir. 1983) ...................................................................... 13

*Green v. Mansour*,
474 U.S. 64 (1985)...................................................................................... 13

*In re Groupon Secs. Litig.*,
2012 U.S. Dist. LEXIS 123899 (N.D. Ill. Aug. 28, 2012)........................... 13

*Johnson v. Tellabs, Inc.*,
214 F.R.D. 225 (N.D. Ill. 2002)............................................................... 6, 14

*Lax v. First Merchants Acceptance Corp.*,
1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 11, 1997) ........................... 13

*Maiden v. Merge Techs., Inc.*,
No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635 (E.D. Wis. Nov. 21, 2006)........................... 11

*Rosario v. Livaditis*,
963 F.2d 1013 (7th Cir. 1992) .................................................................... 13

*Takara Trust v. Molex Inc.*,
229 F.R.D. 577 (N.D. Ill. 2005)............................................................ 13, 14

**Statutes**

15 U.S.C. § 78u-4(a)(1) ................................................................................. 9

15 U.S.C. § 78u-4(a)(3)(A)(i) ................................................................. 10, 11

15 U.S.C. § 78u-4(a)(3)(A)(ii) ...................................................................... 9

15 U.S.C. § 78u-4(a)(3)(B) ................................................................... 5, 9, 14

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ........................................................... 10, 11

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)........................................................... 12

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)................................................................ 10

15 U.S.C. §78u-4(c) ...................................................................................... 12

**Rules**

Fed. R. Civ. P. 23................................................................................... passim

Fed. R. Civ. P. 42(a) ................................................................................................................. 9

Lead Plaintiff Movants Feihua Xu and Frank Mazur (collectively, "Movants") respectfully submit this Memorandum of Law in support of their motion for: (i) consolidation of the above-captioned related actions; (ii) Movants' appointment, pursuant to the Private Securities Litigation Reform Act of 1995, as amended ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), as Lead Plaintiff for the proposed class; and (iii) the Court's approval of Movants' selection of the law firms of Levi & Korsinsky, LLP ("Levi & Korsinsky") and Bragar Eagel & Squire, P.C. ("BES") as Co-Lead Counsel for the proposed class and Wolf Haldenstein Adler Freeman & Herz LLC ("Wolf Haldenstein") as Liaison Counsel.

## PRELIMINARY STATEMENT

The above-captioned actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder by Diplomat Pharmacy, Inc. ("Diplomat" or the "Company"), Chief Executive Officer ("CEO") and Chairman of the board of directors (the "Board"), Brian T. Griffin ("Griffin"), former Interim CEO and member of the Board, Jeffrey Park ("Park"), former President, Joel Saban ("Saban"), and Chief Financial Officer and Treasurer, Atul Kavthekar ("Kavthekar"), (collectively, "Defendants"). Movants are members of the proposed class of investors who purchased Diplomat securities between February 26, 2018 and February 21, 2019, inclusive (the "Class Period") and were impacted by the Company's actions (the "Class"). During the Class Period, Movants purchased 3,800 shares of Diplomat stock, with a total Class Period expenditure of $69,400, at prices that were artificially inflated by Defendants' misrepresentations, thereby suffering damages totaling $47,108.09. *See* Ex. C to the accompanying Declaration of Carl V. Malmstrom, filed contemporaneously herewith ("Malmstrom Decl.").

Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the litigation and who has also made a *prima facie*

showing that they are adequate class representatives under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See generally Johnson v. Tellabs, Inc.*, 214 F.R.D. 225, 228 (N.D. Ill. 2002). Movants, with a loss of over $47,108.09. in connection with their purchases of Diplomat securities during the Class Period, believe they have the largest financial interest in the relief sought in this action. Movants further satisfy the requirements of Rule 23 as they are adequate representatives who will fairly represent the interests of the Class with claims typical of the other Class members. Accordingly, Movants respectfully request that they be appointed as Lead Plaintiff to represent the Class. Additionally, Movants' selection of Levi & Korsinsky and BES as Co-Lead Counsel and Wolf Haldenstein as Liaison Counsel should be approved.

## STATEMENT OF FACTS[1]

Diplomat is a Michigan corporation and its common stock trades on the New York Stock Exchange under the ticker symbol "DPLO." Diplomat is a provider of specialty pharmacy services operating under two reporting segments. The Specialty segment addresses the dispensing, delivery, closing, and reimbursement of clinically intensive, high-cost specialty drugs and their various applications. The Pharmacy Benefit Management ("PBM") segment offers services that help customers to manage complex prescription drug programs.

