**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CHASE MORTIMER, Individually and on Behalf of All Other Persons Similarly Situated, | ) ) ) Civil Action No.: 1:19-cv-01735 |
| Plaintiff, | ) ) ) CLASS ACTION |
| v. | ) ) ) Hon. Virginia M. Kendall |
| DIPLOMAT PHARMACY, INC., BRIAN T. GRIFFIN, JEFFREY PARK, JOEL SABAN, and ATAL KAVTHEKAR, | ) ) ) ) ) |
| Defendants. | ) ) |
| WILLIAM RIEHM, Individually and on Behalf of All Other Persons Similarly Situated, | ) ) ) Civil Action No.: 1:19-cv-02631 |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| DIPLOMAT PHARMACY, INC., BRIAN T. GRIFFIN, JEFFREY PARK, JOEL SABAN, and ATUL KAVTHEKAR, | ) ) ) ) ) ) |
| Defendants. | ) ) |

|  |  |
|---|---|
| DAVID PRENTICE, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DIPLOMAT PHARMACY, INC., BRIAN T. GRIFFIN, JEFFREY PARK, JOEL SABAN, and ATUL KAVTHEKAR,<br><br>Defendants. | Civil Action No.: 1:19-cv-02635 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF EUGENE KLABAK FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS .............................................................................................. 2

ARGUMENT................................................................................................................... 3

    I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES........................................................................................................ 3

    II.    KLABAK SHOULD BE APPOINTED LEAD PLAINTIFF................................ 5

        A.    Klabak Is Willing to Serve as Class Representative ................................... 5

        B.    Klabak Has The "Largest Financial Interest"............................................. 6

        C.    Klabak Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ............................................................................ 7

            1.    Klabak's Claims are Typical of the Class...................................... 8

            2.    Klabak Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses................................ 9

    III.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ................................................................................................... 10

CONCLUSION............................................................................................................... 10

i

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bassin v. Decode Genetics, Inc.*,
230 F.R.D. 313 (S.D.N.Y. 2005) ........................................................................................4

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
252 F.R.D. 188 (S.D.N.Y. 2008) ........................................................................................4

*Danis v. USN Communs., Inc.*,
189 F.R.D. 391 (N.D. Ill. 1999) .........................................................................................8

*De La Fuente v. Stokley-Van Camp, Inc.*,
713 F.2d 225 (7th Cir. 1983) ..............................................................................................8

*Gluck v. Cellstar Corp.*,
976 F. Supp. 542 (N.D. Tex. 1997) .....................................................................................7

*Greebel v. FTP Software*,
939 F. Supp. 57 (D. Mass. 1996) ........................................................................................7

*In re Bally Total Fitness Sec. Litig.*,
2005 WL 627960 (N.D. Ill. Mar. 15, 2005) .......................................................................6

*In re Comverse Tech., Inc., Sec. Litig.*,
2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ....................................................6

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) ...................................................4

*In re Motorola Sec. Litig.*,
2003 U.S. Dist. LEXIS 12651 (N.D. Ill. July 16, 2003) .....................................................7

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp.2d 286 (E.D.N.Y. 1998) ..................................................................................6, 7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) ..........................................................................................7

*In re Tronox, Inc. Sec. Litig.*,
262 F.R.D. 338 (S.D.N.Y. 2009) ........................................................................................4

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990) ..............................................................................................4

*Johnson v. Tellabs, Inc.*,
214 F.R.D. 225 (N.D. Ill. 2002)......................................................................................5, 8, 9

*Lax v. First Merchants Acceptance Corp.*,
1997 WL 461036 (N.D. Ill. 1997) .........................................................................................6, 7

*Malcolm v. Nat'l Gypsum Co.*,
995 F.2d 346 (2d Cir. 1993)........................................................................................................4

*Mayo v. Apropos Tech., Inc.*,
2002 U.S. Dist. LEXIS 1924 (N.D. Ill. Feb. 6, 2002) ..............................................................7

*Osher v. Guess ?, Inc.*,
2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) .........................................................10

*Riordan v. Smith Barney*,
113 F.R.D. 60 (N.D. Ill. 1986).................................................................................................9

*Rosario v. Livaditis*,
963 F.2d 1013 (7th Cir. 1992) .................................................................................................8

*Takara Trust v. Molex Inc.*,
229 F.R.D.............................................................................................................................7, 8

## Statutes

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ........................................................................... *passim*

## Rules

Federal Rules of Civil Procedure Rule 23 ........................................................... *passim*

Federal Rules of Civil Procedure Rule 42 .........................................................................1, 3, 4

iii

Movant Eugene Klabak ("Klabak") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Fed. R. Civ. P. 42 for an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Klabak as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired Diplomat Pharmacy, Inc. ("Diplomat" or the "Company") securities between February 26, 2018 through February 21, 2019, both dates inclusive (the "Class Period"); and (3) approving Klabak's selection of Pomerantz LLP and Holzer & Holzer, LLC as Co-Lead Counsel for the Class.

