# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ILLINOIS

# EASTERN DIVISION

| | |
|---|---|
| CHASE MORTIMER, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>v.<br><br>DIPLOMAT PHARMACY, INC., BRIAN T. GRIFFIN, JEFFREY PARK, JOEL SABAN, and ATAL KAVTHEKAR,<br><br>                              Defendants. | Civil Action No.  1:19-cv-01735<br><br>CLASS ACTION<br><br>Judge Virginia M. Kendall |
| WILLIAM RIEHM, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>v.<br><br>DIPLOMAT PHARMACY, INC., BRIAN T. GRIFFIN, JEFFREY PARK, and ATUL KAVTHEKAR,<br><br>                              Defendants. | Civil Action No.  1:19-cv-02631<br><br>CLASS ACTION<br><br>Judge Joan H. Lefkow |

[Caption continued on the next page.]

1119912 V1

| | |
|---|---|
| DAVID PRENTICE, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:19-cv-02635 |
| | CLASS ACTION |
| Plaintiff, | Judge Elaine E. Bucklo |
| v. | |
| DIPLOMAT PHARMACY, INC., BRIAN T. GRIFFIN, JEFFREY PARK, and ATUL KAVTHEKAR, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ARSANY GIRGIS TO CONSOLIDATE RELATED CASES, APPOINT LEAD PLAINTIFF, AND APPROVE SELECTION OF LEAD COUNSEL**

1119912 V1

Arsany Girgis ("Mr. Girgis" or "Movant") respectfully submits this Memorandum of Law in support of his Motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for entry of an Order: (1) consolidating the above-captioned actions (the "Related Actions"); (2) appointing Movant as Lead Plaintiff on behalf of all persons or entities who purchased or otherwise acquired the securities of Diplomat Pharmacy, Inc. ("Diplomat", "DPLO", or the "Company") from February 26, 2018 through February 21, 2019, both dates inclusive; (3) approving Movant's selection of the law firm of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel for the class; and (4) granting such other and further relief as the Court may deem just and proper.

## I. INTRODUCTION

Pending before the Court are three related securities class action lawsuits (the "Related Actions") filed against Diplomat Pharmacy, Inc., Brian T. Griffin, the Company's Chief Executive Officer ("CEO") and Chairman of its Board of Directors (the "Board"), Jeffrey Park, the Company's Interim CEO from January 5, 2018 until May 2018, Joel Saban, the Company's President from February 26, 2018 until January 4, 2019, and Atul Kavthekar, who temporarily served as the Company's interim CEO from May 2018 until June 4, 2018 and has served as the Company's Chief Financial Officer ("CFO") and Treasurer since May 1, 2017 (collectively, "Defendants"). The three Related Action complaints each allege that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5. The complaints additionally allege many, if not all, of the same materially false statements and allege identical class periods.

- 1 -

Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions prior to selecting a plaintiff to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve similar issues of law and fact.

Additionally, the PSLRA states that, the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class member." 15 U.S.C. §78u-4(a)(3)(B)(i). Movant should be appointed as lead plaintiff because he: (1) timely filed this Motion; (2) has the largest known financial interest in the relief sought; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also Charles Dechter Family Tr. v. Anicom, Inc.*, No. 00 CV 4391, 2000 WL 1499279, at \*1 (N.D. Ill. Oct. 3, 2000).

Movant respectfully submits that, pursuant to the Securities Act and the Exchange Act, as amended by the PSLRA, Movant should be appointed to serve as Lead Plaintiff on behalf of the putative Class. To the best of Movant's knowledge, he has the largest financial interest of any movant properly before the Court, having suffered a loss of approximately $156,079.32, whether calculated on a first-in-first-out ("FIFO") basis or last-in-last-out ("LIFO") basis. *See* Certifications and Loss Charts, Declaration of Reed R. Kathrein ("Kathrein Decl."), Exhibits ("Ex.") A and B, submitted herewith.

In light of these significant losses, Movant has a large financial interest in prosecuting this case – an interest believed to be greater than that of any competing movant for the relevant time period. Movant also meets the typicality and adequacy requirements set out in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), because the claim is typical of those of absent

- 2 -

Class members and because Movant will fairly and adequately represent the interests of the proposed Class. Like the other members of the putative Class, Movant seeks recovery of losses incurred as a result of the decline in the price of DPLO securities purchased on NASDAQ in the United States.

