UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| CHASE MORTIMER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:19-cv-01735 **(Consolidated)** |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) | Honorable Virginia M. Kendall |
| DIPLOMAT PHARMACY, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

THE PENSION FUND'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

## I.       INTRODUCTION

Four motions are pending before the Court filed by movants seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").[1]  Only one satisfies all of the statutory criteria for appointment: the Pension Fund.  Indeed, the Pension Fund filed a timely motion, has the largest financial interest, and satisfies the Rule 23 requirements.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  Moreover, the Pension Fund is the only institutional investor that has sought appointment as lead plaintiff and is the only movant with prior experience serving as lead plaintiff in securities cases.

By contrast, each of the competing movants has a significantly smaller financial interest than the Pension Fund:

| *Movant* | *Loss* |
|---|---:|
| **The Pension Fund** | **$220,005** |
| Arsany Girgis | $130,006 |
| Feihua Xu and Frank Mazur | $47,108 |
| Eugene Klabak | $21,756 |

*See* ECF Nos. 26-3, 46, 24-3, 19-3, respectively.  In addition, the next closest movant, Mr. Girgis, is an unknown individual who filed an admittedly false Certification.  *Compare* ECF No. 31-1 (identifying one purchase on a single day, a Saturday) *with* ECF No. 45 (identifying 30 purchases, including two post-Class Period purchases, as well as 16 sales, on various dates).  Beyond the false Certification, Mr. Girgis also disclosed post-Class Period purchases that defendants will contend

---

[1]        The four remaining movants are: (1) the Iron Workers Local No. 25 Pension Fund (the "Pension Fund"); (2) Arsany Girgis; (3) Eugene Klabak, and; (4) Feihua Xu and Frank Mazur.  A fifth movant, Andrew Virgili, withdrew his motion on April 29, 2019.  *See* ECF No. 37.  Mr. Klabak recognized that he "does not appear to have the largest financial interest in the Related Actions" and did not oppose the competing motions.  *See* ECF No. 50.  Xu and Mazur likewise recognized that "they do not have the 'largest financial interest' as required" by the PSLRA.  *See* ECF No. 51.  Unless otherwise noted, all emphasis is added and citations are omitted herein.

negates his typicality.  *See infra* §II.B.  Thus, even if he could claim the largest financial interest (which he cannot), Mr. Girgis could not trigger the PSLRA's most adequate plaintiff presumption. His motion should therefore be denied.  Likewise, the motions filed by the remaining movants with smaller losses than the Pension Fund's loss should also be denied.

## II.    ARGUMENT

"The PSLRA creates a rebuttable presumption that the most adequate plaintiff is the person or group of persons that: (1) either has filed the complaint or made a motion in response to a notice; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23."  *Bang v. Acura Pharm., Inc.*, 2011 WL 91099, at *2 & n.2 (N.D. Ill. Jan. 11, 2011) (noting that the "Rule 23 analysis is limited to the typicality and adequacy of the proposed lead plaintiff").  "This presumption may be rebutted if there is proof that the presumptively most adequate lead plaintiff either will not fairly and adequately protect the class' interests or is subject to some unique defense that renders the lead plaintiff incapable of adequately representing the class." *Id.* at *2.

### A.    None of the Competing Movants Possess the Largest Financial Interest

"To determine which plaintiff has the largest financial interest, courts look to the plaintiff with the greatest net loss during the proposed class period." *Bang*, 2011 WL 91099, at *2.  Here, there can be no dispute that the Pension Fund suffered the greatest net loss during the Class Period:

- 2 -

| Movant | Loss |
|---|---|
| **The Pension Fund** | **$220,005** |
| Arsany Girgis | $130,006 |
| Feihua Xu and Frank Mazur | $47,108 |
| Eugene Klabak | $21,756 |

*See* ECF Nos. 26-3, 46, 24-3, 19-3, respectively.

