# Attachment 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LINDA ROSSBACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 15-cv-06605 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| VASCO DATA SECURITY | ) | |
| INTERNATIONAL, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The motion by John Bunk for appointment as lead plaintiff [25] is granted; Bunk is hereby appointed lead plaintiff in this action. His selections of Levi & Korsinsky as lead counsel and DiTommaso Lubin as liaison counsel are approved. The competing motions of Karunakar Madhavaram [13] and Joseph Tarzia [18] are denied. Movants' motions for leave to file supplemental authority [50], [52] are granted. Bunk shall file an amended complaint or notify Defendants in writing of his intention to stand on the current complaint by 1/30/2017. Defendants shall answer or otherwise plead in response to the operative complaint within 60 days of Bunk's filing of an amended complaint or notice of his election to stand on the current complaint. Other scheduling, stay, and document preservation directives shall stand pursuant to the Court's 9/1/2015 Order [12]. Status hearing set for 4/4/2017 at 9:00 AM. If Defendants move to dismiss the operative complaint, briefing will proceed on the schedule set in the 9/1/2015 Order and the status hearing will be reset until after briefing has been completed. For further details, see the accompanying Statement.

## STATEMENT

Plaintiff Linda Rossbach alleges that Defendant Vasco Data Security International, Inc. ("Vasco") sold products that may have been indirectly distributed to parties in Iran, potentially violating federal bans on such trade and exposing the company to penalties. She further alleges that Vasco's Chairman and Chief Executive Officer, Defendant T. Kendall Hunt, and its Chief Financial Officer, Defendant Clifford K. Bown, were either aware of this activity or recklessly disregarded it when they omitted the issue from Vasco's public statements and regulatory filings from February 2014 through May 2015. She claims she purchased shares of Vasco common stock at prices that were artificially inflated because of the omission and that she suffered losses when the company's stock price fell following a July 21, 2015 announcement of the matter. She seeks relief for herself and a class of similarly-situated plaintiffs under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5.

John Bunk, Karunakar Madhavaram, and Joseph Tarzia each seek appointment as lead class plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4. The PSLRA provides that the proper lead plaintiff in a securities class action is presumed to be the person (or group of persons) with the largest financial interest in the relief sought by the class and who otherwise satisfies the class representative requirements of Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The relevant Rule 23 requirements for a proposed PSLRA lead plaintiff are the typicality of his or her claims relative to those of the class and his or her ability to represent the class adequately. *In re Groupon, Inc. Sec. Litig.*, No. 12-cv-2450, 2012 WL 3779311, at *3 (N.D. Ill. Aug. 28, 2012). The presumption in favor of a proposed lead plaintiff may be rebutted only upon proof by another class member that the proposed plaintiff will not fairly represent the class interests or is subject to unique defenses. § 78u-4(a)(3)(B)(iii)(II).

Each prospective lead plaintiff has demonstrated that his claims arise from the same conduct that would form the basis for the claims of the class and that his interests do not conflict with those of the class. Each has shown that he has a sufficient interest in the dispute to ensure that he would vigorously pursue the class claims and that he is represented by competent, experienced counsel capable of an effective pursuit. Each has therefore shown that he meets the relevant Rule 23 requirements.

The prospective lead plaintiffs' motions are thus focused on their dispute as to which has the largest financial interest. Madhavaram concedes that Bunk's interest is larger than his own and does not oppose his appointment as lead plaintiff. Accordingly, the issue presented for the Court's determination is whether Bunk or Tarzia has the larger financial interest.

The PSLRA does not specify a means for calculating a proposed lead plaintiff's financial interest. In *Lax v. First Merchants Acceptance Corp.*, No. 97-cv-2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997), the court identified four factors relevant to the determination: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered. Numerous courts of this and other jurisdictions have utilized the *Lax* court's approach and have identified the fourth factor—approximate loss—as the most significant in deciding competing claims for lead plaintiff status. *See City of Sterling Heights Gen. Employees' Ret. Sys. v. Hospira, Inc.*, No. 11-cv-8332, 2012 WL 1339678, at *4 (N.D. Ill. Apr. 18, 2012) (citing cases).

