# EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CHASE MORTIMER, individually and on behalf of all others similarly situated, | Civil Action No. 1:19-cv-01735 |
| | CLASS ACTION |
| Plaintiff, | The Honorable Virginia M. Kendall |
| v. | |
| DIPLOMAT PHARMACY, INC., BRIAN T. GRIFFIN, JEFFREY PARK, JOEL SABAN, and ATAL KAVTHEKAR, | |
| Defendants. | |

**ARSANY GIRGIS'S SUR-REPLY TO
IRON WORKERS LOCAL NO. 25 PENSION FUND'S REPLY
IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF SELECTION OF LEAD COUNSEL**

010828-11 1130901 V1

In an effort to refute that IWLPF's chosen counsel is in conflict with the class given its representation of a different class of investors in earlier filed litigation against Diplomat,[1] IWLPF's Reply (ECF No. 55) makes factual misstatements and incorrect arguments concerning Diplomat's financial condition and ability to satisfy judgments in both cases.[2] Specifically, IWLPF represents that: (i) Diplomat has "$500 million in cash"; and (ii) Diplomat can draw on $1.4 billion in assets to pay judgments or settlements in both actions.[3] These contentions, however, are belied by the record, the law, and Robbins Geller Rudman & Dowd LLP's ("Robbins Geller") own representations to courts.

*First*, Diplomat's March 31, 2019 financial statements show that Diplomat holds $2.739 million (not $500 million) in "Cash and equivalents," representing an over 70% year-over-year decline. ECF No. 53-5. Instead, the $500 million cash figure IWLPF cites is the sum of Diplomat's reported "current asset" line items, such as "receivables, net," "inventories," and "prepaid expenses and other current assets." *Cf. id.* and ECF No. 55. Such line items, however, are not liquid assets the Company could readily use to satisfy any class wide settlement.

*Second*, IWLPF is wrong in suggesting the Court should consider Diplomat's $1.4 billion in total assets to determine Diplomat's financial wherewithal to resolve both class actions. Nearly 60% of Diplomat's reported assets, or $836.6 million, are comprised of the Company's reported goodwill and other intangible assets. ECF No. 53-5. Moreover, as set forth in the

---

[1] *Zimmerman v. Diplomat Pharmacy et al.*, Case No. 2:16-cv-14005-AC-SDD (E.D. Mich.) (the "Earlier Diplomat Action").

[2] All defined terms in Mr. Girgis' Opposition (ECF No. 53) shall have the same meaning herein.

[3] *See* ECF No. 55 at 2 ("for there to be an actual conflict of interest: Diplomat would need to lose $500 million in cash or $1.4 billion in total assets."); *see also* ECF No. 55 at 13 ("Diplomat has over $517 million in total current assets and over $1.4 billion in total assets.").

- 1 -

Complaints, Diplomat has disclosed that it needs to record a non-cash impairment charge upwards of approximately $630 million relating to its PBM business and 2017 acquisitions. *See, e.g., Mortimer* Complaint, ECF No. 1 ¶35. Further, the Company has reported liabilities of nearly $1 billion. ECF No. 53-5. Accordingly, a fair view of Diplomat's balance sheet reflects an entity that is illiquid and undercapitalized.

More importantly, in adjudging a defendant's ability to pay a class settlement, courts look to the Company's liquid assets such as cash and cash equivalents, not the Company's total assets. *See, e.g.*, *In re Cell Pathways, Inc., Sec. Litig. II*, No. 01-CV-1189, 2002 WL 31528573, at *3-4 (E.D. Pa. Sept. 23, 2002) (analyzing company's cash assets to determine defendants' ability to withstand a greater judgment); *Yedlowski v. Roka Bioscience, Inc.*, No. 14-CV-8020-FLW-TJB, 2016 WL 6661336, at *16 (D.N.J. Nov. 10, 2016) (analyzing company's cash, cash equivalents and short term investments to determine ability to pay); *In re Par Pharm. Sec. Litig.*, No. CIV.A. 06-3226 ES, 2013 WL 3930091, at *7 (D.N.J. July 29, 2013) (analyzing cash and cash equivalents to determine company's financial position to satisfy greater judgment).

Indeed, in arguing for final approval of securities class action settlements in other cases, Robbins Geller cautions courts not to consider the company's reported assets and to focus instead on its cash and cash equivalents. For example, in its motion for final approval of a class settlement in *Eichenholtz v. VeriFone Holdings, Inc. et al.*, No. 3:07-cv-06140-EMC (N.D. Cal. Dec. 16, 2013), ECF No. 321, Robbins Geller advocated the following:

- 2 -

010828-11 1130901 V1

- 3 -

In addition, while VeriFone does not appear to be in imminent danger of declaring bankruptcy, it is in a precarious financial condition. *Id.* ¶106. The Ninth Circuit has found that a company's uncertain future financial condition is a factor to be considered in approving a class action settlement. *Torrisi*, 8 F.3d at 1376. Over the last 18 months, VeriFone's stock price has declined by over 50%, and the Company has reported $48.4 million of net losses in the first three quarters of FY13.[9] Seefer Decl., ¶106. Although the Company currently reports that it has $1.3 billion of capital, its tangible capital is just $78.8 million because VeriFone reports $1.2 billion of

reinstatement of verdict by the Ninth Circuit), *available at* http://www.dandodiary.com/ 2011/12/articles/securities-litigation/after-rare-trial-and-lengthy-appeals-apollo-group-securities-suit-finally-settles-for-145-million/.

[9] VeriFone's fiscal year ends on October 31.

NOTICE OF MOTION & MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT & MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - 3:07-cv-06140-EMC       - 16 -

goodwill, an intangible asset whose value is uncertain. *Id.* In addition, only $309.3 million of the Company's assets as of July 31, 2013 are cash and cash equivalents. *Id.* VeriFone was also recently sued for securities fraud after reporting earnings which were drastically below forecasts, causing the Company's stock to drop 43% and causing hundreds of millions of dollars in losses to a different class of shareholders. *See In re VeriFone Sec. Litig.*, No. 5:13-cv-01038 (N.D. Cal.). *Id.*

010828-11 1130901 V1

Accordingly, in determining Robbins Geller's conflict, the Court should disregard IWLPF's claims that Diplomat has $500 million in cash and that Diplomat can draw on $1.4 billion in assets to pay judgments or settlements in both actions.

DATED:  May 24, 2019   Respectfully submitted,

   HAGENS BERMAN SOBOL SHAPIRO LLP

   By */s/ Reed R. Kathrein*
    Reed R. Kathrein
   Reed R. Kathrein
   Danielle Smith
   Lucas E. Gilmore
   HAGENS BERMAN SOBOL SHAPIRO LLP
   715 Hearst Avenue, Suite 202
   Berkeley, CA  94710
   Telephone: (510) 725-3000
   Facsimile:  (510) 725-3001
   reed@hbsslaw.com
   danielles@hbsslaw.com
   lucasg@hbsslaw.com

   Steve W. Berman
   HAGENS BERMAN SOBOL SHAPIRO LLP
   1301 Second Avenue, Suite 2000
   Seattle, WA  98101
   Telephone: (206) 623-7292
   Facsimile:  (206) 623-0594
   steve@hbsslaw.com

   *Counsel for Proposed Lead Plaintiff Arsany Girgis*

- 4 -

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Reed R. Kathrein*
REED R. KATHREIN

010828-11 1130901 V1