UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| CHASE MORTIMER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:19-cv-01735 **(Consolidated)** |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) ) | Honorable Virginia M. Kendall |
| DIPLOMAT PHARMACY, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

THE PENSION FUND'S OPPOSITION TO ARSANY GIRGIS' MOTION FOR LEAVE
TO FILE A SUR-REPLY

Arsany Girgis seeks leave to file a sur-reply to (ostensibly) correct the factual and legal record regarding Diplomat Pharmacy, Inc.'s financial condition. *See* ECF No. 56-1 at 1. "The decision whether to grant a motion for leave to file a surreply is within the discretion of the district court." *Jamison v. First Credit Servs., Inc.*, 290 F.R.D. 92, 110 n.10 (N.D. Ill. 2013) (Kendall, J.) (citing *Johnny Blastoff, Inc. v. L.A. Rams Football Co.*, 188 F.3d 427, 439 (7th Cir. 1999)). "However, denial of a motion for leave is appropriate when the moving party has already had the opportunity to fully brief the issues." *Jamison*, 290 F.R.D. at 110 n.10. Here, a sur-reply is "not appropriate" because Mr. Girgis "has had the opportunity to fully brief the issues" and the argument lacks merit. *Id.*

If the Court permits the sur-reply, the Pension Fund respectfully requests that the Court consider this brief response. Mr. Girgis' conflict argument is without merit because the other case settled (subject to final approval), so there is no basis to engage in a complex analysis of Diplomat's financial condition on an incomplete record. The argument is also premature because it is based solely on Mr. Girgis' baseless speculation that final approval, by the court that has already granted preliminary approval, will be rejected.

Next, even if this Court were to indulge the hypothetical scenario that the settlement were to be rejected and both cases were being litigated at the same time against a limited fund, the sur-reply merely repeats Mr. Girgis' prior arguments. Indeed, Mr. Girgis' opposition brief introduced the facts and law regarding Diplomat's financial condition that the Pension Fund's reply brief responded to. *Compare* ECF No. 53 at 11 (contending that "Diplomat has less than $3 million in cash and short-term assets" and citing three cases) *with* ECF No. 55 at 13 (responding that Diplomat has *total* current assets of $517 million and *total* assets of $1.4 billion, as evidenced by Mr. Girgis' own exhibit). Notably, Mr. Girgis reiterated the same points again in his reply brief, which oddly read

- 1 -

more like a second opposition brief. *See* ECF No. 54 at 7. Having made his point twice, Mr. Girgis hardly needs a third bite at the apple.

As to the merits of whether cash and short term assets should be considered to the exclusion of total current assets or total assets, Mr. Girgis' own authority – *In re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552, 557 (S.D. Ohio 2015) – provides that courts should look to "the ***total*** assets of the Defendants" in making the limited fund determination. *Id.* (cited by Girgis at ECF No. 53 at 11 n.34) (emphasis added). That authority is precisely why the Pension Fund pointed out Diplomat's total current assets and total assets. *See* ECF No. 55 at 13. That Mr. Girgis perhaps did not appreciate that his own authority undermined his factual argument, and now dislikes and wishes to distinguish that holding, does not justify granting leave to file a sur-reply. *See Westfield Ins. Co. v. TCFI Bell SPE III LLC*, 2019 WL 1330456, at *4 (S.D. Ind. Mar. 25, 2019) ("Westfield's reply argument is a rebuttal to Bell's response argument. The fact that Westfield relied upon a previously uncited case does not mean that it has presented a new argument. Westfield simply presented additional case law to support its argument. This is not grounds for leave to file a surreply."); *Coffman v. Dutch Farms, Inc.*, 2017 WL 1217238, at *5 (N.D. Ind. Feb. 24, 2017) ("A reply addressing an argument raised in a response brief does not warrant the filing of a surreply."). Moreover, Mr. Girgis' new cases are distinguishable because none support his argument that a review of cash and short term assets is dispositive as to whether a limited fund conflict exists.[1]

Mr. Girgis' attempt to manufacture a basis for a sur-reply by claiming the Pension Fund's brief was "incorrect" and contains "misstatements" similarly lacks merit as the facts are within Mr.

---

[1]    *See In re Cell Pathways, Inc., Sec. Litig. II*, 2002 WL 31528573, at *4 (E.D. Pa. Sept. 23, 2002) (considering company's "cash, cash equivalents, and short-term investments" in assessing "whether the defendants would be able to pay any greater judgment than the settlement amount" in approving class action settlement); *Yedlowski v. Roka Bioscience, Inc.*, 2016 WL 6661336, at *16 (D.N.J. Nov. 10, 2106) (same); *In re Par Pharm. Sec. Litig.*, 2013 WL 3930091, at *7 (D.N.J. July 29, 2013) (same). Similarly inapposite is Mr. Girgis' citation to a motion in support of final approval of a settlement for the same purpose, *i.e.*, demonstrating whether defendants could withstand a greater judgment. *See* ECF No. 56-1 at 5 of 7.

