UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| CHASE MORTIMER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:19-cv-01735 **(Consolidated)** |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) ) | Honorable Virginia M. Kendall |
| DIPLOMAT PHARMACY, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

LEAD PLAINTIFF'S OPPOSITION TO
ARSANY GIRGIS'S MOTION FOR RECONSIDERATION

4825-9523-8301.v2

# TABLE OF CONTENTS

I.     **LEGAL STANDARD** ..................................................................................................1

II.    **ARGUMENT**..............................................................................................................2

       A.     There Can Be No Limited Fund Conflict Between a New And Previously Settled Case...............................................................................................................3

       B.     Girgis's Purported "New Evidence" Is Neither New Nor Evidence ......................4

             1.     The Court Had Accurate And Uncontested Facts Regarding Diplomat's Financial Condition..................................................................5

             2.     Arguments By Counsel Are Not "Evidence" of Diplomat's Inability to Fund a Judgment ........................................................................6

             3.     Girgis's Argument Is Not New ..................................................................7

       C.     Girgis's Remaining Arguments Were or Could Have Been Made And Do Not Support Reconsideration.................................................................................8

III.    **CONCLUSION** .......................................................................................................11

4825-9523-8301.v2

Lead plaintiff movant Arsany Girgis has now filed his ***fifth*** brief in support of his lead plaintiff motion (ECF No. 67).[1]  This time Girgis asks the Court to reconsider its Memorandum Opinion and Order appointing Iron Workers Local No. 25 Pension Fund (the "Fund" or "Lead Plaintiff") as Lead Plaintiff and appointing Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel.  ECF No. 66 (the "Order").  But, like Girgis's prior sur-reply (ECF No. 60), his latest effort merely puts a new spin on old arguments he already made – arguments this Court considered and rejected.  For example, Girgis's sensational and erroneous claim that Robbins Geller made arguments in this case that are "irreconcilably inconsistent" with the arguments it made in the settlement briefs in the *Zimmerman* case (s*ee* ECF No. 67 at 6), merely repeats Girgis's prior argument, which was based on statements in other Robbins Geller settlement briefs (*see* ECF No. 60 at 2-3).  For the reasons provided herein, and provided in the Fund's opposition to Girgis's motion to file a sur-reply, Girgis's motion for reconsideration should be denied.  *See* ECF No. 58 (citing *In re Dairy Farmers of Am., Inc*., 80 F. Supp. 3d 838, 857-58 (N.D. Ill. 2015)* ("Of course it is not uncommon for adverse parties to feel that their opponent's briefs are replete with 'gross mischaracterizations,' and it would be unjust to allow Plaintiffs to rebrand Schreiber's arguments as genuine errors just to get the last word in.").

## I.     LEGAL STANDARD

When lead counsel appointments are made in class actions, motions for reconsideration often follow.  However, "issues appropriate for reconsideration 'rarely arise and the motion to reconsider should be equally rare.'"  *City of Sterling Heights General Employees' Retirement*

---

[1]   Girgis filed his motion at 7:30 p.m. on Friday, July 26, and noticed the motion for Tuesday, July 30, in violation of the Court's three-day notice requirement and Local Rule 5.3.  *See* ECF Nos. 67 & 69. Nevertheless, given the allegations, Lead Plaintiff worked to respond on short notice and will appear on the early date if the presentment is not stricken.

4825-9523-8301.v2

*System vs. Hospira*, 11-cv-08332, ECF No. 70 (Apr. 30, 2012) (St. Eve, J.) (citation omitted) (denying motion to reconsider appointment of a PSLRA lead plaintiff and Robbins Geller as lead counsel).[2] Motions to reconsider are disfavored because "judicial opinions 'are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *Metro Premium Wines, Inc. v. Winebow, Inc.*, No. 11-cv-00911, 2011 WL 2909367, at *1 (N.D. Ill. July 18, 2011) (Kendall, J.) (citations omitted). Rather, a motion to reconsider is only appropriate where "'a court has patently misunderstood a party, made a decision outside the adversarial issues presented, [or] made an error not of reasoning but of apprehension.'" *Id.* (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). Thus, "'motions to reconsider are not appropriate vehicles to advance arguments already rejected by the Court or new legal theories not argued before the ruling.'" *Id.* (citation omitted). Here, Girgis fails to meet his burden of showing the Court made an error of apprehension. Instead, he repeats arguments that were already considered and rejected.

