# EXHIBIT A

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8332 | **DATE** | 4/30/2012 |
| **CASE TITLE** | City of Sterling Heights General Employees' Retirement System vs. Hospira et al | | |

**DOCKET ENTRY TEXT**

The Ironworker's Group's Motion for Reconsideration [67] is denied. No appearance is required on the 5/3/12 notice date.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

On April 18, 2012, after careful consideration of the competing motions in this case, the Court granted the amended motion of the Combined Institutional Investor Group to serve as lead plaintiff in this securities fraud case, and approved the selection of Motley Rice LLC and Robbins Geller Rudman & Dowd LLP as lead counsel. (*See* R. 63.) The Court denied the remaining motions, including the motion of the Iron Workers Local 580 – Joint Funds ("Iron Workers Local 580"), and Iron Workers Local 40 ("Iron Workers Local 40") (collectively, the "Ironworkers Group"). *See City of Sterling Heights General Employees' Ret. Sys. v. Hospira, Inc.*, No. 11 C 8332, 2012 WL 1339678 (N.D. Ill. Apr. 18, 2012) (the "April 18 Opinion.") The Ironworkers Group now asks the Court to reconsider its ruling. The motion is denied.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 54(b) permits the Court to exercise its inherent authority to reconsider its interlocutory orders. *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"). Motions for reconsideration under Rule 54(b) serve the limited function of correcting manifest errors of law or fact. *See Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). As the Seventh Circuit recently explained, "[i]t is well established that a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). Because of these exacting standards, issues appropriate for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Packaging Supplies, Inc. v. Harley-Davidson, Inc.*, No. 08 C 400, 2011 WL 5373975, at *3 (N.D. Ill. Nov. 4, 2011) (citing *Bank of Waunakee*, 906 F.2d at 1191). Whether to grant a motion for reconsideration is "entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *see also United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010).

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## ANALYSIS

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides guidelines for the appointment of a lead plaintiff in a securities class action case.  The Ironworkers Group contends that the Court relied on a manifest error of fact and committed a manifest error of law in ruling on the PSLRA lead plaintiff motions.  Both arguments fail.

First, the Ironworkers Group challenges the factual statement placed in a footnote in the April 18 Opinion:

> Despite this disagreement, the Court notes that in a different class action suit under the PSLRA, the same Ironworkers Group represented by the same counsel joined a stipulation filed prior to the hearing date in which all of the movings parties, except one, supported a joint proposal for appointment of a group of unrelated entities and their counsel to serve as lead plaintiff.  (R. 53-6, Transcript from *Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*, No. 08-6324 (D. Minn.).)

*Hospira, Inc.*, No. 11 C 8332, 2012 WL 1339678, at *3 n.2.  It contends that it never signed the stipulation referenced in this footnote.  Even assuming that the Ironworkers Group's representation is accurate, the Court simply "noted" this inconsistency in a *footnote* in its Opinion.  It did not rely on this factor in appointing the lead plaintiff in this case.  As such, it does not provide a basis for reconsideration.

Second, the Ironworkers Group argues that the Court's reliance on *Peters v. Jinkosolar Holding Co., Ltd.,* No. 11 Civ. 7133, 2012 WL 946875, at *10 (S.D.N.Y. March 19, 2012) was misplaced.  It argues that the "Court inadvertently cites to *Peters* in support of allowing a post-60 day grouping that manipulated the process to produce the largest financial interest."  (R. 69 at 7.)  The Court respectfully disagrees.

As the Seventh Circuit teaches, a manifest error of law "is the wholesale disregard, misapplication, or failure to recognize *controlling* precedent."  *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (emphasis added and  internal citations omitted).  *Peters* – a case from the Southern District of New York – is not controlling law.  Moreover, the April 18 Opinion makes clear that the Court not only recognized the guidance set forth in *Peters*, but relied on other cases as well, including the Third Circuit's opinion in *In re: Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001).  Of course, the facts of each case are unique and the April 18 Opinion addresses the facts presented in this case.

The Court also rejected the Ironworkers Group's argument that the Combined Institutional Investor Group manipulated the process here.  Although the Combined Institutional Investor Group amended its proposal after the initial motions, it nonetheless satisfied the requirements of the PSLRA based on the facts in this case.  As noted in the April 18 Opinion:

> Given all of the relevant factors, the Combined Institutional Investor Group is the most adequate plaintiff.  It is a small group that has the largest financial interest in the relief sought by the class.  The group has four members, thus they are small enough that they can adequately control and monitor the litigation.  *Cendant*, 264 F.3d at 267.  Although the Institutional Investor Group and the Laborers and Roofers Funds did not have a relationship that pre-dates this litigation, that fact is not dispositive, especially given the recent trend of alining small groups of sophisticated investors to serve as lead plaintiff even if they do not have pre-existing relationships.  *See Bang*, 2011 WL 91099, at *2.  The Combined Investor Group is not "simply an artifice cobbled together by cooperating counsel for the obvious purpose of creating a large enough grouping of investors to qualify as lead plaintiff," but is instead a "small, and presumptively cohesive" group of sophisticated and knowledgeable investors with aligned interests.  *See Goldstein*, 2011 WL 6075861, at *6.  Through their affidavits, the Group's members have established that they intend to work together cooperatively and cohesively in this litigation.  They have set forth a general working strategy which supports that they will function smoothly and coordinate the litigation strategy and decision making in this litigation.  This presumption has not been rebutted.

*Hospira, Inc.*, No. 11 C 8332, 2012 WL 1339678, at * 8.

In its current motion, the Ironworkers Group ignores the full holding set forth in the April 18 Opinion, as well as the specific facts provided by the Combined Institutional Investor Group. It further ignores the importance that the Court placed on the diversity of the Combined Institutional Investor Group. Given all of the factors in the case, it is significant – as noted in the April 18 Opinion – that the Combined Institutional Investor Group is comprised of both pension funds and a large institutional investor that provides financial and insurances services. As noted, "[t]his diversity, along with the Combined Institutional Investor Group's largest financial interest in this litigation and the other factors discussed above, makes it the most capable of adequately representing the interests of the class members." *Id.* The Ironworkers Group has failed to meet its heavy burden in seeking reconsideration.