UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| CHASE MORTIMER, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>      v.<br><br>DIPLOMAT PHARMACY, INC., BRIAN T. GRIFFIN, JEFFREY PARK, JOEL SABAN, and ATAL KAVTHEKAR,<br><br>              Defendants. | Case No. 1:19-cv-01735 **(Consolidated)**<br><br>CLASS ACTION<br><br>Hon. Virginia M. Kendall |

**ARSANY GIRGIS'S RESPONSE TO IRON WORKERS LOCAL NO. 25 PENSION FUND'S MOTION FOR LEAVE TO PROVIDE NOTICE OF SUBSEQUENT EVENT RELEVANT TO ARSANY GIRGIS'S MOTION FOR RECONSIDERATION**

On August 21, 2019 – just over one month after being appointed lead plaintiff based on inconsistent factual representations concerning the financial solvency of Diplomat Pharmacy, Inc. – Iron Workers Local No. 25 Pension Fund (the "Iron Workers") sought leave to file a notice of subsequent events (ECF No. 72, "Notice"). Specifically, Iron Workers submits the approval of the class settlement and final judgment in *Zimmerman v. Diplomat Pharm., Inc. et al.*, No. 2:16-cv-14005-AC-SDD (E.D. Mich.) ("*Zimmerman*") as proof that the materially inconsistent statement to this Court about Diplomat's ability to pay is no longer relevant. Movant Arsany Girgis respectfully submits that while the facts may be judicially noticed they are not complete – other factors still need to be considered, and the other grounds for reconsideration remain unresolved.

Iron Workers states, in pointing out that the class settlement in *Zimmerman* has now been approved and final judgment entered:

> Reflecting the quality of representation Robbins Geller provided in that case, no class member objected to or opted out of the settlement so that case is over. *See id.* at 2.

Notably, the Notice is silent on whether Iron Workers corrected its representations to the *Zimmerman* court to support a settlement recovery 5.5 - 7.3 % of class members' damages, or whether corrective notice had been sent to the class prior to final approval and judgment. Without having done so, a Rule 60 motion by any class member – which may be brought at any time during the next year – remains a possible, but admittedly remote threat. We believe the reality is what they told the Michigan court, and class member investors will see it that way.

More importantly, even if the conflict created by Diplomat's solvency is now moot, the issue concerning Iron Workers' lack of standing for the post-November 2018 class remains. As addressed by Girgis in the motion for reconsideration, the Order recognizes that Iron Workers sold all of its Diplomat shares after the first of three alleged disclosures and therefore runs the

- 1 -

risk of losing standing by having sold all of its shares before the "truth" was allegedly revealed. Nevertheless, the Order suggests this fundamental risk of losing class members' most valuable claims and conflict with Class members may be mitigated through Iron Workers' commitment to add new, unidentified and unvetted parties to this action. Girgis respectfully submitted that it is an error of law to permit Iron Workers to select completely unknown investors to remedy Iron Workers' potential standing defect and fundamental conflict with Class members. This practice would revert to the pre-PSLRA practice, now forbidden, of allowing the attorneys to handpick the class representative. Rather, the PSLRA requires that the Court appoint a timely movant who demonstrates typicality and adequacy, including standing to pursue class members' claims.

Finally, left unresolved are the following issues raised in Girgis's Reconsideration Motion, which warrant and require attention now, not later:

1. The real risk that Iron Workers lacks incentive to represent later purchasers in a yet to be filed amended complaint, and if the Court finds that the facts do not sufficiently plead a strong inference of scienter for statements after Iron Worker's pre-November purchases, the case is over and cannot be resurrected by those who purchased after the November alleged disclosure; and

2. The danger of Iron Workers settling early and on the cheap should Iron Workers realize, through investigation or discovery, that the facts do not support Iron Workers' claim regarding the first disclosure.

The confluence of these risks weigh in favor of appointing multiple lead plaintiffs so that class members' interests can be adequately represented and all claims zealously pursued. In fact, in seeking to be named lead or co-lead in the securities class action against Boeing, in front of Judge Tharp, Iron Workers' counsel, here, argued "it is important that the case be prosecuted by the "person or *group of persons*" that this Court finds, in light of all factors, are "most capable of adequately representing the interests of the class members." Labourers' Pension Fund of Central and Eastern Canada Response Re: Lead Plaintiff Mtn., *Seeks v. The Boeing Company*, No. 1:19-

cv-02394, ECF 95 at 1 (N.D. Ill. July 19, 2019) (citing 15 U.S.C. §78u- 4(a)(3)(B)(iii)(I)).

Counsel further argued that "the 'combination of institutional and individual investors with a significant financial interest in this case serves to protect the interests of the class' because 'more diverse groups can better serve the interests of class members in securities class actions.'" *Id.* at 2 (quoting *Sokolow v. LJM Funds Mgmt., Ltd.,* No. 1:18-cv-01039, 2018 WL 3141814, at \*4-\*5 (N.D. Ill. June 26, 2018) (Dow, Jr., J.) *citing inter alia Laborers Local 1298 Pension Fund v. Campbell Soup Co.,* No. 1:00-cv-00152, 2000 WL 486956, at \*3 (D.N.J. Apr. 24, 2000) (appointing two competing movants as co-lead plaintiffs in view of the desirability of having both institutional investors and individual investors as lead plaintiffs "since each may bring a unique perspective to the litigation").

The rationale of appointing a combination of investors as lead plaintiff applies with even greater force here. Indeed, in *LJM Funds* and *Campbell Soup* the lead plaintiff combination was deemed warranted simply to ensure a diversity of viewpoints. Here there are fundamental issues that can affect representation of the class which justify the combination—standing and conflicting incentives.

Accordingly, Arsany Girgis respectfully requests that this Court partially reconsider its order, appoint Arsany Girgis as co-lead plaintiff, and approve Hagens Berman Sobol Shapiro LLP as lead or co-lead counsel.

DATED: August 28, 2019

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By */s/ Reed R. Kathrein*

Reed R. Kathrein
Danielle Smith
Lucas E. Gilmore
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202

Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
danielles@hbsslaw.com
lucasg@hbsslaw.com

Daniel J. Kurowski
HAGENS BERMAN SOBOL SHAPIRO LLP
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
dank@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

*Counsel for [Proposed] Lead Plaintiff Arsany Girgis*

- 4 -

- 1 -

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Reed R. Kathrein*
REED R. KATHREIN

010828-11 1184768 V1

- 1 -