UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| CHASE MORTIMER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:19-cv-01735 **(Consolidated)** |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) | Honorable John F. Kness |
| DIPLOMAT PHARMACY, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

LEAD PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

4826-1519-2040.v1

Lead Plaintiff ("Plaintiff") respectfully requests leave to file the attached supplemental authority in support of its Opposition to Defendants' Motion to Dismiss ("Opposition" or "Opp.") (ECF No. 105). In support thereof, Plaintiff states as follows:

1. This securities class action arises from Defendants' alleged false and misleading statements claiming, for example, that Diplomat's acquisition and integration of two PBM businesses was a success because they were adding more clients and improving their client retention rates. Opp. at 2-11. As alleged in the Complaint, in truth, the integration of the new business was a financial failure because Defendants terminated legacy PBM management and suffered service failures in migrating the PBM customers onto a single platform, both of which hurt those client relationships and resulted in declining service levels and massive client losses. *Id.*

2. In moving to dismiss, Defendants advanced a number of disputed legal arguments in claiming that Plaintiff failed to plead two elements of its claim: falsity and scienter. ECF No. 94 at 10-25; ECF No. 107 at 3-15; *see also* Opp. at 12-25 (refuting Defendants' arguments). After completion of briefing on that motion, the Honorable Virginia M. Kendall issued an opinion in *Flynn v. Exelon Corp.*, which addressed several of the same disputed legal arguments made in this case. *See* Ex. A. Thus, Plaintiff submits that this motion should be granted.

3. First, in their reply brief, Defendants acknowledged that the Complaint adequately alleged that the concealed service failures existed by no later than August 2018 (ECF No. 107 at 4-5), which would render their statements to the contrary false and misleading. *See, e.g.*, ECF No. 82, ¶¶64-74. However, Defendants suggested that an inference should be drawn in their favor that those service failures and customer complaints did not exist before August 2018. *See* ECF No. 107 at 4-5; Opp. at 24-25 & n.10. But, as held in *Exelon*, "it is inappropriate at the motion to dismiss stage to resolve questions of fact" and "the Court need not resolve whether the statements were actually

- 1 -

false; it is enough that Plaintiff has described with particularity why he believes the statement to be misleading." Ex. A at *7.

4.      Second, Defendants argued that Plaintiff's "circumstantial theories of scienter" were a "hodgepodge" and "mishmash" of arguments that courts purportedly "routinely reject." ECF No. 107 at 2, 10. However, the court in *Exelon* held that "Plaintiff pled a number of circumstances that give rise to an inference of scienter" as to several defendants based on a combination of circumstantial evidence similar to that alleged in this case. *See* Ex. A at *10-*11.

5.      Relatedly, Defendants in this case suggested that direct evidence of scienter is required, such as an "internal first-hand source" or "written reports" indicating "who knew what and when." ECF No. 94 at 17-18; *see also* ECF No. 107 at 2, 10. Knowing that investors do not have access to such documents of direct evidence prior to discovery, Defendants attempted to set the bar so high it could almost never be met. But, as the court held in *Exelon*, it is "'reasonable to assume top management [was] aware of matters central to that business's operation.'" Ex. A at *10 (citation omitted). Although there was no first-hand source or documents directly proving that several defendants in *Exelon* knew of the alleged bribery scheme, the court found that the totality of circumstantial allegations adequately alleged scienter, including that the defendants "oversaw" the relevant business activities, "had access to internal corporate documents and conversations with officers and employees, reviewed reports on the topics on which they spoke, and made public statements as well as by signing public filings." *Id.* at *10.[1] The same is true here. *See* Opp. at 18-25 (citing similar and additional allegations supporting scienter).

---

[1]      Although the company in *Exelon* admitted the bribery scheme in a deferred prosecution agreement and terminated a defendant, none of the other individual defendants (including the CEO) were identified in those admissions or fired, yet the court inferred scienter from the totality of circumstantial allegations. *See id.* at *2, *9-*11.

- 2 -

6. Third, Defendants suggested that scienter can only be supported by a motive based on financial gain from a defendant's stock sales. ECF No. 107 at 11. However, while financial motive is not required to allege scienter, it can support an inference of scienter and can be present absent insider stock sales. *See* Ex. A at *10 (citing cases). More specifically, in *Exelon* the court held that the financial benefit to the defendants from concealing the undisclosed information provided motive and contributed to the inference of scienter. *Id.* Here, Plaintiff has likewise alleged that concealing the negative financial impact of the failed acquisitions was important to Defendants because they were seeking potential acquisition partners. *See* Opp. at 18-19.

7. In summary, the court in *Exelon* affirmed, as other courts have in the past, that fact disputes are premature on a motion to dismiss and scienter can be adequately alleged based on the totality of circumstantial allegations even in the absence of direct proof, both of which support denial of the motion to dismiss in this case. Undersigned counsel for Plaintiff has conferred with defense counsel, and Defendants do not oppose the filing of this motion, on the condition that they be afforded a response of no more than three pages. Plaintiff respectfully requests that this motion be granted.

DATED: May 10, 2021

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
FRANK A. RICHTER (IL Bar # 6310011)
GINA M. BUSCHATZKE (IL Bar # 6332510)

s/ Frank A. Richter
FRANK A. RICHTER

- 3 -

4826-1519-2040.v1

200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
frichter@rgrdlaw.com
gbuschatzke@rgrdlaw.com

Lead Counsel for Lead Plaintiff

ASHERKELLY
MICHAEL J. ASHER
25800 Northwestern Highway, Suite 1100
Southfield, MI 48075
Telephone: 248/746-2710
248/747-2809 (fax)
masher@asherkellylaw.com

HESSIAN & McKASY P.A.
WILLIAM A. CUMMINGS
3700 RBC Plaza
60 South 6th Street
Minneapolis, MN 55402
Telephone: 612/746-5770
612/746-5755 (fax)

Additional Counsel for Lead Plaintiff

- 4 -

4826-1519-2040.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 10, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Frank A. Richter
FRANK A. RICHTER

ROBBINS GELLER RUDMAN
    & DOWD LLP
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)

E-mail:  frichter@rgrdlaw.com

4826-1519-2040.v1

# Mailing Information for a Case 1:19-cv-01735 Iron Workers Local No. 25 Pension Fund, et al., v. Diplomat Pharmacy, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **James E Barz**
  jbarz@rgrdlaw.com,cbarrett@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James Wallace Ducayet**
  jducayet@sidley.com,james-ducayet-9115@ecf.pacerpro.com,efilingnotice@sidley.com

- **Lori Ann Fanning**
  LFanning@MillerLawLLC.com,MMiller@MillerLawLLC.com,ajewell@millerlawllc.com,drobinson@millerlawllc.com,JRamirez@millerlawllc.com

- **Matthew Todd Hurst**
  mhurst@heffnerhurst.com,mheffner@heffnerhurst.com

- **Carl V. Malmstrom**
  malmstrom@whafh.com

- **Marvin Alan Miller**
  Mmiller@millerlawllc.com,ajewell@millerlawllc.com,LFanning@millerlawllc.com,drobinson@millerlawlllc.com,JRamirez@millerlawllc.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com,E_File_SD@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com

- **Andrew Flynn Rodheim**
  arodheim@sidley.com,efilingnotice@sidley.com,andy-rodheim-4196@ecf.pacerpro.com

- **Nilofer Ibrahim Umar**
  numar@sidley.com,efilingnotice@sidley.com,nilofer-umar-6698@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)