**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IRON WORKERS LOCAL NO. 25 PENSION FUND, et al., | Case No. 1:19-cv-01735 |
| Plaintiffs, | Hon. John F. Kness |
| v. | |
| DIPLOMAT PHARMACY, INC., et al., | |
| Defendants. | |

**DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S UNOPPOSED
MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

In response to Lead Plaintiff's ("Plaintiff") Unopposed Motion For Leave To File

Supplemental Authority ("Mot.") (D.E. 110), Defendants Diplomat Pharmacy, Inc., Brian

Griffin, Jeffery Park, Joel Saban, and Atul Kavthekar ("Defendants") state as follows:

1.      The facts in *Flynn v. Exelon Corp.*, No. 19 C 8209, 2021 WL 1561712 (N.D. Ill.

Apr. 21, 2021) are nothing like those at issue here. In *Flynn*, the plaintiff alleged "a series of

false and misleading statements that concealed an eight-year bribery scheme." *Id.* at *1.

Critically, the company's subsidiary had entered into a Deferred Prosecution Agreement

("DPA"), in which it admitted that it made payments to political allies of a public official

throughout the relevant period. *Id.* at *2. The DPA further admitted that senior executives were

aware of the payments from their inception and aware that the purpose of the payments was to

influence and reward the public official to whom bribes were paid. *Id.* The Consolidated

Complaint (the "Complaint" or "CC") (D.E. 82) alleges nothing remotely similar.

2.      First, while it is true that "it is inappropriate at the motion to dismiss stage to

resolve questions of fact" (Mot. ¶ 3 (quoting *Flynn*, 2021 WL 1561712, at *7)), the PSLRA

requires plaintiffs to "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007) (quoting 15 U.S.C. § 78u–4(b)(1)). In *Flynn*, the court held that that the plaintiff met this standard because he "describe[d] over several paragraphs in his Complaint why the statements were false and misleading when made." 2021 WL 1561712, at *7. This holding follows from the DPA, which admitted to the alleged eight-year bribery scheme and stated that senior executives were aware of the scheme since its inception. *Id.* at *2. Here, by contrast, Plaintiff's own Complaint undermines its theory that Defendants' statements regarding service failures and customer complaints were false when made; Defendants are not, as Plaintiff suggests, asking the Court to draw any inference in their favor. (*See* Mot. ¶ 3.) While Plaintiff baselessly asserts there were service failures as early as the first alleged misstatements in February 2018, the Complaint's *only* allegation regarding the timing of customer service issues is that they occurred in "mid to through third quarter of '18." (D.E. 107 at 4–5 (quoting CC ¶ 100).)

3.      Second, and contrary to Plaintiff's suggestion, Defendants do not argue "that direct evidence of scienter is required." (Mot. ¶ 5.) Rather, Plaintiff's circumstantial scienter theories are deficient under the standard set forth in *Tellabs*: "in determining whether the pleaded facts give rise to a 'strong' inference of scienter, the court must take into account plausible opposing inferences." 551 U.S. at 323. As Defendants have explained, Plaintiff's scienter allegations "do not give rise to a strong inference that any of the Defendants acted fraudulently with regard to any statement at issue," and "[t]he far more compelling inference is that the Company entered into a new and highly competitive business, lost customers and struggled to win new business during its compressed 2019 PBM selling season, and disclosed those losses … as they became known." (D.E. 94 at 25; *see also* D.E. 107 at 14–15.) *Flynn* is not to the contrary.

Based on the circumstantial allegations of scienter there—including the DPA—the court found the inference of fraudulent intent more compelling than any innocent interpretation. *See Flynn*, 2021 WL 1561712 at *2, *10.[1]

4.     Third and finally, it is not true that Defendants suggested scienter "can only be supported by a motive based on financial gain from a defendant's stock sales." (Mot. ¶ 6.) Rather, Defendants have explained that Plaintiff's motive theory—that Defendants sought to increase the Company's stock price to facilitate a transaction—is unavailing because it is a generalized theory that applies to virtually every company considering an acquisition. (D.E. 94 at 24 (citing cases); D.E. 107 at 11 (citing cases).) *Flynn*, on the other hand, involved a clear financial benefit from the alleged bribery scheme. 2021 WL 1561712, at *10.

For the foregoing reasons and those stated in Defendants' Memorandum In Support Of Defendants' Motion To Dismiss The Consolidated Complaint (D.E. 94) and Defendants' Reply Memorandum In Support Of Defendants' Motion To Dismiss The Consolidated Complaint (D.E. 107), the Court should dismiss Plaintiff's Complaint with prejudice.

---

[1] It is true that the court in *Flynn* mentioned the defendants' role in the company and access to information. (Mot. ¶ 5 (citing *Flynn*, 2021 WL 1561712, at *10.) While such facts might support an inference of scienter when combined with other circumstantial evidence (like a DPA), Defendants explained in their briefing why their positions in the Company and access to information do not help Plaintiff here. (D.E. 94 at 21–22 (citing cases); D.E. 107 at 12–13 (citing cases).)

3

Dated: May 18, 2021

Respectfully submitted,

By: */s/ James W. Ducayet*

James W. Ducayet (IL Bar # 6236997)
Nilofer I. Umar (IL Bar # 6297810)
Andrew F. Rodheim (IL Bar # 6327514)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036
jducayet@sidley.com
numar@sidley.com
arodheim@sidley.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May, 2021, I caused to be electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ James W. Ducayet

James W. Ducayet
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036
jducayet@sidley.com

*Counsel for Defendants*