**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IRON WORKERS LOCAL NO. 25 PENSION FUND, et al., | Case No. 1:19-cv-01735 |
| Plaintiffs, | Hon. John F. Kness |
| v. | |
| DIPLOMAT PHARMACY, INC., et al., | |
| Defendants. | |

**DEFENDANTS' UNOPPOSED
<u>MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY</u>**

Defendants Diplomat Pharmacy, Inc., Brian Griffin, Jeffery Park, Joel Saban, and Atul Kavthekar ("Defendants") respectfully request leave to file the attached supplemental authority in support of Defendants' Motion to Dismiss. (D.E. 91.) Counsel for Defendants has conferred with counsel for Plaintiffs, and Plaintiffs do not object to the filing of this motion, on the condition that they may be afforded a response of not more than three pages. In support thereof, Defendants state as follows:

1.      On August 10, 2021, the Seventh Circuit issued its opinion in *City of Taylor Police & Fire System v. Zebra Technologies Corp.*, No. 20-3258. (*See* Exhibit A.) In *Zebra*, the plaintiffs alleged that Zebra, its CEO, and its CFO "duped investors by knowingly issuing false statements about the integration of Motorola's assets with Zebra's." *Id.* at 2. The plaintiffs complained, for example, that Zebra gave overly-optimistic and misleading projections regarding the "synergies" of the integration, misrepresented the costs of the integration, and that "Zebra's executives knew about issues plaguing integration but told investors that all was well with the process." *Id.* at 2–3.

2.      The Seventh Circuit affirmed the district court's dismissal of plaintiffs' complaint under the PSLRA. First, it held that plaintiffs failed to adequately allege that any statements were materially false or misleading. *Id.* at 3–4. The court explained that there is no obligation of "'total corporate transparency,'" and "[a] corporation need not couple each piece of good news with disclosure of some tangential difficulty." *Id.* at 3 (quoting *City of Livonia Emps.' Ret. Sys. v. Boeing Co.*, 711 F.3d 754, 759 (7th Cir. 2013)). And the court also held that the Zebra CEO's statement that the integration was "progressing as planned" was non-actionable puffery. *Id.* at 4.

3.      Second, the Seventh Circuit held that the plaintiff failed to adequately allege a strong inference of scienter. *Id.* at 4–6. The court emphasized that plaintiffs must "plead facts rendering an inference of scienter *at least as likely as* any plausible opposing inference." *Id.* at 4 (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 328 (2007)). The court then compared plaintiffs' theory—that "Zebra's executives knew early in the process that consolidation would be costlier and more difficult than anticipated" but "[r]ather than disclosing difficulties or simply saying nothing, [Zebra's CEO and CFO] chose to hoodwink investors into thinking that integration was seamless"—with the competing inference that integration difficulties came to light over time, "early positive statements stemmed not from fraudulent intent but limited knowledge and optimism," and "Zebra later disclosed these difficulties" when "[t]he process did not proceed as smoothly as [it] hoped." *Id.* at 4–5. The court held that the competing inference "offers a better fit for the facts alleged in the complaint." *Id.* at 5.

4.      Plaintiffs' complaint here fails to satisfy the heightened pleading standards of the PSLRA for many of the same reasons that the complaint in *Zebra* was insufficient. For example, plaintiffs failed to adequately allege that defendants made materially false or misleading statements in part because many of the alleged misstatements were generic positive statements

about the integration. (*See* D.E. 94 at 15 (citing D.E. 82 ¶¶ 58(a)–(b), 59, 60(b)–(c), 60(e), 64, 65(c), 65(h), 68(a), 69(a)–(c), 73(a)–(b).) Such statements "express[] only vague optimism" and are not actionable under the PSLRA. *See Zebra*, slip op. at 4.

5.     Additionally, Plaintiffs' scienter allegations fail because the inference of non-culpable conduct is stronger than plaintiffs' competing inference. As Defendants have explained, "[t]he far more compelling inference is that the Company entered into a new and highly competitive business, lost customers and struggled to win new business during its compressed 2019 PBM selling season, and disclosed those losses … as they became known." (D.E. 94 at 25; *see also* D.E. 107 at 14–15.) Like in *Zebra*, Diplomat's integration of its newly acquired PBM subsidiaries was an "ongoing process," and for that reason "the full extent" of the "roadblocks" that eventually arose "[took] time to come to light." *See Zebra*, slip op. at 6. In, short, as the Seventh Circuit concluded, "[u]nexpected difficulties that crop up in any corporate consolidation are a business problem, not a securities problem." *Id.* at 7.

For the foregoing reasons and those stated in Defendants' Memorandum In Support Of Defendants' Motion To Dismiss The Consolidated Complaint (D.E. 94) and Defendants' Reply Memorandum In Support Of Defendants' Motion To Dismiss The Consolidated Complaint (D.E. 107), the Court should dismiss the Complaint with prejudice.

Dated: August 13, 2021

Respectfully submitted,

By: */s/ James W. Ducayet*

James W. Ducayet (IL Bar # 6236997)
Nilofer I. Umar (IL Bar # 6297810)
Andrew F. Rodheim (IL Bar # 6327514)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036
jducayet@sidley.com
numar@sidley.com
arodheim@sidley.com

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of August, 2021, I caused to be electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to all counsel of record.

<u>/s/ James W. Ducayet</u>

James W. Ducayet
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036
jducayet@sidley.com

*Counsel for Defendants*