UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| CHASE MORTIMER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:19-cv-01735 **(Consolidated)** |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) | Honorable John F. Kness |
| DIPLOMAT PHARMACY, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

LEAD PLAINTIFF'S RESPONSE TO DEFENDANTS' UNOPPOSED MOTION FOR LEAVE
TO FILE SUPPLEMENTAL AUTHORITY

4843-7921-5351.v1

Lead Plaintiff Iron Workers Local No. 25 Pension Fund submits this response to Defendants' filing of supplemental authority (ECF No. 113). While the Seventh Circuit affirmed dismissal of a securities case in *City of Taylor Police & Fire Sys. v. Zebra Techs. Corp.*, No. 20-3258, 2021 WL 3503430 (7th Cir. Aug. 10, 2021), its reasoning actually supports denial of the motion to dismiss in this case.

1.      First, *Zebra* is clearly distinguishable. That case involved forward looking predictions that turned out to be modestly inaccurate. The Seventh Circuit affirmed dismissal because "predicting the future is an uncertain enterprise." *Id.* at *3. The Seventh Circuit addressed the challenged predictions regarding estimated savings of the merger by noting that the lead plaintiff "does not allege that those [savings] estimates are untrue; rather, it contends that they are misleading when not coupled with more information about the ongoing costs of consolidation." *Id.* at *1. The Seventh Circuit found that it was not misleading to accurately state savings estimates without disclosing completely separate costs because "[a] corporation need not couple each piece of good news with disclosure of some tangential difficulty." *Id.* In addition, the Seventh Circuit affirmed dismissal of predictions of post-merger profit margins that were off by "just over one percentage point" because the "Securities Exchange Act does not demand perfection from forecasts, which are inevitably inaccurate." *Id.* at *2. Notably, the actual profit margin achieved of 44.2% was not far off the predicted 45.5% margin. *Id.* at *1. Since the statements were not misleading, the Seventh Circuit found scienter also had not been alleged. *Id.* at *2.

2.      This case involves statements of historical fact, not predictions. Here, it is alleged that Defendants concealed customer dissatisfaction and customer losses that had already occurred as a result of Defendants' prior decisions to terminate legacy pharmacy benefit manager ("PBM") employees and transition customers to a new platform, not that Defendants failed to accurately predict what customer satisfaction and retention rates would end up being after integration. For

- 1 -

example, the challenged statements in this case such as: (i) Defendants were "extremely pleased" with "the actual conversations" they were having with PBM clients (¶65(i)); (ii) the Company's client "retention rate is typical, if not a little bit better than most PBMs" (¶73(i)); (iii) they were "seeing some early new client wins" (¶73(e)); (iv) "[f]eedback from consultants, clients and prospective clients . . . has been positive" (¶65(d)); (v) "[p]roposal volume for the month of July was approximately double what we saw a year ago" (¶*id.*); (vi) "what we see in NPS and with LDI . . . both have long durable relationships with their customers" (¶58(d)); and (vii) customer losses were limited to "a few small and low-margin clients" (¶60(c)), were all statements of present or historical fact, not predictions of future events. (All "¶__" references are to the Consolidated Complaint (ECF No. 82)). The statements were misleading, among other reasons, because customers were not renewing their contracts, most of the PBM business was being lost, legacy employees with the strong customer relationships had been terminated, and Defendants even had to hire special consultants to attempt to stem the flow of losses. ECF No. 105 at 5, 9-11.

3.      Second, the *Zebra* decision supports denial of the motion to dismiss in this case because it explains the difference between present-tense statements and predictions. In affirming dismissal of predictions that turned out to be modestly inaccurate, the Seventh Circuit made clear that the law demanded more of corporate executives, and it was much easier to plead a case, with regard to historical statements. The Seventh Circuit questioned the pleading strategy by noting that "Zebra made retrospective disclosures about the difficulties it encountered (and surmounted) when integrating Motorola's assets, but none has been challenged." *Zebra* at *3. The Seventh Circuit emphasized the significance of the difference by stating that "[r]etrospective disclosures can and should be precise because corporations generally possess good information about completed operations." *Id.* In addition, the Seventh Circuit reaffirmed that it is easier to infer scienter from historical statements, explaining:

- 2 -

The plausibility of potential inferences depends on context. An inference of scienter may be warranted when a corporate executive communicates false retrospective information to investors. Typically, an executive will be privy to good historical information about the inner workings of her own corporation. As a result, securities law demands precision from retrospective disclosures.

