UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| CHASE MORTIMER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:19-cv-01735 **(Consolidated)** |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) | Honorable John F. Kness |
| DIPLOMAT PHARMACY, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

LEAD PLAINTIFF'S SECOND UNOPPOSED MOTION FOR LEAVE TO FILE
SUPPLEMENTAL AUTHORITY

4841-7370-7514.v1

Lead Plaintiff ("Plaintiff") respectfully requests leave to file the attached supplemental authority in support of its Opposition to Defendants' Motion to Dismiss the Consolidated Complaint ("Opp.") (ECF No. 105). In support thereof, Plaintiff states as follows:

1.      This securities class action arises from Defendants' alleged false and misleading statements claiming, for example, that Diplomat's acquisition and integration of two PBM businesses was a success because they were adding more clients and improving their client retention rates. Opp. at 2-11. As alleged in the Complaint, in truth, the integration of the new business was a financial failure because Defendants terminated legacy PBM management and suffered service failures in migrating the PBM customers onto a single platform, both of which hurt those client relationships and resulted in declining service levels and massive client losses. *Id.*

2.      In moving to dismiss, Defendants advanced a number of disputed legal arguments in claiming that Plaintiff failed to plead two elements of its claim: falsity and scienter. ECF No. 94 at 10-25; ECF No. 107 at 3-15; *see also* Opp. at 12-25 (refuting Defendants' arguments). After completion of briefing on that motion, both Plaintiff and Defendants each filed a subsequent decision as supplemental authority. Plaintiff now files a second recent decision, wherein the Honorable Charles R. Norgle denied the defendants' motion to dismiss a securities fraud suit in *Azar v. Grubhub, Inc.*, No. 1:19-cv-07665, 2021 WL 4077327 (N.D. Ill. Sept. 7, 2021) after addressing several of the same disputed legal arguments made in this case. *See* Ex. A. The decision in *Grubhub* is relevant to the pending motion for the following reasons.

3.      First, in *Grubhub*, the court rejected the same fraud by hindsight argument advanced by Defendants in this case with regard to business expansion. *See id.* at *4; *see also, e.g.*, ECF No. 94 at 10-14. In *Grubhub*, the court rejected the argument that "certain statements by Grubhub's leadership happened to turn out wrong in the long run" and that the defendants "could not have known until months after making the statements that the '[customers'] performance would continue

- 1 -

to decline over the long run.'" Ex. A, at *4 (quoting the defendants' motion to dismiss brief). Instead, the court held that "all inferences must be drawn in [p]laintiff's favor" and that the plaintiff had adequately alleged that the statements were misleading at the time because the "[d]efendants were able to closely monitor [customer] behavior" yet still made misrepresentations that "the quality of new [customers] was in fact high." *Id.* Similarly, in this case, Plaintiff has alleged that the statements at issue were misleading when made because customer complaints were increasing and Defendants had even hired consultants to address service declines in the newly acquired PBM business. *See* Opp. at 5-6, 9.

4. Second, Defendants argued that Plaintiff's "circumstantial scienter allegations" were insufficient and suggested direct evidence such as an "internal or first-hand source" demonstrating Defendants' knowledge was required. ECF No. 107 at 2, 10; ECF No. 94 at 17-18. However, the court in *Grubhub* held that "the circumstantial facts pleaded by [p]laintiff give rise to a strong inference that [d]efendants recklessly disregarded a substantial risk that the statements they made were false" such as that "Grubhub closely analyzed these [customers]," the company refinanced its debt and modified its business to attract customers, the defendants spoke about customer quality frequently, the negative trends were severe (which increased the inference of scienter), the defendants had motive to inflate the stock price "so that they could more cheaply acquire companies" or increase payouts to the defendants if acquired, and "officers 'can be assumed to know of facts critical to a business's core operations.'" Ex. A, at *5 (quoting *Jones v. Corus Bankshares, Inc.*, 701 F. Supp. 2d 1014, 1028 (N.D. Ill. 2010)). Likewise, in this case, Defendants monitored the PBM business and customer losses, took actions in response to the customer losses and service declines such as hiring consultants, spoke about customer gains and satisfaction regularly, the severity of the negative trends almost caused Diplomat to go into bankruptcy, Defendants had motive to inflate the stock price to more cheaply acquire companies or secure large payouts to

- 2 -

Defendants if acquired, and the PBM business was critical to Diplomat. *See* Opp. at 5, 18-22. In addition, the executive departures, a factor not present in *Grubhub*, provides additional support for a strong inference of scienter in this case. *Id.* at 22-23.

