**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IRON WORKERS LOCAL NO. 25 PENSION FUND, et al.,<br><br>     Plaintiffs,<br>  v.<br><br>DIPLOMAT PHARMACY, INC., et al.,<br><br>     Defendants. | Case No. 1:19-cv-01735<br><br>Hon. John F. Kness |

**DEFENDANTS' RESPONSE TO LEAD PLAINTIFF'S SECOND UNOPPOSED**
**MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

In response to Lead Plaintiff's ("Plaintiff") Second Unopposed Motion For Leave To File Supplemental Authority ("Mot.") (D.E. 118), Defendants Diplomat Pharmacy, Inc. ("Diplomat"), Brian Griffin, Jeffery Park, Joel Saban, and Atul Kavthekar ("Defendants") state as follows:

1.  While it is true that the court in *Azar v. Grubhub, Inc.*, No. 1:19-cv-07665, 2021 WL 4077327 (N.D. Ill. Sept. 7, 2021) (Norgle, J.) denied a motion to dismiss a securities fraud complaint, the facts in that case are easily distinguishable from those here. In *Grubhub*, the plaintiff alleged defendants made statements regarding the expansion initiatives of Grubhub—an online food ordering and delivery company—including with regards to the supposedly high quality of new diners. *Id.* at *4. Plaintiffs also alleged that, in fact, "new diner quality was low" at the time of the challenged statements, and that a Grubhub executive even admitted that it was "logical" the quality of those diners would be low during that time. *Id.* at *5. The court therefore held that the plaintiff sufficiently alleged the defendants' statements were false or misleading when made, and not just unactionable "fraud by hindsight." *Id.* at *4. (*See also* Mot. ¶ 3.)

2.      Here, by contrast, Plaintiff makes no particularized allegation that there was actually an adverse trend in customer renewals at the time of the mid-2018 allegedly false or misleading statements. This is not surprising; Diplomat executives made a number of contemporaneous statements emphasizing that Diplomat had limited visibility into the outcome of its selling season, and would not have such visibility until year-end. (*See, e.g.*, D.E. 94 at 5 (statements in September 2018 that: PBM contracting "decisions aren't typically made until much, much later in the year"; "we don't really have visibility at this point"; and "decisions are made into January"); D.E. 82, Consolidated Complaint ¶ 73(h) (November 2018 statement that "we really don't have full visibility into client retention level at this point").) The ultimately disappointing results of Diplomat's PBM selling season do not render statements made months earlier false or misleading when made, and to hold otherwise would be the prototypical "fraud by hindsight" the court found not present in *Grubhub*. *See Higginbotham v. Baxter Int'l, Inc.*, 495 F.3d 753, 759–60 (7th Cir. 2007) ("Hindsight is the only basis of the proposed inference— and … there is no 'fraud by hindsight.'" (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 320 (2007))); *see also City of Taylor Police & Fire Ret. Sys. v. Zebra Techs. Corp.*, 8 F.4th 592, 597 (7th Cir. 2021) ("Unexpected difficulties that crop up in any corporate consolidation are a business problem, not a securities problem.").

3.      Additionally, as Defendants explained in their response to Plaintiff's previous motion for leave to file supplemental authority (D.E. 112 ¶ 3), and contrary to Plaintiff's claim (Mot. ¶ 4), Defendants have not argued that "direct evidence … demonstrating Defendants' knowledge was required" to adequately plead scienter. Rather, Plaintiff's circumstantial scienter theories are deficient under the standard set forth in *Tellabs.* As the *Grubhub* court acknowledged, "an inference of scienter must be more than merely plausible or reasonable—it

2

must be cogent and *at least as compelling as any opposing inference* of nonfraudulent intent." 2021 WL 4077327, at *5 (emphasis added) (quoting *Tellabs*, 551 U.S. at 314). Here, Plaintiff's scienter allegations "do not give rise to a strong inference that any of the Defendants acted fraudulently with regard to any statement at issue," and "[t]he far more compelling inference is that the Company entered into a new and highly competitive business, lost customers and struggled to win new business during its compressed 2019 PBM selling season, and disclosed those losses … as they became known." (D.E. 94 at 25; *see also* D.E. 107 at 14–15.)

4.      The allegations in *Grubhub* are meaningfully different than Plaintiff's allegations in this case. For example, the plaintiff in *Grubhub* alleged that Grubhub analyzed and monitored diner quality during the period when the defendants made statements that the quality of new diners was high, making plausible the inference that the defendants actually knew at the time that diner quality was low and therefore knowingly made false or misleading statements. *See* 2021 WL 4077327, at *5. Here, by contrast, Plaintiff alleges no facts suggesting what Defendants knew and when with respect to alleged integration failures, customer service issues, or customer losses.

For the foregoing reasons, the Court should dismiss Plaintiff's Consolidated Complaint with prejudice.

Dated: September 15, 2021

Respectfully submitted,

By: */s/ James W. Ducayet*

James W. Ducayet (IL Bar # 6236997)
Nilofer I. Umar (IL Bar # 6297810)
Andrew F. Rodheim (IL Bar # 6327514)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036
jducayet@sidley.com
numar@sidley.com
arodheim@sidley.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of September, 2021, I caused to be electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ James W. Ducayet*

James W. Ducayet
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036
jducayet@sidley.com

*Counsel for Defendants*
