UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| CHASE MORTIMER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:19-cv-01735 **(Consolidated)** |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) | Honorable John F. Kness |
| DIPLOMAT PHARMACY, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

4864-1789-2868.v3

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................1

II. BACKGROUND ....................................................................................................2

    A. Procedural History ....................................................................................2

    B. The Parties' Arm's-Length and Informed Negotiations .........................3

    C. The Terms of the Settlement....................................................................4

III. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL............4

    A. The Settlement Satisfies the Standards for Approval ..............................5

        1. Lead Plaintiff and Lead Counsel Have Adequately Represented the Class..................................................................................6

        2. The Proposed Settlement Is the Result of Good Faith Arm's-Length Negotiations........................................................................6

        3. The Proposed Settlement Is Adequate in Light of the Costs and Risks of Continued Litigation..................................................7

        4. The Proposed Settlement Satisfies the Remaining Rule 23(e)(2) Factors..........................................................................8

    B. The Class Satisfies the Standards for Class Certification.......................9

        1. Rule 23(a)(1) – Numerosity .........................................................10

        2. Rule 23(a)(2) – Commonality.....................................................11

        3. Rule 23(a)(3) – Typicality ..........................................................11

        4. Rule 23(a)(4) – Adequacy of Representation ............................12

        5. Rule 23(b)(3) – Predominance and Superiority.......................12

IV. THE PROPOSED NOTICE PROGRAM IS APPROPRIATE .........................................13

V. PROPOSED SCHEDULE OF EVENTS.......................................................................15

VI. CONCLUSION.......................................................................................................15

4864-1789-2868.v3

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Abrams v. Van Kampen Funds, Inc.*,
No. 01 C 7538, 2002 WL 1989401
(N.D. Ill. Aug. 27, 2002)..........................................................................................................11

*Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*,
No. 07 C 2898, 2011 WL 3290302
(N.D. Ill. July 26, 2011).............................................................................................................5

*Amchem Prods. v. Windsor*,
521 U.S. 591 (1997)............................................................................................................10, 12

*In re Allstate Corp. Sec. Litig.*,
No. 16 C 10510, 2020 WL 7490280
(N.D. Ill. Dec. 21, 2020) ..........................................................................................................13

*In re Bank One Sec. Litig./First Chicago S'holder Claims*,
No. 00 CV 0767, 2002 WL 989454
(N.D. Ill. May 14, 2002) ................................................................................................10, 11, 13

*In re Groupon, Inc. Sec. Litig.*,
No. 12 CV 2450, 2014 WL 5245387
(N.D. Ill. Sept. 23, 2014) ..........................................................................................................11

*In re TikTok, Inc. Consumer Privacy Litig.*,
MDL No. 2948, 2021 WL 4478403
(N.D. Ill. Sept. 30, 2021) ............................................................................................................6

*Isby v. Bayh*,
75 F.3d 1191 (7th Cir. 1996) ......................................................................................................4

*Keele v. Wexler*,
149 F.3d 589 (7th Cir. 1998) ....................................................................................................11

*Pension Tr. Fund v. Assisted Living Concepts, Inc.*,
No. 12-CV-884-JPS, 2013 U.S. Dist. LEXIS 199190
(E.D. Wis. Dec. 19, 2013)...........................................................................................................7

*Retsky Family Ltd. P'ship v. Price Waterhouse LLP*,
No. 97 C 7694, 2001 WL 1568856
(N.D. Ill. Dec. 10, 2001) .............................................................................................................7

*Roth v. Aon Corp.*,
238 F.R.D. 603 (N.D. Ill. 2006)................................................................................................10

4864-1789-2868.v3

**Page**

*Schleicher v. Wendt,*
    618 F.3d 679 (7th Cir. 2010) ...................................................................................10, 12

*Silverman v. Motorola, Inc.,*
    259 F.R.D. 163 (N.D. Ill. 2009)....................................................................................12

*Suchanek v. Sturm Foods, Inc.,*
    764 F.3d 750 (7th Cir. 2014) ........................................................................................11

*Tatz v. Nanophase Techs. Corp.,*
    No. 01 C 8440, 2003 WL 21372471
    (N.D. Ill. June 13, 2003) ...............................................................................................10

*Wong v. Accretive Health, Inc.,*
    773 F.3d 859 (7th Cir. 2014) ................................................................................5, 6, 7, 8

