# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| CHASE MORTIMER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:19-cv-01735 **(Consolidated)** |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) | Honorable John F. Kness |
| DIPLOMAT PHARMACY, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |
| | ) | |

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE

EXHIBIT A

4855-0040-3201.v4

WHEREAS, a class action is pending before the Court entitled *Mortimer v. Diplomat Pharmacy, Inc., et al.*, No. 1:19-cv-01735 (the "Litigation");

WHEREAS, the Settling Parties having made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with a Stipulation of Settlement, dated December 16, 2021 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation on the merits and with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation, unless otherwise defined herein;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      **Preliminary Approval of the Settlement**.  The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2.      The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of informed, extensive arm's-length and non-collusive negotiations between experienced counsel, including mediation under the direction of an experienced mediator, the Hon. William Cahill (Ret.); (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the fairness hearing described below.

3.      **Settlement Hearing**.  A hearing (the "Final Approval Hearing") shall be held before this Court on _____, 2022, at __:__ _.m., at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, to: (i) determine whether the

- 1 -

proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) determine whether a Judgment as defined in ¶1.16 of the Stipulation should be entered herein; (iii) determine whether the proposed Plan of Allocation should be approved; (iv) consider Lead Counsel's application for an award of attorneys' fees and expenses and application for an award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) directly related to its representation of the Class; (v) hear any objections by Class Members to the Settlement, Plan of Allocation, or Lead Counsel's or Lead Plaintiff's application(s); and (vi) consider such other matters the Court deems appropriate. The Court may adjourn the Final Approval Hearing without further notice to Members of the Class.

4.     **Class Certification**.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this Settlement only, a Class of all Persons who purchased Diplomat Pharmacy, Inc. ("Diplomat") common stock from February 26, 2018 through and including November 11, 2019, and were damaged thereby.  Excluded from the Class are Defendants, the current and Class Period officers and directors of the Company, the members of the immediate families and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any excluded person, and any entity in which such excluded persons have or had a controlling interest.  Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice.

5.     **Class Findings**.  With respect to the Class, this Court preliminarily finds, for purposes of effectuating this Settlement only, that (i) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (ii) there are questions of law and fact common to the Class which predominate over any individual questions; (iii) the claims of the Plaintiffs are typical of the claims of the Class; (iv) Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all Class Members; and (v) a class action is

4855-0040-3201.v4

superior to other available methods for the fair and efficient adjudication of the controversy, considering: (a) the interests of the Members of the Class in individually controlling the prosecution of the separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (c) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (d) the difficulties likely to be encountered in the management of the class action.

6. **Approval of Form and Content of Notice**. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim") and the Summary Notice ("Summary Notice"), annexed hereto as Exhibits A-1, A-2 and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶7 of this Notice Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7. **Retention of Claims Administrator and Manner of Notice**. Lead Counsel is hereby authorized to retain Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Within ten (10) calendar days of entry of the Notice Order, Diplomat shall provide to the Claims Administrator, at no cost to Lead Plaintiff or the Class, reasonably available transfer records in electronic searchable form, such as Excel, containing the names and addresses of registered owners of Diplomat common stock between February 26, 2018 and November 11, 2019, inclusive;

- 3 -

4855-0040-3201.v4

(b)     Not later than _____, 202_ (the "Notice Date") [a date that is twenty (20) calendar days from the date of this Order], the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on its website at www.DiplomatSecuritiesLitigation.com;

(c)     Not later than _____, 202_ [a date that is seven (7) calendar days after the Notice Date], the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal*, and once over a national newswire service;

(d)     Not later than _____, 202_ [a date that is seven (7) calendar days after the Notice Date], the Claims Administrator shall cause the Stipulation and its Exhibits to be posted on the following website: www.DiplomatSecuritiesLitigation.com; and

(e)     On or before _____, 2022 [a date that is seven (7) calendar days prior to the Final Approval Hearing], Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing, publishing, and posting.

8.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund in connection with administering the Settlement, as provided in the Stipulation.

9.     **Nominee Procedures**.  Nominees who hold or held Diplomat common stock purchased between February 26, 2018 and November 11, 2019, inclusive, for the beneficial ownership of another Person, shall send the Notice and the Proof of Claim to such beneficial owners of such Diplomat common stock within ten (10) days after receipt thereof, or send a list of the names

- 4 -

4855-0040-3201.v4

and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation. Nominees who do not intend to comply with the provisions of this paragraph shall be requested to notify the Claims Administrator of that fact.