The Company entered the PBM business in late 2017, with its acquisition of Pharmaceutical Technologies, Inc. doing business as National Pharmaceutical Services ("NPS"), and LDI Holding Company, LLC, doing business as LDI Integrated Pharmacy Services ("LDI"), in November and December 2017, respectively.

On February 26, 2018, Diplomat announced its fourth quarter and 2017 year-end financial results which claimed that the Company's strong performance "reflects the successful

---

[1] The facts as stated herein are taken from the Complaint for Violations of the Federal Securities Laws filed in *Riehm v. Diplomat Pharmacy, Inc. et al.*, Case No. 1:19-cv-2631.

execution" of their business strategy, specifically, the choice to enter the PBM market. The Company subsequently filed a Form 10-K for the fiscal year ended December 31, 2017 (the "2017 10-K") with the SEC, reporting the Company's financial results and position. Defendants Park and Kavthekar signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") attesting to the accuracy of their financial reporting, the disclosure of any material changes to the Company's internal control over financial reporting, and the disclosure of all fraud.

Diplomat launched its own rebranded PBM called CastiaRX on April 30, 2018. CastiaRX was intended to unite Diplomat's specialty pharmacy capabilities with the PBM capabilities of recently acquired LDI and NPS. Shortly afterward, on May 7, 2018, the Company issued a press release that announced the financial results for the first quarter ended March 31, 2018 claiming that the "PBM integration has progressed rapidly." In the Company's August 6, 2018 press release, the Company claimed to have seen strong results from CastiaRX and "continued momentum" in the "growth and profitability initiatives across the entire enterprise." The third quarter press release continued with these claims of growth and profitability, stating that the Company's positive results were a consequence of the Company's ability to successfully execute its growth plan through strong PBM performance.

On January 7, 2019, the Company issued a press release with a preliminary outlook for the 2019 year. The announced Company expectations for 2019 included, among many others, expected revenue between $5.6 billion and $5.8 billion, flat to low-single-digit percent year-over-year adjusted EBITDA growth compared to the midpoint of updated 2018 guidance, achievement of net debt/EBITDA below 3.0x by the end of 2019, and continued sales growth in specialty pharmacy. Defendant Griffin stated that the Company expected "2019 to be characterized by continued growth in specialty and infusion given our payer-focused strategy,

and actions we are taking to return our PBM business to growth." The preliminary outlook also claimed a realignment of the PBM to increase win rates and offset lost business.

However, on February 22, 2019, Diplomat announced that it was postponing the release of its Form 10-K for the fiscal year ended December 31, 2018 by filing a Form 8-K with the SEC. Diplomat also announced that it would be withdrawing the preliminary 2019 full-year outlook that it had provided in January. This announcement was made due to a "recent determination" that the Company would need to record a non-cash impairment charge of approximately $630 million, "equal to a significant portion of the PBM's Goodwill and Definite-lived intangible assets," relating to its 2017 acquisition of the PBM business. Additionally, the Company admitted that execution challenges faced in 2018 continued to affect customer perception resulting in customer losses. Upon the February 22, 2019 announcement, Diplomat stocks plummeted $7.59, or over 56%, to close that day at $5.87 per share.

During the Class Period, Defendants made false and/or misleading statements, and/or failed to disclose that: (1) Diplomat was experiencing significant difficulty integrating and growing its PBM business, which included LDI and NPS, companies Diplomat acquired in late 2017; (2) Diplomat's PBM business was significantly impaired and as a result of material customer losses would need to record a massive non-cash impairment charge relating to its PBM business and the 2017 acquisitions; (3) Diplomat's preliminary 2019 full-year outlook, issued less than seven weeks before being withdrawn, was not accurate and could not be achieved; and (4) as a result, Defendants' statements about Diplomat's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times during the Class Period.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of Diplomat's securities, Movants and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The consolidation of related actions is appropriate where, as here, common questions of law and fact are implicated, and consolidation would prevent unnecessary cost or delay in their adjudication.  Fed. R. Civ. P. 42(a) ("Rule 42(a)").  The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed."  15 U.S.C. § 78u-4(a)(3)(A)(ii).  Thus, the PSLRA does not alter the legal standards for consolidation under Rule 42(a).

Each of the above-captioned actions was filed in this District[2] and alleges similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by Defendants arising from their false and misleading statements.  As such, the above-captioned actions should be consolidated pursuant to Rule 42(a) for all purposes.