## PRELIMINARY STATEMENT

This is a securities class action lawsuit on behalf of all persons and entities that purchased or otherwise acquired Diplomat securities during the Class Period. This action is brought pursuant to sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5.

Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Klabak believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff in this action. As set forth in more detail below, Klabak, who purchased Diplomat shares during the Class Period, has a significant financial interest in the relief sought in this action, having sustained a loss of $21,756, and is adequate and typical to serve as Lead Plaintiff.  Klabak further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, as he is an adequate class representative with claims typical of

1

the other Class members. Accordingly, Klabak respectfully submits that he should be appointed Lead Plaintiff.

## STATEMENT OF FACTS

As alleged in the complaints in the Related Actions, Diplomat operates as an independent specialty pharmacy in the United States. Diplomat stocks, dispenses, and distributes prescriptions for various biotechnology and specialty pharmaceutical manufacturers. It also provides specialty infusion pharmacy, patient care coordination, clinical, compliance and persistency program, patient financial assistance, specialty pharmacy training/consulting, benefits investigation, prior authorization, risk evaluation and medication strategy, retail specialty, and hub services, as well as clinical and administrative support services to hospitals and health systems.

In late 2017, the Company entered the pharmacy benefit management ("PBM") business through its December 2017 acquisition of LDI Holding Company, LLC, doing business as LDI Integrated Pharmacy Services ("LDI Integrated"), and its November 2017 acquisition of Pharmaceutical Technologies, Inc., doing business as National Pharmaceutical Services ("National Pharmaceutical").

Diplomat's PBM segment purports to "provide[] services designed to help [its] customers reduce the cost and manage the complexity of their prescription drug programs." On April 30, 2018, Diplomat launched a new brand, CastiaRx, which united its specialty pharmacy capabilities with its PBM capabilities of LDI Integrated and National Pharmaceutical to serve as a specialty benefit manager.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements

2

and/or failed to disclose that: (1) Diplomat had downplayed its success in integrating and growing its PBM business, which included LDI Integrated and National Pharmaceutical, two companies Diplomat had acquired in late 2017; (2) consequently, Diplomat would need to record a non-cash impairment charge upwards of approximately $630 million relating to its PBM business and these 2017 acquisitions; (3) due to the foregoing, Diplomat would withdraw its preliminary 2019 full-year outlook issued less than seven weeks prior; and (4) as a result, defendants statements about Diplomats business, operations and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

On February 22, 2019, Diplomat filed a Form 8-K with the SEC, announcing it was postponing the release of its Form 10-K for the fiscal year ended December 31, 2018, due to a ''recent determination'' that it would need to record a non-cash impairment charge upwards of approximately $630 million relating to 2017 acquisitions for its PBM business. Diplomat also disclosed that it was withdrawing its preliminary 2019 full-year outlook provided in January.

On this news, shares of Diplomat fell $7.59, or over 56%, to close at $5.87 per share on February 22, 2019.

**ARGUMENT**

I.      **THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES**

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a). See also Manual for Complex Litigation (Third), § 20.123 (1995).

3

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact. *See* Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4–8 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action was brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that defendants issued materially false and misleading statements and omissions that artificially inflated the price of the Company's securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 U.S. Dist. LEXIS 69133), at *5 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

## II.      KLABAK SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Johnson v. Tellabs, Inc.*, 214 F.R.D. 225, 227-228 (N.D. Ill. 2002).

As set forth below, Klabak satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff.

### A.      Klabak Is Willing to Serve as Class Representative

On February 24, 2019, counsel in the first-filed Related Action caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which

announced that a securities class action had been filed against the defendants herein, and advised investors in Diplomat securities that they had until April 25, 2019 to file a motion to be appointed as Lead Plaintiff. *See* Declaration of Jeremy A. Lieberman in Support of Eugene Klabak's Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Counsel ("Lieberman Decl."), Ex. A.

Klabak has filed the instant motion pursuant to the Notice, and has attached a Certification attesting he is willing to serve as class representative for the Class and provide testimony at depositions and trial, if necessary. *See* Lieberman Decl., Ex. B.