Finally, the Court should approve Movant's selection of Hagens Berman to serve as Lead Counsel for the class. The claims of the proposed Class will be best protected by the experience and resources of Hagens Berman, which has the expertise and resources necessary to handle litigation of this scale.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

On February 24, 2019, the first of the two Related Actions, *Riehm v. Diplomat, et al.*, Case No. 2:19-cv-01369, was filed in the United States District Court for the Central District of California by plaintiff William Riehm, individually and on behalf of all purchasers of Diplomat securities between February 26, 2018 through February 21, 2019. A second and third action, *Prentice v. Diplomat, et al.*, Case No. 1:19-cv-02635 (filed on March 6, 2019 by plaintiff David Prentice)[1], *Mortimer v. Diplomat, et al.*, Case No. 1:19-cv-01735 (filed on March 12, 2019 by plaintiff Chase Mortimer), were filed thereafter. The gravamen of each of the Related Actions is Defendants' violations of federal securities laws for false and/or misleading statements regarding the integration and growth of the Company's Pharmacy Benefit Management ("PBM") business and the corresponding need to record a massive non-cash impairment charge relating to its PBM business and 2017 acquisitions. These false and/or misleading statements caused the price of

---

[1] The two earlier cases were later transferred to the United States District Court for the Northern District of Illinois. *See* Ruling on Motion to Transfer Case to U.S. District Court for the Northern District of Illinois, Case No. 2:19-cv-01369, ECF No. 19 and Case No. 1:19-cv-02635, ECF No. 17.

DPLO securities to be artificially inflated, and thereby resulted in the damages suffered by Movant and the other members of the class.

On February 24, 2019, William Riehm's counsel published a notice of pendency of that action over the national wire service, *BusinessWire*. Kathrein Decl., Ex. C (Published Notice). That notice advised class members of the existence of the lawsuit and described the claims asserted. Consistent with the terms of the PSLRA, Movant filed a timely motion for appointment as Lead Plaintiff and for approval of Movant's selection of lead counsel within 60 days from the publication of the notice of pendency.

### III. ARGUMENT

**A. The Related Actions Should Be Consolidated**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). To date, Movant is aware of the three above-captioned Related Actions in this District against Defendants. Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *Mayo v. Apropos Tech., Inc.*, No. 01 C 8406, 2002 193393, at *2 (N.D. Ill. Feb. 7, 2002) (consolidating securities class actions); *Dollens v. Zionts*, Case No. 01 C 5931, Case No. 01 C 2826, 2001 WL 1543524, at *2 (N.D. Ill. Dec. 4, 2001) (same). Here the Related Actions are based upon the same alleged misconduct, name essentially the same Defendants, allege the same class period, and assert many of the same claims. Consolidation, therefore, is appropriate. *Id.*

### B. Movant Should Be Appointed Lead Plaintiff

#### 1. The Governing Law of the PSLRA

The PSLRA establishes the procedures for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); see also 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA requirements are both procedural and substantive. *Id.* The Court:

> (s)hall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be ***most capable of adequately representing*** the interests of class members in accordance with this subparagraph.

15 U.S.C. § 77z-1(a)(3)(B)(i) and 15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

The PSLRA provides that the Court shall adopt a rebuttable presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii) and 15 U.S.C. § 78u-4(a)(3)(B)(iii). Congress' goal in enacting the PSLRA was to empower investors to "have greater control over their class action cases."[2] Movant meets these requirements and should, therefore, be appointed Lead Plaintiff.

#### 2. Movant's Motion is Timely

The pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.

---

[2] *See* 141 Cong. Rec. S8895 (Sen. D'Amato) ("the legislation empowers investors so that they, not their lawyers, have greater control over their class action cases") (June 22, 1995).

15 U.S.C. § 78u-4(a)(3)(A)(i). The notice published in this action on February 24, 2019 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff by April 25, 2019. *See* Notice, Kathrein Decl., Exhibit C. Because Movant's motion has been timely filed (*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa)), Movant is entitled to be considered for appointment as Lead Plaintiff.

> **3.** **Movant has the Largest Financial Interest in the Relief Sought by the Class**

In deciding "the largest financial interest in the relief sought by the class," courts in this district tend to consider four criteria, known as the Lax factors: (i) the gross number of shares purchased; (ii) the net number of shares purchased; (iii) the net funds spent; and (iv) the net loss suffered. *Lax v. First Merch. Acceptance Corp.*, 97-CIV-2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). Courts generally find the fourth factor to be the "most salient factor in assessing the lead plaintiff." *Bristol Cty. Ret. Sys. v. Allscripts Healthcare Sols., Inc.*, No. 12 C 3297, 2012 WL 5471110, at *2 (N.D. Ill. Nov. 9, 2012) (*citing Lax*, 1997 WL 461036, at *5).