In addition to possessing the greatest financial interest, the Pension Fund also satisfies the Rule 23 requirements. *See* ECF No. 30 at 7-8. The Pension Fund's claims are typical because, like all members of the putative class, it purchased Diplomat Pharmacy, Inc. securities during the Class Period and claims it sustained losses resulting from defendants' false and misleading statements and/or omissions. The Pension Fund is also an adequate representative for the proposed class because it has a substantial financial interest in the outcome of the action, thus demonstrating that its interest is aligned with those of the class. In addition, the Pension Fund has selected highly experienced trial counsel located in this District that is committed to zealously and efficiently prosecuting this case to a successful conclusion. And, given that the "'PSLRA was enacted with the explicit hope that institutional investors . . . would step forward to represent the class and exercise effective management and supervision of the class lawyers,'" the Pension Fund is well suited to adequately represent the class. *In re Bally Total Fitness Sec. Litig.*, 2005 WL 627960, at *2-*5 (N.D. Ill. Mar. 15, 2005). Not only is the Pension Fund a sophisticated institutional investor, but it is also experienced in fulfilling the duties of a lead plaintiff and class representative in securities class actions. *See In re Banc of California Sec. Litig.*, 326 F.R.D. 640, 647 (C.D. Cal. 2018) (certifying class of investors and appointing the Pension Fund as class representative).

"Once the most adequate plaintiff has been presumed, the PSLRA provides for that presumption to be 'rebutted only upon proof by a member of the purported class' that the

presumptively most adequate plaintiff: (1) will not fairly and adequately protect the interests of the class; or (2) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Bang*, 2011 WL 91099, at *5. Importantly, the "'question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a "fair and adequate" job.'" *Id.* Here, no movant will be able to credibly challenge the Pension Fund's presumptive status with the requisite proof. Consequently, the competing motions should be denied.

### B. Mr. Girgis Does Not Satisfy the Rule 23 Requirements

Even if Mr. Girgis could rebut the presumption in the Pension Fund's favor, he could not be appointed lead plaintiff as he does not satisfy the Rule 23 requirements. First, Mr. Girgis filed a Certification under oath falsely listing one purchase of 17,000 shares of Diplomat stock at $15 per share on August 11, 2018:

4. Plaintiff has made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action except those set forth below:

| Acquisitions | Date Acquired | No. Shares Acquired | Acquisition Price Per Share |
|---|---|---|---|
| DPLO | 08/11/2018 | 17000 | 15 |
| | | | |
| | | | |
| | | | |
| | | | |

| Sales | Date Sold | No. Shares Sold | Selling Price Per Share |
|---|---|---|---|
| DPLO | - | YeS | - |
| | | | |
| | | | |
| | | | |
| | | | |

- 4 -

*See* ECF No. 31-1.[2]  In fact, when he "declare[d] under penalty of perjury under the laws of the United States of America that the foregoing is true and correct," he had to have known he did not purchase *any* Diplomat stock on that day or at that price, but instead made more than 30 purchases at prices other than $15, as well as 16 sales on multiple dates:

| | PURCHASES | | | | SALES | | |
|---|---|---|---|---|---|---|---|
| | Date | Shares | Share Price | | Date | Shares | Share Price |
| Pre-Class Held | | | | | | | |
| Class Period Purchases | 11/12/18 | 5,000 | $16.8200 | | 11/26/18 | 5,000 | $15.1700 |
| | 11/14/18 | 5,000 | $15.8000 | | 11/30/18 | 5,000 | $15.3200 |
| | 11/19/18 | 5,000 | $15.0700 | | 12/04/18 | 5,000 | $15.9000 |
| | 11/30/18 | 5,000 | $15.2000 | | 12/07/18 | 9,563 | $16.0600 |
| | 12/06/18 | 5,000 | $15.3500 | | 12/20/18 | 10,000 | $12.7500 |
| | 12/07/18 | 4,563 | $15.6000 | | 12/31/18 | 5,000 | $13.3000 |
| | 12/10/18 | 5,000 | $14.8500 | | 01/03/19 | 500 | $13.3000 |
| | 12/31/18 | 5,000 | $13.2400 | | 01/15/19 | 5,000 | $13.3000 |
| | 01/03/19 | 500 | $13.2000 | | 01/15/19 | 4,009 | $13.2500 |
| | 01/07/19 | 5,000 | $13.2000 | | 01/16/19 | 5,000 | $13.3200 |
| | 01/07/19 | 500 | $12.8000 | | 01/17/19 | 5,000 | $13.3500 |
| | 01/07/19 | 500 | $12.6000 | | 01/22/19 | 10,000 | $13.5700 |
| | 01/08/19 | 500 | $12.5000 | | 01/24/19 | 5,000 | $13.7200 |
| | 01/10/19 | 3,500 | $13.1800 | | 01/28/19 | 5,000 | $13.4500 |
| | 01/15/19 | 4,009 | $13.1200 | | 02/01/19 | 5,000 | $13.3900 |
| | 01/17/19 | 5,000 | $13.2500 | | 02/04/19 | 1,000 | $14.2000 |
| | 01/17/19 | 5,000 | $13.2900 | | | | |
| | 01/17/19 | 5,000 | $13.2600 | | | 85,072 | Total Shares Sold |
| | 01/24/19 | 5,000 | $13.4800 | | | | |
| | 01/28/19 | 5,000 | $13.4000 | | | | |
| | 01/29/19 | 10,000 | $13.4000 | | | | |
| | 02/01/19 | 5,000 | $13.3200 | | | | |
| | 02/04/19 | 200 | $14.1900 | | | | |
| | 02/05/19 | 2,000 | $13.9000 | | | | |
| | 02/05/19 | 200 | $13.8000 | | | | |
| | 02/05/19 | 800 | $14.1500 | | | | |
| | 02/06/19 | 800 | $13.7900 | | | | |
| | 02/08/19 | 2,000 | $13.1400 | | | | |
| Post Class Purchases | 02/22/19 | 1,000 | $9.0000 | | | | |
| | 02/22/19 | 1,000 | $8.8500 | | | | |

102,072  Total Shares Purchased

*See* ECF No. 45.  Such a dramatic discrepancy cannot be chalked up to a mere scrivener's error or inadvertent omission.  And, while he did submit a new Certification dated May 3, 2019 (after the statutory deadline), Mr. Girgis provided no explanation for the false Certification.  Simply stated, Mr. Girgis' "inadvertence or his indifference to the PSLRA's certification requirements demonstrates a lack of diligence and candor that . . . counsel against a finding of adequacy." *Shiring v. Tier Techs., Inc.*, 244 F.R.D. 307, 317 (E.D. Va. 2007); *Garbowski v. Tokai Pharm., Inc.*, 302 F. Supp. 3d 441, 455 (D. Mass. 2018) ("[Plaintiff's] willingness to make false statements under oath contributes to the court's conclusion that he would not have been an adequate lead plaintiff."); *In re*

---

[2]     Equally concerning, August 11, 2018 was a Saturday.  The market is not open on Saturdays.  And, on August 10 (Friday) and August 13 (Monday), Diplomat stock traded between $18.50 and $19.53 per share. Those basic and readily available facts should have been major red flags.