Tarzia concedes that Bunk has the larger interest in terms of net shares purchased and net expenditures. (Tarzia Opp. at 4, Dkt. No. 35.) But the prospective lead plaintiffs dispute which suffered the larger approximate loss. (*Id.*) Bunk argues that Tarzia's claim of a greater total loss is based upon trading losses that cannot be recovered in this action.

In *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), the Supreme Court held that a stockholder claiming losses from a fraudulently inflated share purchase price must establish a causal link between his loss and the misrepresentation. In holding that a complaint fails to state a claim for relief by merely alleging an inflated purchase price, the Court observed that if the stockholder sold the shares before the relevant truth reached the market, the misrepresentation would not have led to any loss. *Id.* at 342. Citing *Dura,* numerous courts have

2

held that in estimating losses for purposes of identifying the appropriate lead plaintiff, losses incurred for sales made before the corrective disclosure are not properly considered. *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, No. 14 CIV. 2814 (ER), 2015 WL 1499657, at *6 (S.D.N.Y. Mar. 27, 2015); *Pio v. Gen. Motors Co.*, No. CIV. 14-11191, 2014 WL 5421230, at *3 (E.D. Mich. Oct. 24, 2014); *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825, 2007 WL 680779, at *5 (E.D.N.Y. Mar. 2, 2007).

Tarzia does not dispute that exclusion of his pre-correction losses would reduce his loss total to an amount less than Bunk's. He argues instead that reliance on *Dura* to exclude such losses from the lead plaintiff analysis would be a departure from the accepted *Lax* approach. But the PSLRA's language makes clear that this exclusion is appropriate: the *Lax* factors are a method of identifying the potential lead plaintiff with the largest financial interest "in the relief sought by the class." 78u-4(a)(3)(B)(iii)(I)(bb). Damages not recoverable under *Dura* are not properly considered relief sought by the class and are thus properly excluded from the financial interest calculation.

In further support of his contention that the *Dura* principle should not apply here, Tarzia cites *Fialkov v. Celladon Corp.*, No. 15-cv-1458 (S.D. Cal. Dec. 9, 2015) (Order Consolidating Cases and Appointing Lead Plaintiff and Lead Counsel, Dkt. No. 52). But *Fialkov* addressed the calculation of the loss of a shareholder who had not sold his shares; it did not hold that shares sold prior to a corrective announcement were properly included in a loss calculation. *Fialkov* is thus readily distinguishable from the present case.

Bunk has thus suffered a greater recoverable loss than Tarzia. He also has a greater interest as measured by the net shares and net expenditure *Lax* factors. The Court therefore concludes that he has the greater financial interest in the relief sought by the class.[1] The Court finds that Bunk meets the Rule 23 requirements of typicality and adequacy. The Court accordingly appoints Bunk as class plaintiff.

The PSLRA provides that the lead plaintiff will, subject to the approval of the district court, select and retain counsel to represent the class. § 78u-4(a)(3)(B)(v). The Court finds that Bunk's selected counsel, Levi & Korsinsky, are sufficiently experienced and capable to serve as class counsel here and approves Bunk's selection. A court, in its discretion, may also appoint liaison counsel to assist lead counsel primarily with administrative matters. *Walker v. Discover Fin. Servs.*, No. 10–cv–6994, 2011 WL 2160889, at *3 (N.D. Ill. May 26, 2011). Bunk's selection of liaison counsel, DiTommaso Lubin, is also approved.

Dated:  December 1, 2016

_____
Andrea R. Wood
United States District Judge

---

[1] The parties also dispute Tarzia's standing to aggregate transactions of his family members in his claim of financial interest. Since Bunk has the greater interest even if such aggregation is permitted and since the Court's comparison of the competing claims utilized Tarzia's calculation, the Court need not resolve the issue to determine the present motions.

3