Girgis' own exhibit (which is available to the Court), and it is clear that Mr. Girgis simply wants the last word. *See* ECF No. 56-1 at 1; *see also In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 857-58 (N.D. Ill. 2015) ("Of course it is not uncommon for adverse parties to feel that their opponent's briefs are replete with 'gross mischaracterizations,' and it would be unjust to allow Plaintiffs to rebrand Schreiber's arguments as genuine errors just to get the last word in.") (citation omitted).

All the points Mr. Girgis makes in his proposed sur-reply are the same points he already made in both his opposition and reply briefs (*i.e.*, that only cash, not total assets, should be considered). *See* ECF No. 53 at 11 ("Diplomat has less than $3 million in cash"); ECF No. 54 at 7 ("Diplomat has less than $3 million in cash"); ECF No. 56-1 ("Diplomat holds $2.739 million (not $500 million) in 'Cash and equivalents'") (citation omitted). The Pension Fund disagrees. *See* ECF No. 55 at 13. Regardless, the parties have each made their arguments and no further briefing is necessary. *See Harper v. Wexford Health Sources Inc.*, 2017 WL 2672299, at *4 (N.D. Ill. June 21, 2017) ("Courts in this district have denied motions to file surreply briefs when 'the movant has had the opportunity to thoroughly brief the issues' and when each 'brief in the sequence on the motion fairly respond[s] to the arguments in the brief that preced[es] it.'") (citation omitted).

Furthermore, the argument regarding Diplomat's financial condition is irrelevant because even if he prevails on the limited fund determination, Mr. Girgis still cannot establish an actual conflict of interest exists sufficient to rebut the presumption in favor of the Pension Fund's appointment as lead plaintiff in this case. *See* ECF No. 55 at 2, 11-14.

- 3 -

There is no need for a third repetitive brief.  The Court should deny Mr. Girgis' motion for leave to file a sur-reply.

DATED:  May 28, 2019

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT

s/ Danielle S. Myers
DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
FRANK A. RICHTER (IL Bar # 6310011)
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

SULLIVAN, WARD, ASHER & PATTON, P.C.
MICHAEL J. ASHER
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI  48075
Telephone:  248/746-0700
248/746-2760 (fax)
masher@swappc.com

Cases\4849-6641-6536.v1-5/28/19

- 5 -

HESSIAN & McKASY P.A.
WILLIAM A. CUMMINGS
3700 RBC Plaza
60 South 6th Street
Minneapolis, MN  55402
Telephone:  612/746-5770
612/746-5755 (fax)

Additional Counsel for [Proposed] Lead Plaintiff

Cases\4849-6641-6536.v1-5/28/19

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on May 28, 2019, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: dmyers@rgrdlaw.com

Case: 1:19-cv-01735 Document #: 58 Filed: 05/28/19 Page 8 of 8 PageID #:1004

# Mailing Information for a Case 1:19-cv-01735 Mortimer v. Diplomat Pharmacy, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **James E Barz**
  jbarz@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James Wallace Ducayet**
  jducayet@sidley.com,james-ducayet-9115@ecf.pacerpro.com,efilingnotice@sidley.com

- **Lori Ann Fanning**
  LFanning@MillerLawLLC.com,MMiller@MillerLawLLC.com,ajewell@millerlawllc.com,drobinson@millerlawllc.com,JRamirez@millerlawllc.com

- **David Allan Geiger**
  dgeiger@sidley.com,efilingnotice@sidley.com,david-geiger-9990@ecf.pacerpro.com

- **Matthew Todd Hurst**
  mhurst@heffnerhurst.com,mheffner@heffnerhurst.com

- **Reed R Kathrein**
  reed@hbsslaw.com,danielles@hbsslaw.com,lisal@hbsslaw.com,sf_filings@hbsslaw.com

- **Carl V. Malmstrom**
  malmstrom@whafh.com

- **Marvin Alan Miller**
  Mmiller@millerlawllc.com,ajewell@millerlawllc.com,LFanning@millerlawllc.com,drobinson@millerlawlllc.com,JRamirez@millerlawllc.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com

- **Nilofer Ibrahim Umar**
  numar@sidley.com,efilingnotice@sidley.com,nilofer-umar-6698@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)