## II.     ARGUMENT

Girgis's purported basis for reconsideration is that he has come across "new evidence central to this Court's decision" on Lead Plaintiff and the Court's "finding that this case did not present a 'limited fund scenario.'" ECF No. 67 at 1. But Girgis presents no new *evidence* regarding Diplomat's financial condition. His motion simply rehashes his prior claim that Robbins Geller's *arguments* in support of settlement approval in another class action are contrary to its arguments in this case. Moreover, contrary to Girgis's purported basis for reconsideration, the existence of a limited fund scenario was not "central" to this Court's decision because the Court found that even if there were a limited fund scenario, any potential conflict was ameliorated by the

---

[2]     The *Hospira* order is attached hereto as Exhibit A.

2

4825-9523-8301.v2

existence of additional factors. *See* Order at 14. Girgis's arguments were fully considered and addressed in the Order. His "new evidence" is neither "new" nor is it "evidence." His motion should be denied.

### A. There Can Be No Limited Fund Conflict Between a New And Previously Settled Case

In opposing the Fund's lead plaintiff motion, Girgis argued that the Fund's chosen counsel, Robbins Geller, had a conflict of interest because it represents a class in another case (the "*Zimmerman*" case) against one of the five defendants, Diplomat Pharmacy, Inc. ("Diplomat"). ECF No. 54 at 7-8. According to Girgis, this posed a potential conflict because Diplomat may not be able to fully satisfy judgments in both cases so the classes would have to compete for the same limited pot of funds. *Id.* The Court rejected the argument, holding that: (i) the purported conflict was "speculative"; (ii) there is no limited fund scenario; and (iii) even if there were, any conflict was ameliorated by other factors. Order at 11, 13-14. In his reconsideration motion, Girgis seeks to offer "new evidence" that Diplomat cannot satisfy judgments in both cases. But that argument, even if it were true, is meritless for two reasons.

First, the fatal flaw in Girgis's argument is that a settlement had been reached and preliminarily approved in the *Zimmerman* case, so any fight over the fund to be recovered in that case was over before the fight in this case had even begun. In other words, since the parties already agreed to settle *Zimmerman* for a specific amount, that case could not be said to be "competing" for funds with this or any other case. *See* ECF No. 58 at 1. The Court fully considered Girgis's argument that "Diplomat may not have the ability to pay judgments" in both cases "which would require both classes to compete for the same limited pool of funds," but held that "any conflict arising from Robbins Geller's representation of both classes is speculative at this point" and noted that "the *Zimmerman* case has been preliminarily settled, pending court approval." Order at 13-

3

4825-9523-8301.v2

14. While, as the Fund previously acknowledged, the *Zimmerman* case is subject to final approval (set for August 20, 2019), the case is not in active litigation and Girgis has offered no new evidence to show the separate classes are in active competition for one pot of funds. Thus, he still cannot advance his conflict argument past the "speculative" stage.

Second, even if he could move beyond the speculative stage, this Court held that "[e]ven if it were [a limited fund scenario], additional safeguards are present that prevent the potential conflict from disqualifying Robbins Geller." Order at 11, 14. Thus, Girgis's basis for seeking reconsideration on the ground that "new evidence central to this Court's decision" recently became available regarding the Court's "finding that this case did not present a 'limited fund' scenario'" (ECF No. 67 at 1), rests on a faulty premise because the Court held that even if it were a limited fund scenario it would not warrant disqualification. Girgis's motion should be denied.[3]

**B. Girgis's Purported "New Evidence" Is Neither New Nor Evidence**

Even though Girgis cannot get past the "speculative" stage of his conflict-of-interest argument because he cannot show the two cases are actively in competition for funds, he has continued to press forward. Girgis has ignored the settlement in *Zimmerman* and speculated that the two separate classes will end up competing for the same pot of funds. In doing so, Girgis has attempted to shift the argument to a secondary issue of whether Diplomat is capable of funding judgments in both cases. In seeking reconsideration, he purports to offer new evidence on this secondary issue.