*Id.*

4.      This case succeeds, where *Zebra* failed, because it does not challenge predictions of customer retention rates or satisfaction at the end of integration, but challenges misleading statements regarding customer retention rates and satisfaction that had purportedly been achieved at the stage of integration when the statement was made.  Thus, the "securities law demand[ed] precision" from Defendants when speaking of historical facts and the inference of scienter is more plausible than any competing inference because it can be inferred that "an executive will be privy to good historical information about the inner workings of her own corporation."  *Id.*

5.      Third, *Zebra* supports denial of the motion to dismiss in this case because it highlights the significance of a small miss and a big miss in analyzing falsity and scienter.  The merger was a success in *Zebra* with a high profit margin (albeit one percent lower than predicted) and "[a]lthough the cost proved higher than expected, Zebra achieved the goal of consolidating its operations with Motorola's."  *Id.* at *2.  In contrast, despite Defendants' positive assessments, Diplomat's acquisition of the PBM business was an unmitigated failure that resulted in the Company nearly going bankrupt, its stock price dropping from $28 to $3 showing that the statements were not immaterial puffery, the loss of nearly all the PBM customers, and Defendants' admission that the "challenges in the PBM business are likely insurmountable at this point."  ECF No. 105 at 6-7; ¶97. Thus, as previously argued, this case is more like *Flynn v. Exelon Corp.*, No. 1:19-cv-08209 (N.D. Ill. 2021), which denied the motion to dismiss, and unlike the unique facts of *Zebra*, which failed to persuade the Seventh Circuit.

DATED:  August 19, 2021

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
FRANK A. RICHTER (IL Bar # 6310011)
GINA M. BUSCHATZKE (IL Bar # 6332510)
CAMERAN M. GILLIAM (IL Bar #  6332723)

s/ James E. Barz
JAMES E. BARZ

200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
frichter@rgrdlaw.com
gbuschatzke@rgrdlaw.com
cgilliam@rgrdlaw.com

Lead Counsel for Lead Plaintiff

ASHERKELLY
MICHAEL J. ASHER
25800 Northwestern Highway, Suite 1100
Southfield, MI  48075
Telephone:  248/746-2710
248/747-2809 (fax)
masher@asherkellylaw.com

- 4 -

4843-7921-5351.v1

- 5 -

HESSIAN & McKASY P.A.
WILLIAM A. CUMMINGS
3700 RBC Plaza
60 South 6th Street
Minneapolis, MN  55402
Telephone:  612/746-5770
612/746-5755 (fax)

HOLZER & HOLZER, LLC
COREY D. HOLZER
211 Perimeter Center Parkway, Suite 1010
Atlanta, GA  30346
Telephone:  770/392-0090
770/392-0029 (fax)
cholzer@holzerlaw.com

Additional Counsel for Lead Plaintiff

4843-7921-5351.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 19, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ James E. Barz
JAMES E. BARZ

ROBBINS GELLER RUDMAN
     & DOWD LLP
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)

E-mail: jbarz@rgrdlaw.com

4843-7921-5351.v1

Case: 1:19-cv-01735 Document #: 116 Filed: 08/19/21 Page 8 of 8 PageID #:2141
CM/ECF LIVE, Ver 6.3.3 - U.S. District Court, Northern Illinois

# Mailing Information for a Case 1:19-cv-01735 Iron Workers Local No. 25 Pension Fund, et al., v. Diplomat Pharmacy, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **James E Barz**
  jbarz@rgrdlaw.com,cbarrett@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Gina Buschatzke**
  gbuschatzke@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **James Wallace Ducayet**
  jducayet@sidley.com,james-ducayet-9115@ecf.pacerpro.com,efilingnotice@sidley.com

- **Lori Ann Fanning**
  LFanning@MillerLawLLC.com,MMiller@MillerLawLLC.com,ajewell@millerlawllc.com,drobinson@millerlawllc.com,JRamirez@millerlawllc.com

- **Cameran Gilliam**
  cgilliam@rgrdlaw.com

- **Matthew Todd Hurst**
  mhurst@heffnerhurst.com,mheffner@heffnerhurst.com

- **Carl V. Malmstrom**
  malmstrom@whafh.com

- **Marvin Alan Miller**
  Mmiller@millerlawllc.com,ajewell@millerlawllc.com,LFanning@millerlawllc.com,drobinson@millerlawlllc.com,JRamirez@millerlawllc.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com,E_File_SD@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com

- **Andrew Flynn Rodheim**
  arodheim@sidley.com,efilingnotice@sidley.com,andy-rodheim-4196@ecf.pacerpro.com

- **Nilofer Ibrahim Umar**
  numar@sidley.com,efilingnotice@sidley.com,nilofer-umar-6698@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)