5.      Similarly, the court in *Grubhub* rejected the defendants' competing inference that "executives sincerely believed that their strategic investments would pay off" because "the [c]ourt must construe all of [p]laintiff's factual allegations as true and draw all reasonable inferences in [p]laintiff's favor." Ex. A, at *6. The court rejected the defendants' "attack [on] other of [p]laintiff's allegations in isolation" because it must "consider[] the complaint in its entirety" even if the defendants were "correct that certain of these alleged facts, pleaded alone, would likely not sufficiently plead scienter." *Id.*

6.      In summary, the court's decision in *Grubhub* affirmed, as other courts have in the past, that a complaint does not rely on "fraud by hindsight" if the negative trends were occurring at the time of the challenged statements and scienter can be adequately alleged based on the totality of circumstantial allegations even in the absence of direct proof, both of which support denial of the motion to dismiss in this case. Undersigned counsel for Plaintiff has conferred with defense counsel, and Defendants do not oppose the filing of this motion, on the condition that they be afforded a response of no more than three pages. Plaintiff respectfully requests that this motion be granted.

DATED:  September 9, 2021

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
FRANK A. RICHTER (IL Bar # 6310011)
GINA M. BUSCHATZKE (IL Bar # 6332510)
CAMERAN M. GILLIAM (IL Bar # 6332723)

s/ James E. Barz
JAMES E. BARZ

- 3 -

4841-7370-7514.v1

200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
frichter@rgrdlaw.com
gbuschatzke@rgrdlaw.com
cgilliam@rgrdlaw.com

Lead Counsel for Lead Plaintiff

ASHERKELLY
MICHAEL J. ASHER
25800 Northwestern Highway, Suite 1100
Southfield, MI  48075
Telephone:  248/746-2710
248/747-2809 (fax)
masher@asherkellylaw.com

HESSIAN & McKASY P.A.
WILLIAM A. CUMMINGS
3700 RBC Plaza
60 South 6th Street
Minneapolis, MN  55402
Telephone:  612/746-5770
612/746-5755 (fax)

HOLZER & HOLZER, LLC
COREY D. HOLZER
211 Perimeter Center Parkway, Suite 1010
Atlanta, GA  30346
Telephone:  770/392-0090
770/392-0029 (fax)
cholzer@holzerlaw.com

Additional Counsel for Lead Plaintiff

- 4 -

4841-7370-7514.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on September 9, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ James E. Barz
JAMES E. BARZ

ROBBINS GELLER RUDMAN
     & DOWD LLP
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)

E-mail:  jbarz@rgrdlaw.com

4841-7370-7514.v1

# Mailing Information for a Case 1:19-cv-01735 Iron Workers Local No. 25 Pension Fund, et al., v. Diplomat Pharmacy, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **James E Barz**
  jbarz@rgrdlaw.com,cbarrett@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Gina Buschatzke**
  gbuschatzke@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **James Wallace Ducayet**
  jducayet@sidley.com,james-ducayet-9115@ecf.pacerpro.com,efilingnotice@sidley.com

- **Lori Ann Fanning**
  LFanning@MillerLawLLC.com,MMiller@MillerLawLLC.com,ajewell@millerlawllc.com,drobinson@millerlawllc.com,JRamirez@millerlawllc.com

- **Cameran Gilliam**
  cgilliam@rgrdlaw.com

- **Matthew Todd Hurst**
  mhurst@heffnerhurst.com,mheffner@heffnerhurst.com

- **Carl V. Malmstrom**
  malmstrom@whafh.com

- **Marvin Alan Miller**
  Mmiller@millerlawllc.com,ajewell@millerlawllc.com,LFanning@millerlawllc.com,drobinson@millerlawlllc.com,JRamirez@millerlawllc.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com,E_File_SD@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com

- **Andrew Flynn Rodheim**
  arodheim@sidley.com,efilingnotice@sidley.com,andy-rodheim-4196@ecf.pacerpro.com

- **Nilofer Ibrahim Umar**
  numar@sidley.com,efilingnotice@sidley.com,nilofer-umar-6698@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)