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
    §78j(b).............................................................................................................................2
    §78t(a) ............................................................................................................................2
    §78u-4(a)(4) ....................................................................................................................1
    §78u-4(a)(7) ..................................................................................................................14

Federal Rules of Civil Procedure
    Rule 23 .......................................................................................................................5, 9
    Rule 23(a).......................................................................................................... 10, 12-13
    Rule 23(a)(1)..................................................................................................................10
    Rule 23(a)(2)..................................................................................................................11
    Rule 23(a)(3)..................................................................................................................11
    Rule 23(a)(4)..................................................................................................................12
    Rule 23(b) ......................................................................................................................10
    Rule 23(b)(3)..................................................................................................... 10, 12-13
    Rule 23(e).....................................................................................................................4, 5
    Rule 23(e)(1)..................................................................................................................13
    Rule 23(e)(1)(B).........................................................................................................5, 13
    Rule 23(e)(1)(B)(ii).........................................................................................................9
    Rule 23(e)(2) ............................................................................................................5, 8, 9
    Rule 23(e)(2)(A) .............................................................................................................6
    Rule 23(e)(2)(A)-(D) ......................................................................................................5
    Rule 23(e)(2)(B).............................................................................................................6
    Rule 23(e)(2)(C)-(D)......................................................................................................8

4864-1789-2868.v3

**Page**

**SECONDARY AUTHORITIES**

David F. Herr,
   *Manual for Complex Litigation* (4th ed. 2019)..........................................................................5

4864-1789-2868.v3

## I.     INTRODUCTION

Lead Plaintiff Iron Workers Local No. 25 Pension Fund ("Pension Fund" or "Lead Plaintiff") submits this memorandum in support of preliminary approval of the proposed settlement of the above-captioned litigation on the terms set forth in the Stipulation of Settlement, dated December 16, 2021 (the "Stipulation" or "Settlement Agreement"), filed herewith.[1] Following arm's-length negotiations, including two mediation sessions before an experienced mediator, the Settling Parties have reached an agreement to settle Lead Plaintiff's and the Class's claims against Defendants.  The proposed Settlement provides for the payment of $15,500,000 for the benefit of the Class.

The Settlement is the result of thorough investigation and well-informed, arm's-length negotiations between and among highly experienced counsel.  Lead Plaintiff respectfully submits that the Settlement is fair, reasonable, and adequate, and therefore asks the Court to enter the accompanying [Proposed] Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order").  The Notice Order will:  (1) preliminarily approve the terms of the Settlement, as set forth in the Stipulation; (2) preliminarily certify the Class for settlement purposes only; (3) approve the form and method for providing notice of the Settlement to the Class; and (4) schedule a settlement hearing (the "Settlement Hearing") at which the Court will consider the request for approval of (a) the Settlement, (b) the Plan of Allocation of settlement proceeds among Class Members, and (c) an award of attorneys' fees and expenses to Lead Counsel, and any award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4).

---

[1]     All capitalized terms that are not defined herein have the same meanings as set forth in the Stipulation.  Internal citations are omitted and emphasis is added throughout unless otherwise noted.

- 1 -

## II.     BACKGROUND

### A.     Procedural History

The initial complaint in this consolidated securities class action was filed on March 12, 2019.  ECF No. 1.  On May 1, 2019, the Honorable Virginia M. Kendall entered an order consolidating Case Nos. 19-cv-2631 and 19-cv-2635 with this action.  ECF No. 42.  This action is referred to herein as the "Litigation."

On July 19, 2019, Judge Kendall appointed the Pension Fund as lead plaintiff pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and approved Lead Plaintiff's selection of Robbins Geller Rudman & Dowd LLP as lead counsel.  ECF No. 66.

Lead Plaintiff filed the operative Consolidated Complaint for Violations of the Federal Securities Laws on December 6, 2019.  ECF No. 82 (the "Complaint").  In the Complaint, Lead Plaintiff added Eugene Klabak as a named plaintiff and alleged violations of §§10(b) and 20(a) of the Exchange Act on behalf of a class of all purchasers of Diplomat common stock between February 26, 2018 and November 11, 2019, inclusive.  Among other things, the Complaint alleges that Defendants made false and misleading statements portraying Diplomat's acquisition and integration of two pharmacy benefit managers ("PBMs") as a success that was growing the Company's PBM business while concealing and omitting to disclose integration and service failures that were leading to customer complaints and losses.  The Complaint alleges that the false and misleading statements and omissions artificially inflated Diplomat's stock price and when the truth was eventually disclosed, the price of Diplomat stock declined, resulting in substantial damages to the Class.