10. **Participation in the Settlement**. All Members of the Class (except Persons who request exclusion pursuant to ¶12 below) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

11. Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than _____, 2022 [a date that is ninety (90) calendar days after the Notice Date]. Any Class Member who does not submit a Proof of Claim within the time provided for (a) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Class, including, without limitation, the Judgment and the releases provided for therein; (b) shall be barred from commencing, maintaining or prosecuting any of the Released Claims against any of the Released Parties, as more fully described in the Stipulation; and (c) shall

- 5 -

4855-0040-3201.v4

be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by the Stipulation. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. No Person shall have any claim against Lead Plaintiff, Lead Counsel or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted claims.

12. **Exclusion from the Class**. Any Person who purchased Diplomat common stock during the Class Period may, upon request as set forth below, be excluded or "opt out" from the Class. Any Person who desires to request exclusion from the Class shall do so within the time set forth and in the manner described in the Notice. Upon receiving any request(s) for exclusion, the Claims Administrator shall promptly notify Lead Counsel and counsel for Defendants of such request(s) and provide them copies of such request(s) and the documentation accompanying them by facsimile or electronic mail.

13. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

14. **Appearance and Objections at Settlement Hearing**. Any Member of the Class may enter an appearance in the Litigation, at his, her or its own expense, individually or through counsel of his, her or its own choice. If he, she or it does not enter an appearance, he, she or it will be represented by Lead Counsel.

15. Any Class Member may file a written objection to the proposed Settlement and show cause why the proposed Settlement of the Litigation should or should not be approved as fair,

- 6 -

reasonable, and adequate, why the Judgment should or should not be entered thereon, why the Plan

of Allocation should or should not be approved, or why attorneys' fees and expenses should or

should not be awarded to Lead Counsel or Lead Plaintiff; provided, however, that no Class Member

or any other Person shall be heard or entitled to contest the approval of the terms and conditions of

the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or

the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to

Lead Counsel or Lead Plaintiff, unless that Person has mailed or delivered said objections, papers,

and briefs with the Clerk of the United States District Court for the Northern District of Illinois, on

or before _____, 2022 [a date that is twenty-one (21) calendar days prior to the Final

Approval Hearing], and delivered copies of any such papers to Robbins Geller Rudman & Dowd

LLP, Theodore J. Pintar, 655 West Broadway, Suite 1900, San Diego, CA 92101, and Sidley Austin

LLP, James W. Ducayet, One South Dearborn Street, Chicago, IL 60603, such that they are received

on or before the same date. To object, you must send a letter saying that you object to the Settlement

in *Mortimer v. Diplomat Pharmacy, Inc., et al.*, No. 1:19-cv-01735. You must include your name,

address, telephone number, your signature, documentation establishing your membership in the

Class, including the number of shares of Diplomat common stock you (i) owned as of the opening of

trading on February 26, 2018, and (ii) purchased between February 26, 2018 and November 11,

2019, inclusive, the number of any shares sold, the dates and prices of purchases and of any sales,

and the reasons you object. The objection must contain a statement of reasons for the objection,

including whether it applies only to the objector, to a specific subset of the Class, or to the entire

Class. In addition, you must identify any other class action settlement(s) in which you or your

attorney has objected. Any Class Member who does not make his, her or its objection in the manner

provided in this Notice Order shall be deemed to have waived such objection and shall forever be

foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set

- 7 -

4855-0040-3201.v4

forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or Lead Plaintiff, unless otherwise ordered by the Court.

16. At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and whether any application for attorneys' fees or expenses shall be approved.

17. **Settlement Fund**. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18. **Supporting Papers**. All opening papers in support of the Settlement, the Plan of Allocation, and the application for attorneys' fees and expenses shall be filed and served on or before _____, 2022 [a date that is thirty-five (35) calendar days prior to the Final Approval Hearing]. Any reply papers in response to objections shall be filed and served on or before _____, 2022 [a date that is seven (7) calendar days prior to the Final Approval Hearing].

19. Defendants shall not have any responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

20. **Use of this Order**. Neither this Notice Order nor the proposed Settlement (including the Stipulation), nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of, or an admission or concession that Plaintiffs or any Class Members have suffered any damages, harm, or loss.

- 8 -

4855-0040-3201.v4

21. **Termination**. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants pursuant to the Stipulation, then this Notice Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

22. **Stay of Proceedings**. All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any Released Party any action or proceeding in any court or tribunal asserting any of the Released Claims.

23. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

DATED: _____

_____
THE HONORABLE JOHN F. KNESS
UNITED STATES DISTRICT JUDGE

- 9 -

4855-0040-3201.v4