### II.  MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of a lead plaintiff in class actions brought under the Exchange Act.  *See* 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for appointment of lead plaintiff).  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members made within 60 days of a published notice of class action.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  The PSLRA provides a

---

[2]  The *Riehm* and *Prentice* actions were originally filed in the U.S. District Court for the Central District of California on February 24, 2019 and March 6, 2019, respectively.  On motions to transfer filed by the Defendants, the actions were moved to the U.S. District Court for the Northern District of Illinois on April 18, 2019.

"rebuttable presumption" that the most "adequate" movant to serve as lead plaintiff is the class member that:

    (aa)    has either filed the complaint or made a motion in response to a notice . . .;

    (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movants are believed to have the largest financial interest in the relief sought in this action among all putative Class members who have filed timely motions for lead plaintiff appointment and otherwise satisfy the requirements of Rule 23. In addition, Movants have selected and retained experienced and competent counsel to represent them and the Class. As such, Movants are entitled to the presumption that they are the most adequate movant to represent all Class Period purchasers of Diplomat stock.

## III. MOVANTS ARE MAKING A TIMELY MOTION IN RESPONSE TO THE STATUTORY NOTICE

On February 24, 2019, pursuant to the PSLRA, counsel for the plaintiff in the first-filed action caused a notice to be published on the *Business Wire* service announcing that a securities class action had been filed against Defendants herein, and advising purchasers of Diplomat stock

11

that they had until April 25, 2019 to file a motion to serve as lead plaintiff. *See* Malmstrom Decl. Ex. A.[3]

Movants have reviewed the complaints filed in the related actions and have timely filed the instant Motion pursuant to the Notice. Movants therefore satisfy the requirement of either filing a complaint or making a motion in response to a published notice.

## IV.    MOVANTS HAVE THE LARGEST FINANCIAL INTEREST IN THE RELIEF SOUGHT BY THE CLASS

The PSLRA provides that the most adequate plaintiff is presumed to be the moving class member that, among other things, "has the largest financial interest in the relief sought by the class." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Maiden v. Merge Techs., Inc.*, No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635, at *13 (E.D. Wis. Nov. 21, 2006) (citation omitted). As demonstrated herein, to the best of their knowledge, Movants have the largest financial interest in the relief sought.

Under the PSLRA, damages are calculated based on: (i) the difference between the purchase price paid for the units and the average trading price of the units on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the units and the average trading price of the units between the date when

---

[3]    The PSLRA provides that within 20 days after the date on which a class action is filed, the plaintiff shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported class:

> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and

> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

the misstatement was corrected and the date on which the plaintiff sold its units, if it sold its units before the end of the 90-day period.  15 U.S.C. §78u-4(c).

As evidenced by the accompanying Loss Charts, (Malmstrom Decl. at C), Movants purchased 3800 shares of Diplomat common stock during the Class Period and have suffered an estimated loss of $47,108.09 as a result of Defendants' misconduct.  Movants have a significant financial interest in this case and are unaware of any other applicant for lead plaintiff that has sustained greater financial losses in connection with transactions in Diplomat common stock during the Class Period.  Therefore, Movants have the "largest financial interest in the relief sought by the class," satisfying the first PSLRA prerequisite for appointment as lead plaintiff and, as further demonstrated *infra*, should be appointed as Lead Plaintiff.

## V.    MOVANTS SATISFY THE REQUIREMENTS OF RULE 23

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 provides that a party may serve as a class representative if the following four requirements are satisfied:

(1)    the class is so numerous that joinder of all members is impracticable;

(2)    there are questions of law or fact common to the class;

(3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two – typicality and adequacy – are considered at this stage. *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 580 (N.D. Ill. 2005). Furthermore, only a "preliminary showing" of typicality and adequacy is required. *See In re Groupon Secs. Litig.*, 2012 U.S. Dist. LEXIS 123899, at *9 (N.D. Ill. Aug. 28, 2012). Consequently, in deciding a motion to appoint lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the appointed lead plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *6 (N.D. Ill. Aug. 11, 1997).

As detailed below, Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiff.

A.      **Movants' Claims Satisfy the Typicality Requirement**

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The typicality requirement, however, does not demand that the representative party be situated identically with all other members of the Class. *See De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232-233 (7th Cir. 1983), *overruled on other grounds by Green v. Mansour*, 474 U.S. 64 (1985). Movants plainly meet the typicality requirement of Rule 23 because: (1) they suffered the same injuries as the absent Class members; (2) they suffered as a result of the same course of conduct by Defendants; and (3) their claims are based on the same legal issues. *See Takara Trust*, 229 F.R.D. at 580.