### B. Klabak Has The "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). *See In re Bally Total Fitness Sec. Litig.*, 2005 WL 627960, at \*5 (N.D. Ill. Mar. 15, 2005) (holding that institutional investor claiming greatest losses therefore had the largest financial interest).

As of the time of the filing of this motion, Klabak believes that he has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case from this district *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at \*5 (N.D. Ill. 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[1]

During the Class Period, Klabak (1) purchased 2,500 shares of Diplomat stock; (2) expended $36,320 on his purchases of Diplomat securities; (3) retained all of his Diplomat

---

[1] *See also In re Olsten Corp. Sec. Litig.,* 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at \*22-\*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "*Lax-Olsten factors*").

shares; and (4) suffered a loss of $21,756 as a result of the disclosures of the fraud. *See* Lieberman Decl., Ex. C. *See also In re Olsten*, 3 F. Supp.2d at 296; *Lax*, 1997 U.S. Dist. LEXIS 11866, at *7-*8. *Accord Mayo v. Apropos Tech., Inc.,* 2002 U.S. Dist. LEXIS 1924, at *10 (N.D. Ill. Feb. 6, 2002). Because Klabak possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

> **C.      Klabak Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is (2) impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997). *See Takara Trust v. Molex Inc.*, 229 F.R.D. at 580; *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296; *In re*

*Motorola Sec. Litig.*, 2003 U.S. Dist. LEXIS 12651, at \*10 (N.D. Ill. July 16, 2003); *Johnson*, 214 F.R.D. 225, at 228 (noting that when selecting the lead plaintiff, "typicality and adequacy of representation are the only relevant considerations.").

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). *See Takara Trust*, 229 F.R.D. at 580, *quoting De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). "A class is typical if it arises from the same event or course of conduct that gives rise to claims of other class members and all claims are based on the same legal theory." *Danis*, 189 F.R.D. at 395. *See Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Indeed, the "similarity of legal theory may control even where factual distinctions exist between the claims of the named representatives and the other class members." *Danis*, 189 F.R.D. at 395.

### 1. Klabak's Claims are Typical of the Class

Klabak's claims are typical of those of the Class. He alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Diplomat, or omitted to state material facts necessary to make the statements they did make not misleading. Klabak, as did all members of the Class, purchased Diplomat securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosures of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

8

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)). *See Johnson*, 214 F.R.D. at 228-229 (highlighting that the adequacy requirement will be met where a movant demonstrates that "(1) his claims are not antagonistic or in conflict with those of the class; (2) he has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) he is represented by competent, experienced counsel who be able to prosecute the litigation vigorously."

Klabak has submitted a certification declaring his commitment to protect the interests of the class. Further, there is no evidence of antagonism or conflict between Klabak and the class. Klabak's significant loss demonstrates that he has a sufficient interest in the outcome of the case. Additionally, as explained below, Klabak's proposed Co-Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Therefore, Klabak meets the adequacy requirement of Rule 23.

### 2. Klabak Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Klabak as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

9

Klabak's ability and desire to fairly and adequately represent the Class have been discussed above. Klabak is not aware of any unique defenses defendants could raise that would render him inadequate to represent the Class. Accordingly, Klabak should be appointed Lead Plaintiff for the Class.

## III. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C.§ 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Diplomat has selected Pomerantz and Holzer as Co-Lead Counsel. Pomerantz and Holzer are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' resumes. *See* Lieberman Decl., Exs. D & E. As a result of the firms' extensive experiences in litigation involving issues similar to those raised in this action, Klabak's counsel have the skill and knowledge necessary to enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Klabak's selection of Co-Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Klabak respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Klabak as Lead Plaintiff on behalf of all

persons who purchased or otherwise acquired Diplomat securities between February 26, 2018 through February 21, 2019, both dates inclusive; and (3) approving Klabak's selection of Pomerantz and Holzer as Co-Lead Counsel for the Class.

Dated: April 25, 2019

Respectfully submitted,

*/s/ Jeremy A. Lieberman*
**POMERANTZ LLP**
Jeremy A. Lieberman
Alex Hood
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
         ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

*Counsel for Movant and Proposed*
*Co-Lead Counsel for the Class*

**HOLZER & HOLZER, LLC**
Corey D. Holzer
1200 Ashwood Parkway
Suite 410
Atlanta, Georgia 30338
Telephone: (770) 392-0090
Facsimile: (770) 392-0029
Email: cholzer@holzerlaw.com

*Counsel for Movant and Proposed*
*Co-Lead Counsel for the Class*

11