During the Class Period, Movant expended $255,000.00 purchasing 17,000 DPLO shares on NASDAQ during the Class Period at artificially inflated prices and suffered losses of $156,079.32, whether calculated on a FIFO or LIFO basis. *See* Certifications and Loss Charts, Kathrein Decl., Exs. A, B. To the best of Movant counsel's knowledge, there is no other plaintiff with a larger financial interest than Movant. Therefore, Movant satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the Class.

> **4.** **Movant Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure at This Stage**

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  At the lead plaintiff appointment stage of the litigation, in contrast to the class certification stage, a proposed lead plaintiff need only make a "preliminary showing" that it satisfies the typicality and adequacy requirements of Rule 23.  *Johnson v. Tellabs, Inc.*, 214 F.R.D. 225, 228 (N.D. Ill. 2002); see also *In re Motorola Sec. Litig.*, No. 03 C 287, 2003 WL 21673928, at *3 (N.D. Ill. July 16, 2003) ("In selecting the lead plaintiff under the PSLRA, however, typicality and adequacy of representation are the only relevant considerations.") (citing Tellabs, Inc., 214 F.R.D. at 228).  Under Rule 23(a), a class member's claims are typical if they "arise[ ] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory."  *Sokolow v. LJM Funds Mgmt.*, No. 18-cv-01039, 2018 WL 3141814, at *6 (N.D. Ill. June 26, 2018) (*citing Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998)).

The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have claims that are antagonistic or in conflict with those of the class, has sufficient interest in the outcome of the case to ensure zealous advocacy, and is represented by competent, experienced, and capable counsel.  *Motorola*, 2003 WL 21673928, at *4.

### a.  Movant is Typical

Movant purchased a substantial amount of the securities of DPLO during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and suffered damages when the truth was finally revealed to the market.  Movant claims therefore arise from the same factual predicate as those in the complaints.  *See Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992).  Accordingly, Movant satisfies the typicality requirement.

### b. Movant is Adequate

First, there is no conflict between Movant and the Class. Both Movant and the Class seek to recover losses caused by the Defendants' fraud. Second, as explained below, Movant has selected a highly qualified firm with significant experience prosecuting class action lawsuits under the federal securities laws to serve as Lead Counsel for the Class, which he will actively oversee.

Thus, Movant has demonstrated an ongoing cooperation and ability to effectively oversee this litigation. Moreover, Movant is not subject to impediments or unique defenses and there is no evidence that he seeks anything other than the greatest recovery for the class consistent with the merits of the claims.

Movant has also evinced his ability to adequately represent the Class by selecting counsel experienced with litigating securities class action claims in federal court. As such, Movant satisfies the typicality and adequacy requirements at this stage.

### C. The Court Should Approve Movant's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Hagens Berman to serve as Lead Counsel for the proposed Class. Hagens Berman has previously been appointed as lead counsel and has a demonstrated ability to work in an efficient fashion in the class's best interests. *See* Hagens Berman Firm Résumé, Kathrein Decl., Exhibit D. Courts rely on counsel's past experience when determining whether the lead plaintiff's selection is appropriate. *See Chandler v. Ulta Beauty, Inc.*, No. 18-cv-1577, 2018 WL 3141763, at *6 (N.D. Ill. June 26, 2018) ("Given the extensive experience of [proposed

- 8 -

Lead Counsel] in the area of securities law, the Court approves them as counsel in this case."). Hagens Berman is one of the country's leading securities litigation firms, advising clients in both individual and class-action cases. *See* Ex. D at page 31. Hagens Berman has served as Lead Counsel or Co-lead Counsel in several high-profile securities class actions, including actions against Theranos, Inc., Aequitas Commercial Finance, LLC, China MediaExpress Holdings, Inc. and Altisource Asset Management Corporation. *See* Ex. D at page 32. Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Movant as Lead Plaintiff pursuant to the PSLRA; (3) approve Movant's selection of Hagens Berman to serve as Lead Counsel for the putative/proposed Class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED: April 25, 2019

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By */s/ Reed R. Kathrein*
    Reed R. Kathrein

Reed R. Kathrein
Danielle Smith
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
danielles@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101

- 9 -

Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Counsel for Proposed Lead Plaintiff*

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Reed R. Kathrein*
REED R. KATHREIN