*Enzymotec Ltd. Sec. Litig.*, 2015 WL 918535, at *3 (D.N.J. Mar. 3, 2015) (finding that movant "would be subject to a unique defense with respect to its certification" and denying its motion); *Steamfitters Local 449 Pension Fund v. Cent. European Dist. Corp.*, 2012 WL 3638629, at *12 (D.N.J. Aug. 22, 2012) (finding that movant "would be subject to a unique defense regarding invalid or lack of certification because the validity of their purported certification is fairly debatable" and denying motion); *Bhojwani v. Pistiolis*, 2007 WL 9228588, at *3 (S.D.N.Y. July 31, 2007) (finding that discrepancies in certification "indicate[] a certain carelessness about detail that undermines the adequacy of [the movant] as a lead plaintiff"); *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 144-45 (S.D.N.Y. 2007) (finding adequacy "sufficiently in doubt" to deny lead plaintiff status in light of submissions to court, including PSLRA certifications, that contained questionable statements); *In re Safeguard Scientifics*, 216 F.R.D. 577, 582-83 (E.D. Pa. 2003) (denying class certification because lead plaintiff filed a false certification that raised "serious concerns with credibility [and] leave[s] Lead Plaintiff vulnerable to further attacks that would impose an unnecessary disadvantage on the class").

The false Certification presents another problem: because Mr. Girgis did not actually purchase any stock on the day his first Certification said he did, Mr. Girgis did not timely represent his financial interest in the relief sought by the class. All movants agree that the statutory deadline was April 25, 2019. But, Mr. Girgis did not file a Certification or loss chart reflecting his actual financial interest until a week later, on May 3, 2019. *See* ECF Nos. 45, 46. That delay is problematic because the "PSLRA is unequivocal and allows for no exceptions." *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999). "All motions for lead plaintiff must be filed within sixty (60) days of the published notice for the first-filed action." *Id.* "The plain language of the statute precludes consideration of a financial loss asserted for the first time in a complaint, or any other pleading, for that matter, filed *after* the sixty (60) day window has closed." *Id.* (declining to

- 6 -

consider financial interest first presented after statutory deadline) (emphasis in original). Because Mr. Girgis did not file an accurate Certification or loss chart on the statutory deadline, the Court should "not consider [his] amendment[] of [his] amount of financial loss made after the filing deadline." *Singer v. Nicor, Inc.*, 2002 WL 31356419, at *3 (N.D. Ill. Oct. 17, 2002); *Nasin v. Hongli Clean Energy Techs. Corp.*, 2017 WL 5598214, at *3 (D.N.J. Nov. 21, 2017) (rejecting movant's attempt to cure deficient certification after the PSLRA's statutory deadline).

When he finally did file a Certification, Mr. Girgis revealed yet another problematic fact: he continued to purchase Diplomat stock after the end of the Class Period. *See* ECF No. 45. At both the motion to dismiss and class certification stage, defendants will vigorously challenge the fact that Mr. Girgis "increased his holdings in [Diplomat] stock even after public disclosure of the alleged fraud" and "purchase[d] stock regardless of the fraudulent omission," which raises "serious doubts as to the materiality of the alleged fraud disclosures" and could lead the Court to conclude – to the putative class's detriment – "that even under a fraud-on-the-market theory, Defendants have presented compelling reason to rebut the reliance presumption." *Safeguard*, 216 F.R.D. at 582. As such, Mr. Girgis is plainly subject to unique defenses and cannot be appointed lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Finally, even assuming Mr. Girgis could overcome these other deficiencies, the Court knows absolutely nothing about him or his ability to serve as lead plaintiff in this case (other than his inattention to detail and false statements under oath). Indeed, "[s]imply making a motion for lead plaintiff status, taken alone, establishes nothing about the movant's adequacy to take on this burdensome task." *Clair v. DeLuca*, 232 F.R.D. 219, 226-27 (W.D. Pa. 2005). Faced with a similar lack of information, another district court recently *sua sponte* ordered all individual lead plaintiff applicants to file a declaration setting forth, among other facts: "(i) each individual's city and state of residence; (ii) each individual's occupation; (iii) whether and to what extent the moving individuals

are familiar with one another; (iv) how each individual came to retain his/her respective lawyer(s); and (v) the general nature of each individual's investment in [the company]." *See Desilvio v. Lion Biotechnologies, Inc.*, No. 3:17-cv-02086-SI, ECF No. 35 (N.D. Cal. July 7, 2017) (attached hereto as Exhibit 1); *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 452 (C.D. Cal. 2002) (finding that "record contains no evidence that [individual movants] are competent to serve as lead plaintiffs" or "to supervise the . . . attorneys representing them"); *Garbowski*, 302 F. Supp. 3d at 449 (same).