More specifically, Girgis claims to have uncovered "new evidence undermining Robbins Geller's representations" and purportedly showing the Court's decision was based on a

---

[3] *See Hospira*, 11-cv-08332, ECF No. 70 at 2 (holding that a purported inaccuracy could not "provide the basis for reconsideration" with respect to a matter the Court "simply 'noted' . . . in a footnote in its Opinion" but "did not rely on . . . in appointing the lead plaintiff").

4

misapprehension of the facts. ECF No. 67 at 1. But Girgis has not shown *any* erroneous facts regarding Diplomat's finances were relied on by the Court, and his purportedly "new" argument is not new because he has already claimed that *arguments* made by Robbins Geller in the settlement context contradict arguments made in this case.

### 1. The Court Had Accurate And Uncontested Facts Regarding Diplomat's Financial Condition

There has been no dispute regarding the facts relating to Diplomat's financial condition, only the significance of those facts. In arguing that Diplomat had a limited pot to satisfy both cases, Girgis did not establish Diplomat was on the verge of bankruptcy or offer any expert or other analysis. Instead, he repeatedly relied on Diplomat's available cash. *See* ECF No. 53 at 10-11; ECF No. 54 at 7-8; ECF No. 60 at 1-2. In response to Girgis's hypothetical scenario that assumed the *Zimmerman* settlement was rejected and both cases were actively competing for Diplomat's cash, the Fund argued Girgis failed to consider insurance, and pointed out that while Girgis was focusing solely on cash, the case he relied on to make that argument considered total assets. ECF No. 55 at 12-14; ECF No. 58 at 2. Girgis then argued that cash was more relevant than total assets and cited, for example, cases involving settlement approval. *See* ECF No. 54 at 7-8; ECF No. 60 at 1-2. The Fund argued that the legal standards and factors relevant to consideration of whether to approve a settlement as reasonable were not identical to consideration of whether a limited fund scenario existed for conflicts purposes. *See* ECF No. 58 at 2.

While the parties debated the legal significance of cash and total assets, there was no dispute regarding the accuracy of Diplomat's cash and total assets. Nor could Girgis contest the figures used by the Fund because the Fund simply cited Girgis's exhibits for Diplomat's financial information. *See, e.g.*, ECF No. 55 at 13. In his motion for reconsideration, Girgis does not claim that the cash or total asset figures provided in this case were different than those presented in

5

4825-9523-8301.v2

*Zimmerman* and therefore has failed to meet his burden of showing this Court's decision rested on a misapprehension of fact.

### 2. Arguments By Counsel Are Not "Evidence" of Diplomat's Inability to Fund a Judgment

Having no new evidence regarding Diplomat's financial condition, Girgis provides a copy of a Robbins Geller settlement brief. Girgis claims that "Robbins Geller filed papers in *Zimmerman* asserting that Diplomat is a 'limited fund', thus justifying a meager settlement of approximately 5.5% to 7.3% percent of the estimated damages suffered by Class Members." ECF No. 67 at 2. Not only is the existence of a limited fund scenario a conclusion, rather than an objective fact, but the quoted phrase "limited fund" does not even appear in the *Zimmerman* papers that Girgis cites. Rather, Girgis himself supplied the quote he attributes to Robbins Geller.

Girgis quotes other arguments in the *Zimmerman* brief, such as that the settlement should be approved because "there was the added risk of Diplomat's ability to fund a judgment at a later date" because "by the time the Settlement was reached" Diplomat "reported less than $2.74 million in cash on its balance sheet," and claims those quotes are irreconcilable with the argument in this case that "'with over $1 billion in total assets, there is simply no 'limited fund' situation involving Diplomat.'" *Id.* at 2-3. But arguing a settlement should be approved because there is "added risk" at a "later date" of Diplomat being unable to pay more than the settlement amount is not "irreconcilably inconsistent" with arguing that Girgis oversimplified his analysis of a limited fund conflict of interest by failing to consider available insurance and total assets.