Defendants have denied the allegations. On February 7, 2020, Defendants moved to dismiss the Complaint. ECF No. 94. Lead Plaintiff opposed the motion, which was fully briefed in July 2020 and remains pending. *See* ECF Nos. 105 & 107.

### B. The Parties' Arm's-Length and Informed Negotiations

In March 2021, the parties commenced mediation efforts presided over by the Hon. William Cahill (Ret.). Judge Cahill is an experienced and well-respected mediator, and counsel, on both sides, are highly experienced in securities class action litigation. *See, e.g.*, Ex. A (Robbins Geller firm resume) attached hereto. The parties participated in an all-day mediation session with Judge Cahill on March 1, 2021. During the session, the parties engaged in both joint and separate discussions with the mediator, but did not reach an agreement. Following further discussions with each other and Judge Cahill, on October 25, 2021, the parties participated in another mediation session with Judge Cahill, but again did not reach an agreement. Later that day, Judge Cahill issued a mediator's proposal to settle the Litigation for $15.5 million, which the parties accepted.

At the time the Settling Parties agreed to settle, Lead Plaintiff and Lead Counsel were well-informed about the strengths and weaknesses of the alleged claims, based on (i) a rigorous investigation involving review and analysis of U.S. Securities and Exchange Commission filings by Diplomat, media and analyst reports, press releases and earnings calls transcripts, relevant case law and authorities, and other publicly-available information; (ii) extensive briefing on Defendants' motion to dismiss, followed by several filings regarding supplemental authority; (iii) the exchange of mediation briefs that detailed Lead Plaintiff's and Defendants' positions on liability and damages; and (iv) two mediation sessions and multiple phone conferences with defense counsel and/or Judge Cahill regarding the foregoing information.

4864-1789-2868.v3

### C.      The Terms of the Settlement

Following the arm's-length negotiations, Lead Plaintiff and Defendants agreed to settle the claims against Defendants for $15,500,000, upon the terms set forth in the Stipulation. Lead Plaintiff and its counsel concluded, after a thorough investigation of the factual and legal issues in the action, as well as consideration of the expense and risks of continued litigation, that the certain monetary recovery for the benefit of the Class is a highly favorable result under the circumstances and is in the best interests of Members of the Class.

In exchange for the benefits provided under the Stipulation, Class Members will release any and all claims against Defendants that have been or could have been alleged in this action that are based on, relate to, or arise out of both: (i) a Class Member's purchase of Diplomat's common stock during the Class Period, and (ii) the allegations, transactions, facts, matters, events, disclosures, statements, occurrences, circumstances, representations, conduct, acts, or omissions or failures to act that have been or could have been alleged or asserted in the Litigation. The release does not include any derivative or ERISA claims or claims to enforce the terms of the Settlement. Stipulation, ¶1.29.

### III.    THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

As a matter of public policy, settlement is a strongly favored method for resolving class action litigation. *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation."). Federal Rule of Civil Procedure 23(e) requires judicial approval of the settlement of class actions. Such approval involves a two-step process: first, a "preliminary approval" order authorizing notice of the proposed settlement to be provided to the class; and second, after notice has been provided and a hearing has been held to consider the

- 4 -

fairness, reasonableness, and adequacy of the proposed settlement, a "final approval" order or judgment. *See* David F. Herr, *Manual for Complex Litigation*, at §13.14 (4th ed. 2019).

The question at preliminary approval is whether the Court "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B). As discussed below, the Settlement for $15.5 million in cash satisfies the Rule 23(e) standards for approval, and the Class satisfies the standards for class certification. Thus, the proposed Settlement should be preliminarily approved and notice of the proposed Settlement should be sent to the Class in advance of a final Settlement Hearing.