Movants' claims are identical to, and neither compete nor conflict with, the claims of other Class members. Movants and all the members of the Class purchased Diplomat stock during the Class Period, at prices that were artificially inflated by Defendants' misrepresentations. Accordingly, Movants and the Class members suffered damages because of these purchases. All other persons and entities who purchased Diplomat stock during the Class Period overpaid as a result of the same misconduct that caused Movants' injuries. Here, the legal and factual bases for Movants' claims are typical of the claims of the members of the Class, in that Movants and other Class members must show: (1) whether the federal securities laws were violated by Defendants' acts; (2) whether statements made by Defendants to the investing public during the Class Period misrepresented or omitted material facts concerning the Company's internal accounting controls; and (3) to what extent the members of the Class have sustained damages and the proper measure of damages. Because Movants' claims and injuries arise from the same event or course of conduct that gives rise to the claims of other Class members, Movants satisfy Rule 23's typicality requirement. *See Tellabs*, 214 F.R.D. at 228.

**B.     Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses**

The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative class and whether there is any evidence of antagonism between the interests of the movant and other members of the class. 15 U.S.C. § 78u-4(a)(3)(B); see *Takara Trust*, 229 F.R.D. at 580.).

15

Here, Movants will fairly and adequately represent the interests of the proposed Class. Movants' interests are not antagonistic to those of the Class and are clearly aligned with its members' interests. As detailed above, Movants' claims share substantially similar questions of law and fact with the claims of members of the proposed Class, and Movants' claims are typical of the claims of members of the Class. Further, Movants have demonstrated their commitment to protecting the interests of the Class by signing a certification expressing willingness to serve as a Class representative and provide deposition and trial testimony, if necessary. *See* Malmstrom Decl. Ex. B. In addition, Movants have selected counsel that is highly experienced in prosecuting securities class actions to serve as Co-Lead Counsel. *See* Malmstrom Decl. Exs. D, E & F. Movants suffered substantial losses due to Defendants' alleged misconduct and, therefore, have a sufficient interest in the outcome of this case to ensure vigorous prosecution of the action. *See* Malmstrom Decl. Ex. C. Accordingly, Movants satisfy Rule 23's adequacy requirement.

## VI.  MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the lead plaintiff's selection when necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants selected the law firms of Levi & Korsinsky and BES to serve as Co-Lead Counsel, with Wolf Haldenstein serving as Liaison Counsel. As reflected by their firm résumés, Levi & Korsinsky and BES possess extensive experience and expertise in securities litigation, and the firms have the necessary skills and resources to efficiently and effectively prosecute this action. *See* Malmstrom Decl. Exs. D, E & F. Thus, the Court may be assured that, by granting the Movants' motion, the proposed Class will receive the highest caliber of legal representation.

16

**CONCLUSION**

For all the foregoing reasons, Movants respectfully request that the Court grant their motion to: (i) consolidate the above-captioned actions; (ii) appoint Movants' as Lead Plaintiff for the proposed Class in the consolidated action pursuant to the PSLRA, (iii) approve Movants' selection of the law firms of Levi & Korsinsky and BES as Co-Lead Counsel for the proposed Class, with Wolf Haldenstein serving as Liaison Counsel; and (iv) grant such other and further relief as the Court may deem just and proper.

DATED:  April 25, 2019                    Respectfully Submitted,

**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLC**

By: */s/ Carl V. Malmstrom*
Carl V. Malmstrom
111 W. Jackson St., Suite 1700
Chicago, IL 60604
Telephone: (312) 984-0000
Facsimile: (212) 686-0114
malmstrom@whafh.com

*Liaison Counsel for Movants*

**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins
1111 Summer Street, Suite 403
Stamford, Connecticut 06905
Telephone: (203) 992-4523
Facsimile: (212) 363-7500
shopkins@zlk.com

**BRAGAR EAGEL & SQUIRE, P.C.**
Marion C. Passmore
Melissa A. Fortunato
885 Third Avenue, Suite 3040
New York, NY 10022
Telephone: (212) 308-5858
Facsimile: (212) 214-0506
passmore@bespc.com
fortunato@bespc.com

*Counsel for Movants and Proposed Co-Lead*
*Counsel for the Class*