On the present record, it is impossible for the Court to even begin to attempt to make the determination the PSLRA requires of it as to whether Mr. Girgis is qualified or has the necessary capacity to serve as lead plaintiff. The Court does not know who he is, his occupation or background, whether he understands a lead plaintiff's duties and responsibilities, or whether he has any experience overseeing lawyers in complex litigation or any experience serving as a fiduciary. Without such basic information, Mr. Girgis has failed to demonstrate his satisfaction of the Rule 23 adequacy requirement and is precluded from triggering the PSLRA presumption. *See Camp v. Qualcomm Inc.*, 2019 WL 277360, at *3 (S.D. Cal. Jan. 22, 2019) (denying individual's lead plaintiff motion because he "failed to include any basic details about himself, including where he lives or who he is specifically in his motion" which failure made it "difficult" for court "to determine whether [he] would indeed be a typical plaintiff for the class"); *Clair*, 232 F.R.D. at 226-27 (denying individuals' lead plaintiff motion where there was "no evidence" other than the certifications "that they are the type of sophisticated investor who can control a multi-million dollar class action").

Because Mr. Girgis filed a false Certification under oath, did not timely represent his financial interest by the statutory deadline, provided no biographical information about himself, and is subject to unique materiality and reliance defenses, his motion should be denied.

## III. CONCLUSION

None of the competing movants have a larger financial interest than the Pension Fund.  In addition, Mr. Girgis does not satisfy the Rule 23 requirements.  Consequently, each of the competing motions should be denied.

DATED:  May 15, 2019

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT

s/ Danielle S. Myers
DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
FRANK A. RICHTER (IL Bar # 6310011)
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

SULLIVAN, WARD, ASHER & PATTON, P.C.
MICHAEL J. ASHER
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI  48075
Telephone:  248/746-0700
248/746-2760 (fax)
masher@swappc.com

- 9 -

- 10 -

HESSIAN & McKASY P.A.
WILLIAM A. CUMMINGS
3700 RBC Plaza
60 South 6th Street
Minneapolis, MN  55402
Telephone:  612/746-5770
612/746-5755 (fax)

Additional Counsel for [Proposed] Lead Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 15, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: dmyers@rgrdlaw.com

# Mailing Information for a Case 1:19-cv-01735 Mortimer v. Diplomat Pharmacy, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **James E Barz**
  jbarz@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James Wallace Ducayet**
  jducayet@sidley.com,james-ducayet-9115@ecf.pacerpro.com,efilingnotice@sidley.com

- **Lori Ann Fanning**
  LFanning@MillerLawLLC.com,MMiller@MillerLawLLC.com,ajewell@millerlawllc.com,drobinson@millerlawllc.com,JRamirez@millerlawllc.com

- **David Allan Geiger**
  dgeiger@sidley.com,efilingnotice@sidley.com,david-geiger-9990@ecf.pacerpro.com

- **Matthew Todd Hurst**
  mhurst@heffnerhurst.com,mheffner@heffnerhurst.com

- **Reed R Kathrein**
  reed@hbsslaw.com,danielles@hbsslaw.com,lisal@hbsslaw.com,sf_filings@hbsslaw.com

- **Carl V. Malmstrom**
  malmstrom@whafh.com

- **Marvin Alan Miller**
  Mmiller@millerlawllc.com,ajewell@millerlawllc.com,LFanning@millerlawllc.com,drobinson@millerlawlllc.com,JRamirez@millerlawllc.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,3045517420@filings.docketbird.com,e_file_sd@rgrdlaw.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com

- **Nilofer Ibrahim Umar**
  numar@sidley.com,efilingnotice@sidley.com,nilofer-umar-6698@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)