In short, no facts were misrepresented regarding Diplomat's cash or total assets, and Robbins Geller's arguments are not "evidence." The ***argument*** that the settlement should be approved in *Zimmerman* based on a host of factors, including its cash, wasting directors and officers insurance, and financial trends, and the "risks" those factors pose to Diplomat's ability to

6

4825-9523-8301.v2

pay more in the future, is not inconsistent with arguing that a court analyzing whether a disqualifying conflict exists due to a limited fund should look at more than just Diplomat's cash on hand. Rather, even *if* the *Zimmerman* case involved the same class period and the same defendants, and *if* the settlement in *Zimmerman* were rejected, and *if* no ameliorating factors were present, Girgis's reliance on cash alone to show Diplomat's ability to fund a judgment is oversimplified.

### 3. Girgis's Argument Is Not New

Girgis's argument also fails because he already made it and "motions to reconsider are not appropriate vehicles to advance arguments already rejected by the Court." *Metro Premium Wines,* *2011 WL 2909367, at \*1*. Girgis previously cited another Robbins Geller settlement brief and argued that "for final approval of securities class action settlements in other cases, Robbins Geller cautions courts not to consider the company's reported assets and to focus instead on its cash and cash equivalents." ECF No. 60 at 2-3 (excerpting Robbins Geller's final approval papers in *Eichenholtz v. VeriFone Holdings, Inc.*, No. 3:07-cv-06140-EMC (N.D. Cal. Dec. 16, 2013)). Girgis asserted that the arguments in this case are "belied" by Robbins Geller's "representations to courts" in the settlement context. ECF No. 60 at 1. That Girgis has added one more example where Robbins Geller referred to cash (as well as other factors such as "wasting insurance coverage") as a factor among many in assessing the reasonableness of the settlement in *Zimmerman* is neither "new" nor is it evidence of a "misrepresentation of facts concerning Diplomat's true financial condition." ECF No. 67 at 7. Girgis's motion should be denied because he is repeating a prior argument and has failed to show that this Court's conclusion that "this is not a limited fund scenario" (Order at 13) was erroneous, central to its decision, or based on a misapprehension of fact.

7

### C. Girgis's Remaining Arguments Were or Could Have Been Made And Do Not Support Reconsideration

Girgis advances three more arguments on reconsideration that were advanced and rejected or waived: (i) the factors this Court determined ameliorated any potential conflict are insufficient; (ii) no additional plaintiff should be added; and (iii) Girgis should be appointed co-lead plaintiff and his attorneys should be appointed as co-lead counsel. But as noted, "[a] motion for reconsideration is not an appropriate vehicle for relitigating arguments that the Court previously rejected or for arguing issues that could have been raised during the consideration of the motion presently under reconsideration." *F.D.I.C. v. Mahajan*, No. 11-cv-07590, 2013 WL 3771419, at *2 (N.D. Ill. July 16, 2013) (Kendall, J.).

First, in addition to rejecting Girgis's conflict argument as "speculative," the Court held "[e]ven if this were to become a limited fund scenario, the Court finds that any potential conflict created by Robbins Geller's representation of both classes is ameliorated by the fact that Robbins Geller has co-counsel in both actions ***and*** that a settlement in either matter would require court approval under Rule 23(e)." Order at 14 (emphasis added). The existence of additional counsel in both cases was previously presented to the Court. *See id.*; ECF No. 55 at 14. Girgis filed a sur-reply and could have, but failed to, address the issue. *See* ECF No. 60. Now in his ***fifth*** brief in support of his appointment as lead plaintiff, Girgis contends that "Robbins' co-counsel is not PSLRA appointed as co-lead and does not have an equal voice." ECF No. 67 at 4.

Not only is this argument untimely, but Girgis also waived the argument because he fails to cite a single case suggesting that co-counsel must be PSLRA appointed co-lead counsel. *See id.* at 4, 7; *Crespo v. Colvin,* 824 F.3d 667, 674 (7th Cir. 2016) (holding that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived"); *accord Craft v. Health Care Serv. Corp.,* No. 14-cv-05853, 2016 WL 1270433, at *12 (N.D. Ill.