### A.     The Settlement Satisfies the Standards for Approval

Rule 23(e)(2) provides that a settlement should be approved if it is "fair, reasonable, and adequate," considering whether: (1) Lead Plaintiff and Lead Counsel adequately represented the Class; (2) the Settlement was negotiated at arm's-length; (3) the relief is adequate; and (4) the Settlement treats Class Members equitably relative to each other.[2] Fed. R. Civ. P. 23(e)(2)(A)-(D). At this preliminary approval stage, the Court's task is merely to determine whether the Settlement will "likely" satisfy the standard for final approval. *See* Fed. R. Civ. P. 23(e)(1)(B). In other words, the court need only "'determine whether the proposed settlement is within the range of possible approval,' not to conduct a full-fledged inquiry into whether the settlement meets Rule 23(e)'s standards." *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, No. 07 C 2898, 2011 WL 3290302, at *6 (N.D. Ill. July 26, 2011) (Gettleman, J.) (granting approval of class action

---

[2]     The factors set forth in Rule 23(e)(2), as amended in 2018, overlap with the Seventh Circuit's previously-determined final approval factors: (1) the strength of the case, balanced against the settlement amount; (2) the defendant's ability to pay; (3) the complexity, length and expense of further litigation; (4) the amount of opposition to the settlement; (5) the presence of collusion in reaching a settlement; (6) the opinion of competent counsel; and (7) the stage of the proceedings. *See Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014).

4864-1789-2868.v3

settlement); *accord In re TikTok, Inc. Consumer Privacy Litig.*, MDL No. 2948, 2021 WL 4478403, at *5 (N.D. Ill. Sept. 30, 2021) (Lee, J.) (granting preliminary approval).

### 1. Lead Plaintiff and Lead Counsel Have Adequately Represented the Class

Rule 23(e)(2)(A) instructs courts to consider whether "the class representatives and class counsel have adequately represented the class." Fed. R. Civ. P. 23(e)(2)(A). As set forth herein, Lead Counsel is highly experienced in securities class action litigation, and both Lead Plaintiff and Lead Counsel have diligently prosecuted this action and considered the benefits of a negotiated resolution. Lead Plaintiff and Lead Counsel have, for example, conducted a thorough investigation, prepared and filed a detailed complaint, prepared an opposition to Defendants' motion to dismiss, prepared mediation material, participated in two mediation sessions, and considered potential damages and the costs and risks of ongoing litigation. Lead Plaintiff and Lead Counsel have carefully considered the benefits of the Settlement and believe it to be fair, reasonable, and adequate. *See* Fed. R. Civ. P. 23(e)(2)(A); *see also Accretive*, 773 F. 3d at 863-64 (stating that "'the opinion of competent counsel'" is a relevant factor for settlement approval and affirming settlement where counsel – Robbins Geller – was "highly experienced").[3]

### 2. The Proposed Settlement Is the Result of Good Faith Arm's-Length Negotiations

Rule 23(e)(2)(B) requires courts to consider a procedural factor – whether "the proposal was negotiated at arm's length." Fed. R. Civ. P. 23(e)(2)(B). As explained above in §II.B., the proposed Settlement was achieved only after extensive arm's-length negotiations among highly-experienced and informed counsel, two mediation sessions before an experienced and well-

---

[3] The settlement affirmed in *Accretive* was also approved prior to a ruling on a motion to dismiss and the court noted that, as here, the plaintiff "had access to extensive public documents." *Id.* at 864.

- 6 -

respected mediator, and arm's-length negotiations surrounding the mediation sessions. This arm's-length process supports approval. *See Accretive*, 773 F.3d at 864 (approving settlement in light of "extensive arm's-length negotiations with an experienced third-party mediator"); *Pension Tr. Fund v. Assisted Living Concepts, Inc.*, No. 12-CV-884-JPS, 2013 U.S. Dist. LEXIS 199190, at *4 (E.D. Wis. Dec. 19, 2013) (approving settlement that was "the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties and is in the best interest of the Class").

### 3. The Proposed Settlement Is Adequate in Light of the Costs and Risks of Continued Litigation

Rule 23(e)(2)(C)(i) instructs courts to consider the adequacy of a proposed settlement in light of "the costs, risks, and delay of trial and appeal." Fed. R. Civ. P. 23(e)(2)(C)(i). Relatedly, the Seventh Circuit has instructed courts to consider "'the strength of plaintiff's case on the merits balanced against the amount offered in the settlement'" and "'the complexity, length, and expense of further litigation.'" *Accretive*, 773 F.3d at 863-64. Courts have recognized that "[s]ecurities fraud litigation is long, complex and uncertain." *Retsky Family Ltd. P'ship v. Price Waterhouse LLP*, No. 97 C 7694, 2001 WL 1568856, at *2 (N.D. Ill. Dec. 10, 2001) (Darrah, J.) (collecting cases); *see also Accretive*, 773 F.3d at 863 (detailing the significant delays and costs associated with litigating damages alone).