8

Mar. 31, 2016) (Kendall, J.) (declining to consider undeveloped argument). Girgis does not dispute that the additional counsel would owe duties to its clients, nor does he dispute, as this Court noted, that the Court ultimately must approve any settlement pursuant to Rule 23(e). *See* Order at 14; ECF No. 67 at 7 (Girgis admitting: "Sure, the Court would have to approve any Class settlement . . . .").

Girgis's new claim that, in a settlement context, the "court only receives what Lead Counsel and Defendants want the Court to receive" is also incorrect. Federal Rule of Civil Procedure 23 enumerates the robust information that must be provided to and considered by the district court before any settlement is approved. *See* Fed. R. Civ. P. 23(e)(2). Courts can consider information not only from Lead Counsel and defendants, but also from the Lead Plaintiff and other class representatives with fiduciary duties to the class and the mediators who oversaw and facilitated negotiations, and courts can review any other circumstances relevant to a settlement. Moreover, Girgis and any other member of the class could file an objection to any proposed settlement if they thought there was additional information the court should consider. *See* Fed. R. Civ. P. 23(e)(5). Thus, Girgis's speculation is insufficient to show the Court committed a manifest error of law in finding that the existence of additional counsel and the requirement of judicial approval of any settlement ameliorate any potential conflict. *See* Order at 14 (emphasis added).

Second, Girgis contends "it is an error of law and contrary to the goals of the PSLRA, to hold that a movant's mere representation to include unknown (and unvetted) investors cures the movant's adequacy defects." ECF No. 67 at 4. But Girgis already made these arguments and the Court held that "[t]he Fund is ***not inadequate*** or atypical solely because it can only show losses related to one of the three disclosures at issue here." Order at 10.

Not only is Girgis's attempt to repeat this argument improper, but none of the five new cases Girgis cites support his argument. In *Zucker v. Zoran Corp.*, No. 3:06-cv-04843, ECF No.

9

79 (N.D. Cal. Feb. 21, 2007), unlike here, the court's "order did not authorize Middlesex to invite others into the case as additional plaintiffs" and that court therefore held that the new party "may not willy-nilly and unilaterally jump into this action without a proper motion to intervene or to be added as a party." *Id.* Here, by contrast, the Order expressly recognized that "[t]o the extent there are concerns about the Fund's incentives to pursue losses related to the second and third disclosures, the Fund has represented that it will ensure that class representatives are added to the amended consolidated complaint to ward off loss causation challenges" and "[g]iven its alleged losses, and its commitment to add class representatives whose losses derive from the second and third disclosures, the Fund has a substantial interest in the outcome of this case." Order at 10. In doing so, the Court quoted the Second Circuit's recognition that "'[n]othing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action. Rather, because the PSLRA mandates that courts must choose a party who has, among other things, the largest financial stake in the outcome of the case, it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim.'" *Id.* at 9 (quoting *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 (2d Cir. 2004)). Courts in this district have also permitted the addition of non-PSLRA appointed plaintiffs. *Compare, e.g.*, *Constr. Workers Pension Fund-Lake Cty. & Vicinity v. Navistar Int'l Corp.,* 114 F. Supp. 3d 633, 645 (N.D. Ill. 2015) (Ellis, J.) (granting motion to dismiss portion of class period for which appointed lead plaintiff did not have standing) *with Navistar,* No. 13-cv-02111, ECF No. 182 at ¶¶3, 5-6 (Nov. 1, 2016) (attached hereto as Ex. B) (granting final approval to settlement for entire class period where named plaintiff with standing for dismissed claims was added as class representative).[4] Each of the other four cases

---

[4]     *See also* Fed. R. Civ. P. 23(d) (granting discretion to district courts to "issue orders" to facilitate management of class actions); *In re Hollinger Int'l, Inc. Sec. Litig.*, 2006 WL 1806382, at *16 (N.D. Ill. June 28, 2006) (recognizing that "the Plaintiffs in this case will have little difficulty finding named plaintiffs who purchased stock after June 29, 2001" and "find[ing] it a more efficient use of resources to proceed by

10

Girgis cites involve a wholly distinct scenario in which the lead plaintiff *withdrew* from the case entirely. *See* ECF No. 67 at 9-11.