Here, while Lead Plaintiff remains confident in its ability to ultimately prove its claims, further litigation and trial is always a costly and risky proposition. In their motion to dismiss, Defendants argued, among other things, that Lead Plaintiff did not show that the challenged statements were false or misleading when they were made, and that many of the challenged statements were non-actionable corporate optimism. ECF No. 94 at 11-17. Defendants also

- 7 -

argued that even if Lead Plaintiff had identified actionable statements, the Complaint did not plead particularized facts supporting a strong inference of scienter. *Id.* at 17-25.

Although Lead Plaintiff believes the Complaint adequately alleges all elements of the claims, once past the motion to dismiss, the costs, risks, and delays of continued litigation would increase as the parties engaged in fact discovery, expert discovery, class certification, summary judgment briefing, pre-trial litigation, trial, and appeal. *See Accretive*, 773 F. 3d at 864 (noting that "[f]urther litigation almost certainly would have involved complex and lengthy discovery and expert testimony"). Absent settlement, this Litigation would have become a battle of competing experts and credibility determinations to be decided by a jury.

Thus, the benefits created by the Settlement weigh in favor of granting the motion for preliminary approval. Considering the risks of continued litigation, and the time and expense that would be incurred to prosecute the action through trial, the $15.5 million Settlement is a meaningful and certain recovery that is in the best interests of the Class.

### 4. The Proposed Settlement Satisfies the Remaining Rule 23(e)(2) Factors

Rule 23(e)(2) further instructs courts to consider: (i) the effectiveness of the proposed method of distribution to the class; (ii) the terms and timing of any proposed attorney's fees; (iii) any other agreements between the parties; and (iv) whether the settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(C)-(D). Each of these factors further supports approval of the proposed Settlement.

First, as demonstrated below in §IV, the proposed notice program is effective. The claims process is also effective and includes a standard claim form that requests the information necessary to calculate a claimant's claim amount pursuant to the Plan of Allocation, which will govern how Class Members' claims will be calculated and, ultimately, how money will be distributed to

- 8 -

4864-1789-2868.v3

Authorized Claimants. The Plan of Allocation was developed with the assistance of Lead Plaintiff's damages consultant and is based on each claimant's purchases and sales of Diplomat common stock during the Class Period.

Second, Lead Counsel will request an award of attorneys' fees not to exceed 25% of the Settlement Amount, and expenses not to exceed $25,000, plus interest that is incurred, all to be paid from the Settlement Fund. The application will be made at the time Lead Counsel moves for final approval of the Settlement, and the awarded fees and expenses shall be paid from the Settlement Fund, not Defendants, upon entry of the order awarding such fees and expenses.

Third, the Settling Parties have not entered into any other agreements other than a standard Supplemental Agreement Regarding Requests for Exclusion, which provides that if the number of shares of Diplomat common stock purchased by Class Members who request exclusion equals or exceeds a certain amount (the "Termination Threshold"), Defendants have the option to terminate the Settlement. *See* Stipulation, ¶8.4.[4] And fourth, the Settlement treats Class Members equitably because the proposed Plan of Allocation subjects all Members of the Class – including Lead Plaintiff – to the same formulas for distribution of the Settlement.

In sum, the proposed Settlement satisfies each of the Rule 23(e)(2) factors and should be preliminarily approved so the Notice can be sent to potential Members of the Class.

**B.      The Class Satisfies the Standards for Class Certification**

The second part of the settlement approval process is to determine whether the action may be maintained as a class action for settlement purposes under Rule 23. *See* Fed. R. Civ. P.

---

[4]      As is standard in securities class actions, such agreements are not made public in order to avoid incentivizing the formation of a group of opt-outs for the sole purpose of leveraging the Termination Threshold to exact an individual settlement. Pursuant to its terms, the Supplemental Agreement may be submitted to the Court *in camera* or under seal.