Third, Girgis already asked to be appointed co-lead plaintiff. *See, e.g.*, ECF No. 54 at 5-8, 14. The Court declined to join the parties and, if anything, the overwrought attacks advanced by Girgis and his counsel only confirm that appointing co-lead plaintiff and co-lead counsel would not be in the best interests of the class. *See generally Takara Tr. v. Molex Inc.*, 229 F.R.D. 577, 581 (N.D. Ill. 2005) (Castillo, J.) (holding the appointment of co-lead plaintiffs "could lead to substantial inefficiencies from over-lapping attorney work" and "could also harm the class by creating unnecessary costs").

## III. CONCLUSION

In summary, a "motion to reconsider may be brought 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Metro Premium Wines*, 2011 WL 2909367, at *1 (citation omitted). Girgis's reconsideration motion identifies neither errors of law nor of fact. Instead, Girgis's fifth attempt to rebut the presumption under the PSLRA that the Fund is the most adequate lead plaintiff only reveals his disappointment in having failed to do so in his four prior attempts.

For all the reasons set forth herein, Girgis's motion should be denied.

---

assuming that Plaintiffs will indeed produce the requisite named plaintiffs" ); *Ansfield v. Omnicare, Inc.*, 2012 WL 12924531, at *5 (E.D. Ky. Mar. 12, 2012) ("KBC acknowledged during oral argument it understood that, if selected lead plaintiff, it would have a fiduciary duty to the class as a whole and agreed it would undertake the analysis required to ensure all appropriate disclosure dates are included in the amended consolidated complaint").

4825-9523-8301.v2

DATED:  July 29, 2019

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
FRANK A. RICHTER (IL Bar # 6310011)


*/s/ James E. Barz*
JAMES E. BARZ

200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Lead Plaintiff

SULLIVAN, WARD, ASHER & PATTON, P.C.
MICHAEL J. ASHER
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI  48075
Telephone:  248/746-0700
248/746-2760 (fax)
masher@swappc.com

12

4825-9523-8301.v2

HESSIAN & McKASY P.A.
WILLIAM A. CUMMINGS
3700 RBC Plaza
60 South 6th Street
Minneapolis, MN  55402
Telephone:  612/746-5770
612/746-5755 (fax)

Additional Counsel for Lead Plaintiff

13

4825-9523-8301.v2

# Mailing Information for a Case 1:19-cv-01735 Iron Workers Local No. 25 Pension Fund, et al., v. Diplomat Pharmacy, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **James E Barz**
  jbarz@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James Wallace Ducayet**
  jducayet@sidley.com,james-ducayet-9115@ecf.pacerpro.com,efilingnotice@sidley.com

- **Lori Ann Fanning**
  LFanning@MillerLawLLC.com,MMiller@MillerLawLLC.com,ajewell@millerlawllc.com,drobinson@millerlawllc.com,JRamirez@millerlawllc.com

- **David Allan Geiger**
  dgeiger@sidley.com,efilingnotice@sidley.com,david-geiger-9990@ecf.pacerpro.com

- **Lucas Gilmore**
  lucasg@hbsslaw.com

- **Matthew Todd Hurst**
  mhurst@heffnerhurst.com,mheffner@heffnerhurst.com

- **Reed R Kathrein**
  reed@hbsslaw.com,danielles@hbsslaw.com,lisal@hbsslaw.com,sf_filings@hbsslaw.com

- **Daniel J. Kurowski**
  dank@hbsslaw.com,chi_filings@hbsslaw.com

- **Carl V. Malmstrom**
  malmstrom@whafh.com

- **Marvin Alan Miller**
  Mmiller@millerlawllc.com,ajewell@millerlawllc.com,LFanning@millerlawllc.com,drobinson@millerlawlllc.com,JRamirez@millerlawllc.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com

- **Nilofer Ibrahim Umar**
  numar@sidley.com,efilingnotice@sidley.com,nilofer-umar-6698@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`