- 9 -

23(e)(1)(B)(ii). Rule 23(a) establishes four prerequisites to class certification: (i) "numerosity," (ii) "commonality," (iii) "typicality," and (iv) "adequacy of representation." *Amchem Prods. v. Windsor*, 521 U.S. 591, 613 (1997). In addition, a class must meet one of the three requirements of Rule 23(b), namely here, that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Seventh Circuit has acknowledged that in securities actions such as this, "class certification is routine." *Schleicher v. Wendt*, 618 F.3d 679, 682 (7th Cir. 2010); *Roth v. Aon Corp.*, 238 F.R.D. 603, 605 (N.D. Ill. 2006) (Norgle, J.) ("It is established law in the Northern District of Illinois and the Seventh Circuit that class certifications are the preferred method of dealing with securities fraud cases.").

### 1.     Rule 23(a)(1) – Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, throughout the Class Period, Diplomat common stock was actively traded on the New York Stock Exchange and, according to the Company's 2018 10-K, the Company had more than 74 million shares of common stock outstanding as of March 15, 2019 (*see* Complaint, ¶171), likely resulting in hundreds or thousands of potential class members, which is more than sufficient to establish numerosity. *See Tatz v. Nanophase Techs. Corp.*, No. 01 C 8440, 2003 WL 21372471, at *6 (N.D. Ill. June 13, 2003) (Andersen, J.) (certifying class where 13 million company shares were outstanding and "were likely owned by hundreds of persons or entities throughout the United States"); *In re Bank One Sec. Litig./First Chicago S'holder Claims*, No. 00 CV 0767, 2002 WL 989454, at *3 (N.D. Ill. May 14, 2002) (Andersen, J.) (finding numerosity in §11 class and that courts "have granted class certification to groups smaller than 30").

- 10 -

### 2. Rule 23(a)(2) – Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This commonality requirement "'is not a demanding requirement,'" as just "'one issue of fact or law common to all class members will suffice.'" *Abrams v. Van Kampen Funds, Inc.*, No. 01 C 7538, 2002 WL 1989401, at *3 (N.D. Ill. Aug. 27, 2002) (Hart, J.). In this case, the central questions – whether Defendants' public statements during the Class Period misrepresented or omitted material facts about the Company's integration and service failures in the PBM business; whether Defendants acted with the requisite mental state; and whether the prices of Diplomat's common stock were artificially inflated – are the same for all Class Members. *See Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014) ("Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question."); *see also In re Groupon, Inc. Sec. Litig.*, No. 12 CV 2450, 2014 WL 5245387, at *1 (N.D. Ill. Sept. 23, 2014) (Norgle, J.) ("at the heart of Lead Plaintiff's claims, and common to the class, are whether Defendants materially misrepresented or omitted [material] information in [the Company's] Registration Statement[s]").

### 3. Rule 23(a)(3) – Typicality

The "typicality" requirement of Rule 23(a)(3) is satisfied because Lead Plaintiff's claims arise from the same "'event or practice or course of conduct that gives rise to the claims of other class members and . . . are based on the same legal theory.'" *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998). Specifically, Lead Plaintiff and Members of the Class purchased shares of Diplomat common stock during the Class Period pursuant to alleged false and misleading statements regarding Diplomat's PBM business, suffered damages as a result of the subsequent decline in the price of Diplomat common stock and "will use the same evidence to prove their case." *Bank One*, 2002 WL 989454, at *4. Typicality is satisfied.

- 11 -

4864-1789-2868.v3

### 4. Rule 23(a)(4) – Adequacy of Representation

Lead Plaintiff also meets the "adequacy" requirement of Rule 23(a)(4) because it has and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement is met where: (i) the claims of the class representatives and other members of the class are not antagonistic; (ii) the class representatives are sufficiently interested in the outcome of the case; and (iii) experienced, competent counsel represent them. *See Silverman v. Motorola, Inc.*, 259 F.R.D. 163, 173 (N.D. Ill. 2009) (St. Eve, J.). Here, Lead Plaintiff does not have interests antagonistic to the Class and has sufficient interest in the outcome of the case, as it purchased shares of Diplomat common stock during the Class Period and suffered the same type of alleged economic damages as the other Class Members. *See* Complaint, ¶¶172-173; ECF No. 66 at 10. Additionally, as set forth above, Lead Plaintiff has demonstrated its vigorous prosecution of the claims in this Litigation and has retained Lead Counsel with extensive experience and skill in litigating securities class actions. *See supra* §§II.A-B., III.A. Adequacy is satisfied.

### 5. Rule 23(b)(3) – Predominance and Superiority

In addition to satisfying all of the criteria of Rule 23(a), the Class satisfies Rule 23(b)(3)'s requirement that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The predominance inquiry focuses on the existence of common issues. As the Supreme Court recognized in *Amchem*, "[p]redominance is a test readily met in certain cases alleging . . . securities fraud." 521 U.S. at 625. In this case, as in most cases alleging violations of the federal securities laws, "[w]hether [Defendants'] statements are false . . . [w]hether the falsehoods affected the stock's price . . . [and] [w]hether the magnitude of any effect shows that the false information was 'material'" are common questions which predominate over any individual issues. *Schleicher*,

- 12 -

618 F.3d at 681; *see also In re Allstate Corp. Sec. Litig.*, No. 16 C 10510, 2020 WL 7490280, at *7 (N.D. Ill. Dec. 21, 2020) (Gettleman, J.) (finding predominance established and certifying a securities class action).

Further, resolution of this case through a class action is far superior to litigating hundreds or thousands of individual claims where the expense for a single investor could exceed the individual's loss. *See Bank One*, 2002 WL 989454, at *8 ("A class action is a superior means to adjudicate claims of class members who would be overwhelmed . . . if they attempted to prosecute their individual claims."). In sum, Lead Plaintiff believes that the Class meets all of the requirements of Rules 23(a) and (b)(3) and should be certified in conjunction with the Settlement.

## IV. THE PROPOSED NOTICE PROGRAM IS APPROPRIATE

Under Federal Rule of Civil Procedure 23(e)(1), "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). Here, the parties negotiated the form of the Notice to be disseminated to Class Members whose names and addresses can be identified through Diplomat's transfer records. In addition, the Claims Administrator will engage in a standard and extensive outreach to entities that commonly hold securities in "street name" for the benefit of their customers who are the beneficial purchasers of the securities. The parties further propose to supplement the mailed Notice with a Summary Notice published once in the national edition of *The Wall Street Journal* and once over a national newswire service. The Notice and Summary Notice are attached to the Notice Order as Exhibits A-1 and A-3, respectively.

Furthermore, the Notice includes all of the information required by the PSLRA,[5] as well as additional relevant information in securities class actions. It describes the Settlement, the

---

[5] The PSLRA requires the notice of settlement to include: (1) "[t]he amount of the settlement proposed to be distributed to the parties to the action, determined in the aggregate and on an average per

- 13 -

Settlement Amount, and the average recovery per potentially damaged share if claims for 100% of such shares are made ($0.21); states the parties' disagreement over damages and liability; and describes the Plan of Allocation. In addition, the Notice briefly explains the nature, history, and status of the Litigation; sets forth the definition of the Class; states the Class' claims and issues; discusses the rights of persons who fall within the definition of the Class; summarizes the reasons the parties are proposing the Settlement; and describes counsel's fee and expense application. Further, the Notice includes detailed information about the process for requesting exclusion from the Class or objecting. For those Class Members who wish to participate in the Settlement, the Notice provides instructions for completing and submitting the claim form that accompanies the Notice. The Summary Notice also informs Class Members that copies of the Notice and claim form may be obtained by contacting the Claims Administrator, or by downloading them from the case specific website. Finally, the Notice sets forth the date, time, and place of the Settlement Hearing.

The contents of the Notice and Summary Notice satisfy all applicable requirements of both the Federal Rules of Civil Procedure and the PSLRA. Accordingly, in granting preliminary approval of the proposed Settlement, Lead Plaintiff respectfully requests that the Court also approve the parties' proposed form and method of giving notice to the Class.

---

share basis"; (2) "[i]f the parties do not agree on the average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim alleged under this subchapter, a statement from each settling party concerning the issue or issues on which the parties disagree"; (3) "a statement indicating which parties or counsel intend to make . . . an application [for attorneys' fees or costs], the amount of fees and costs that will be sought (including the amount of such fees and costs determined on an average per share basis), and a brief explanation supporting the fees and costs sought"; (4) "[t]he name, telephone number, and address of one or more representatives of counsel for the plaintiff class who will be reasonably available to answer questions from class members"; and (5) "[a] brief statement explaining the reasons why the parties are proposing the settlement." 15 U.S.C. §78u-4(a)(7).

- 14 -

4864-1789-2868.v3

## V.   PROPOSED SCHEDULE OF EVENTS

In connection with preliminary approval of the Settlement, the Court must set a Settlement Hearing date, dates for mailing the Notice and publishing the Summary Notice, and deadlines for requesting exclusion, objecting, filing papers in support of the Settlement and request for fees and expenses, and the submission of claim forms.  Lead Plaintiff proposes the following schedule.

| | |
|---|---|
| Deadline for mailing individual Notices and claim forms (the "Notice Date") | 20 calendar days after entry of Notice Order |
| Deadline for publishing Summary Notice | Within 7 calendar days of the Notice Date |
| Deadline for filing motions in support of the Settlement, the Plan of Allocation, and Lead Counsel's application for fees and expenses | 35 calendar days before the Settlement Hearing |
| Deadline for submission of requests for exclusion or objections | 21 calendar days before the Settlement Hearing |
| Deadline for filing reply papers in support of the motions | 7 calendar days before the Settlement Hearing |
| Settlement Hearing | At the Court's convenience, but no earlier than 90 calendar days after the entry of the Notice Order |
| Deadline for submission of claim forms | Postmarked or received no later than 90 calendar days after the Notice Date |

## VI.   CONCLUSION

For all of the foregoing reasons, the proposed Settlement warrants the Court's preliminary approval and the Notice Order should be entered.

DATED: December 16, 2021                    Respectfully submitted,

                                            ROBBINS GELLER RUDMAN
                                              & DOWD LLP
                                            JAMES E. BARZ (IL Bar # 6255605)
                                            FRANK A. RICHTER (IL Bar # 6310011)
                                            CAMERAN M. GILLIAM (IL Bar # 6332723)


                                                    s/ James E. Barz
                                            JAMES E. BARZ

- 15 -

4864-1789-2868.v3

200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
frichter@rgrdlaw.com
cgilliam@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
THEODORE J. PINTAR
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
tedp@rgrdlaw.com

Lead Counsel for Lead Plaintiff

HESSIAN & McKASY P.A.
WILLIAM A. CUMMINGS
3700 RBC Plaza
60 South 6th Street
Minneapolis, MN  55402
Telephone:  612/746-5770
612/746-5755 (fax)

Additional Counsel for Lead Plaintiff

HOLZER & HOLZER, LLC
COREY D. HOLZER
211 Perimeter Center Parkway, Suite 1010
Atlanta, GA  30346
Telephone:  770/392-0090
770/392-0029 (fax)
cholzer@holzerlaw.com

Counsel for Named Plaintiff Eugene Klabak

- 16 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on December 16, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ James E. Barz
JAMES E. BARZ

ROBBINS GELLER RUDMAN
& DOWD LLP
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)

E-mail:  jbarz@rgrdlaw.com

4864-1789-2868.v3

**Mailing Information for a Case 1:19-cv-01735 Iron Workers Local No. 25 Pension Fund, et al., v. Diplomat Pharmacy, Inc. et al**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **James E Barz**
  jbarz@rgrdlaw.com,cbarrett@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James Wallace Ducayet**
  jducayet@sidley.com,james-ducayet-9115@ecf.pacerpro.com,efilingnotice@sidley.com

- **Lori Ann Fanning**
  LFanning@MillerLawLLC.com,MMiller@MillerLawLLC.com,ajewell@millerlawllc.com,drobinson@millerlawllc.com,JRamirez@millerlawllc.com

- **Cameran Gilliam**
  cgilliam@rgrdlaw.com

- **Matthew Todd Hurst**
  mhurst@heffnerhurst.com,mheffner@heffnerhurst.com

- **Carl V. Malmstrom**
  malmstrom@whafh.com

- **Marvin Alan Miller**
  Mmiller@millerlawllc.com,ajewell@millerlawllc.com,LFanning@millerlawllc.com,drobinson@millerlawlllc.com,JRamirez@millerlawllc.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Theodore J. Pintar**
  tedp@rgrdlaw.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com,E_File_SD@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com

- **Andrew Flynn Rodheim**
  arodheim@sidley.com,efilingnotice@sidley.com,andy-rodheim-4196@ecf.pacerpro.com

- **Nilofer Ibrahim Umar**
  numar@sidley.com,efilingnotice@sidley.com,nilofer-umar-6698@ecf.pacerpro.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)