# EXHIBIT A-1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| CHASE MORTIMER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:19-cv-01735 **(Consolidated)** |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) | Honorable John F. Kness |
| DIPLOMAT PHARMACY, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT A-1

4867-5043-6865.v4

*IF YOU PURCHASED DIPLOMAT PHARMACY, INC. ("DIPLOMAT" OR THE "COMPANY") COMMON STOCK BETWEEN FEBRUARY 26, 2018 AND NOVEMBER 11, 2019, INCLUSIVE, AND WERE DAMAGED THEREBY, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.[1]*

A federal court authorized this Notice. This is not a solicitation from a lawyer.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have. If you are a Member of the Class, your legal rights will be affected whether or not you act.**

**Securities and Time Period**: Diplomat common stock (CUSIP No. 25456K101) purchased between February 26, 2018 and November 11, 2019, inclusive.

**Settlement Fund**: $15,500,000 in cash. Your recovery will depend on the number of shares of Diplomat common stock you purchased between February 26, 2018 and November 11, 2019, inclusive, and the timing of your purchases and any sales. If claims are submitted for 100% of the eligible shares of Diplomat common stock, the estimated average recovery per share of common stock will be approximately $0.21 before deduction of Court-approved fees and expenses. The actual amount per share you could receive will depend on a number of factors, which are explained in the Plan of Allocation contained below.

**Class**: The Court has conditionally certified a Class of all purchasers of Diplomat common stock from February 26, 2018 through and including November 11, 2019, who were damaged thereby. Excluded from the Class are Defendants, the current and Class Period officers and directors of the Company, the members of the immediate families and the legal representatives, affiliates,

---

[1] Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated December 16, 2021 (the "Stipulation"), which is available on the website established for the Settlement at www.DiplomatSecuritiesLitigation.com.

4867-5043-6865.v4

heirs, successors-in-interest, or assigns of any excluded person, and any entity in which such excluded persons have or had a controlling interest. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to this Notice.

**Reasons for Settlement**: The Settlement avoids the costs and risks associated with continued litigation, including the danger of no recovery, and provides a benefit to the Class now.

**If the Case Had Not Settled**: The Settlement must be compared to the risk of no recovery after contested motions, trial, and likely appeals. A trial is a risky proposition and the Lead Plaintiff might not have prevailed. The claims in this case involve numerous complex legal and factual issues that would require extensive and costly expert testimony. Among the many key issues about which the two sides do not agree are: (1) whether any of the Defendants violated the securities laws or otherwise engaged in any wrongdoing; (2) whether the statements alleged by Lead Plaintiff were material, false, misleading or otherwise actionable under the securities laws; (3) whether the various facts alleged by the Lead Plaintiff influenced the trading prices of Diplomat common stock during the relevant period; (4) the method for determining whether the prices of Diplomat common stock were artificially inflated during the relevant period; (5) the amount (if any) of such inflation; and (6) the amount of damages (if any) that could be recovered at trial.

**Attorneys' Fees and Expenses**: Lead Counsel has not received any payment for its work investigating the facts, conducting this Litigation, and negotiating the Settlement on behalf of the Lead Plaintiff and the Class. Lead Counsel will ask the Court for attorneys' fees not to exceed 25% of the Settlement Amount and expenses up to $25,000 to be paid from the Settlement Fund. If the above amounts are requested and approved by the Court, the average cost per share of common stock will be approximately $0.05, making the estimated average recovery per share after fees and

expenses, approximately $0.16 if claims are submitted for 100% of the eligible shares of Diplomat common stock. In addition, Lead Plaintiff may request an award not to exceed $10,000 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class.

| | |
|---|---|
| Claims Administrator: | Lead Counsel: |
| *Diplomat Securities Litigation 2021* | Rick Nelson |
| Claims Administrator | c/o Shareholder Relations |
| c/o Gilardi & Co. LLC | Robbins Geller Rudman & Dowd LLP |
| P.O. Box 43361 | 655 West Broadway, Suite 1900 |
| Providence, RI 02940-3361 | San Diego, CA 92101 |
| | Telephone: 800/449-4900 |

- Your legal rights are affected whether you act or don't act. Read this Notice carefully.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

**SUBMIT A CLAIM**
This is the only way to be eligible to receive a payment. If you are a Class Member, and do not exclude yourself from the Class, you will be bound by the Settlement as approved by the Court and you will give up any "Released Claims" (as defined below) that you have against the Defendants and the other "Released Parties" (as defined below). Proof of Claim and Release forms ("Proof of Claim") must be postmarked (if mailed) or received (if submitted online) on or before _____, 2022.

**EXCLUDE YOURSELF**
If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that potentially allows you to participate in another lawsuit against the Defendants or the other Released Parties relating to the Released Claims being released in this case. Should you elect to exclude yourself from the Class, you should understand that Defendants and the other Released Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. Exclusions must be postmarked on or before _____, 2022.

**OBJECT**
You may write to the Court if you do not like this Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses. You will still be a Member of the Class. Objections must be received by the Court and counsel for the Settling Parties on or before _____, 2022.

- 3 -

| | |
|---|---|
| **GO TO A HEARING ON _____, 2022, at _____ _.m.** | Submitting a written objection and notice of intention to appear by _____, 2022, allows you to speak in Court about the fairness of the Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and speak to the Court about your objection.[2] |
| **DO NOTHING** | If you are a Member of the Class and you do not submit a Proof of Claim by _____, 2022, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a Member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the action. |

- These rights and options – *and the deadlines to exercise them* – are explained in this Notice.

- The Court in charge of this case must decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

## BASIC INFORMATION

### 1.    Why Did I Receive This Notice Package?

You or someone in your family may have purchased Diplomat common stock between February 26, 2018 and November 11, 2019, inclusive.

The Court directed that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

---

[2]    The Court may change this date to a later date and/or time without further written notice to you.  However, any different date or time will be posted on the Settlement website: www.DiplomatSecuritiesLitigation.com.

4867-5043-6865.v4

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of Illinois, and the case is known as *Mortimer v. Diplomat Pharmacy, Inc., et al.*, No. 1:19-cv-01735. The institution that sued, Iron Workers Local No. 25 Pension Fund, is called the Lead Plaintiff. Diplomat and the individuals that the Lead Plaintiff sued, Jeffrey Park, Joel Saban, Atul Kavthekar and Brian Griffin, are called the Defendants.

## 2. What Is This Lawsuit About?

This case was brought as a class action alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") on behalf of a class of all purchasers of Diplomat common stock between February 26, 2018 and November 11, 2019, inclusive. Among other things, the Complaint alleges violations of the Exchange Act premised on alleged false and misleading statements that portrayed Diplomat's acquisition and integration of two pharmacy benefit managers ("PBMs") as a success that was growing the PBM business while concealing and omitting to disclose integration and service failures that were leading to customer complaints and losses. Lead Plaintiff alleges that the false and misleading statements artificially inflated Diplomat's stock price and when the truth was eventually disclosed, the price of Diplomat stock declined, resulting in substantial damages to the Class. Thus, Lead Plaintiff alleges that Class Members overpaid for Diplomat common stock during the relevant time period. Defendants have vigorously denied and continue to vigorously deny that they did anything wrong.

4867-5043-6865.v4

### 3.     What Has Happened So Far in This Case?

The operative complaint in the Litigation, the Consolidated Complaint for Violations of the Federal Securities Laws (the "Complaint"), was filed on December 6, 2019.  On February 7, 2020, Defendants moved to dismiss the Complaint.  Lead Plaintiff opposed the motion.  That motion was fully briefed in July 2020, and remains pending.  Collectively, the parties submitted more than 450 pages of briefing, supplemental briefing, and exhibits in connection with Defendants' motion to dismiss the Complaint.

In March 2021, the parties to the Litigation commenced mediation efforts presided over by the Hon. William Cahill (Ret.).  The parties participated in an all-day mediation session with Judge Cahill on March 1, 2021, but did not reach an agreement.  On October 25, 2021, the parties participated in another mediation session with Judge Cahill, but again did not reach an agreement. Later that day, Judge Cahill issued a "mediator's proposal" to settle the Litigation for $15.5 million, which the parties accepted.

### 4.     Why Is This a Class Action?

In a class action, a class representative (in this case the Court-appointed Lead Plaintiff Iron Workers Local No. 25 Pension Fund) sues on behalf of people who have similar claims.  Here, all these people are called the Class or Class Members.  One court resolves the issues for all Class Members, except for those who timely and validly exclude themselves from the Class.  Judge John F. Kness is presiding over this class action.

### 5.     Why Is There a Settlement?

The Court did not decide in favor of Lead Plaintiff or Defendants.  Instead, both sides agreed to a settlement.  That way they avoid the cost and uncertainty of a trial, and eligible Class Members

4867-5043-6865.v4

who submit valid claims will receive compensation. Lead Plaintiff and Lead Counsel think the Settlement is best for all Class Members.

### WHO IS IN THE SETTLEMENT

To see if you will receive money from this Settlement, you first have to determine if you are a Class Member.

**6.      How Do I Know if I Am Part of the Settlement?**

The Class includes *all purchasers of Diplomat common stock during the Class Period, which is between February 26, 2018 and November 11, 2019, inclusive, and were damaged thereby*.

**7.      What Are the Exceptions to Being Included?**

You are not a Class Member if you are a Defendant, a current or Class Period officer or director of the Company, a member of a Defendant's immediate family, or a Defendant's legal representative, affiliate, heir, successor-in-interest, or assign of any such excluded party, or an entity in which such excluded person has or had a controlling interest. You are also not a Class Member if you timely and validly request exclusion from the Class pursuant to this Notice.

If you sold Diplomat common stock during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you purchased Diplomat common stock during the Class Period.

**8.      I'm Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help. You can call a representative of Lead Counsel: Rick Nelson, Shareholder Relations, Robbins Geller Rudman &

- 7 -

4867-5043-6865.v4

Dowd LLP at 800/449-4900 for more information. Or you can fill out and return the claim form described in Question 11, to see if you qualify.

**PLEASE DO NOT CALL THE COURT OR DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT**

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

**9.  What Does the Settlement Provide?**

Defendants have agreed to cause to be paid $15.5 million in cash. The balance of this fund after payment of Court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice, the cost of publishing newspaper notice and Taxes and Tax Expenses (the "Net Settlement Fund"), will be divided among all eligible Class Members who send in valid claim forms.

**10.  How Much Will My Payment Be?**

Your share of the Net Settlement Fund will depend on several things, including the total amount of claims represented by the valid claim forms that Class Members send in, compared to the amount of your claim, as calculated under the Plan of Allocation described below.

**WHAT IS THE PROPOSED PLAN OF ALLOCATION?**

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Litigation. The Claims Administrator shall determine each Class Member's *pro rata* share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. A Recognized Loss will be calculated for each share of Diplomat common stock purchased during the Class Period. The calculation of Recognized Loss will depend upon several factors, including when the Diplomat common stock was purchased and in

- 8 -

4867-5043-6865.v4

what amounts, whether the shares were ever sold, and, if so, when they were sold and for what amounts. The Recognized Loss is not intended to estimate the amount a Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Class Members pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to Class Members.

### CALCULATION OF RECOGNIZED LOSS AMOUNTS

The allocation below is based on the following inflation per share amounts for Class Period common stock purchases and sales as well as the statutory PSLRA 90 day-look back amount of $4.12. Furthermore, if any of the formulas set forth below yield an amount less than $0.00 the claim per share is $0.00.

**Table A**

| Inflation Period | Inflation per Share |
|---|---|
| February 26, 2018 – November 6, 2018 | $17.71 |
| November 7, 2018 – January 6, 2019 | $12.17 |
| January 7, 2019 – February 21, 2019 | $10.69 |
| February 22, 2019 – November 11, 2019 | $3.10 |

For each share of Diplomat common stock *purchased from February 26, 2018 through and including November 11, 2019*, the claim per share shall be as follows:

(a)     If sold prior to November 7, 2018, the Recognized Loss Amount is $0.00.

(b)     If sold from November 7, 2018 through and including November 11, 2019, the Recognized Loss Amount shall be the lesser of: (i) the inflation per share at the time of purchase less the inflation per share at the time of sale as set forth in Table A above; and (ii) the difference between the purchase price and the selling price.

- 9 -

(c)     If retained at the close of trading on November 11, 2019, and sold on or before February 7, 2020, the Recognized Loss Amount shall be the least of: (i) the inflation per share at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table B below.

(d)     If retained at the close of trading on February 7, 2020, the Recognized Loss Amount shall be the lesser of: (i) the inflation per share at the time of purchase; and (ii) the difference between the purchase price and $4.12.

**Table B**

| Date | Price | Average Closing Price |
|------|-------|-----------------------|
| 11/12/2019 | $3.10 | $3.10 |
| 11/13/2019 | $3.18 | $3.14 |
| 11/14/2019 | $3.34 | $3.21 |
| 11/15/2019 | $3.81 | $3.36 |
| 11/18/2019 | $3.84 | $3.45 |
| 11/19/2019 | $3.96 | $3.54 |
| 11/20/2019 | $4.09 | $3.62 |
| 11/21/2019 | $4.20 | $3.69 |
| 11/22/2019 | $4.29 | $3.76 |
| 11/25/2019 | $4.35 | $3.82 |
| 11/26/2019 | $4.37 | $3.87 |
| 11/27/2019 | $4.90 | $3.95 |
| 11/29/2019 | $5.15 | $4.04 |
| 12/2/2019 | $5.00 | $4.11 |
| 12/3/2019 | $5.44 | $4.20 |
| 12/4/2019 | $5.37 | $4.27 |
| 12/5/2019 | $5.60 | $4.35 |
| 12/6/2019 | $5.81 | $4.43 |
| 12/9/2019 | $3.91 | $4.41 |
| 12/10/2019 | $3.94 | $4.38 |
| 12/11/2019 | $3.93 | $4.36 |
| 12/12/2019 | $3.94 | $4.34 |

- 10 -

4867-5043-6865.v4

| | | |
|---|---|---|
| 12/13/2019 | $3.93 | $4.32 |
| 12/16/2019 | $3.92 | $4.31 |
| 12/17/2019 | $3.93 | $4.29 |
| 12/18/2019 | $3.92 | $4.28 |
| 12/19/2019 | $3.93 | $4.26 |
| 12/20/2019 | $3.95 | $4.25 |
| 12/23/2019 | $3.96 | $4.24 |
| 12/24/2019 | $3.96 | $4.23 |
| 12/26/2019 | $3.97 | $4.23 |
| 12/27/2019 | $3.96 | $4.22 |
| 12/30/2019 | $3.99 | $4.21 |
| 12/31/2019 | $4.00 | $4.20 |
| 1/2/2020 | $4.00 | $4.20 |
| 1/3/2020 | $4.00 | $4.19 |
| 1/6/2020 | $4.06 | $4.19 |
| 1/7/2020 | $4.09 | $4.19 |
| 1/8/2020 | $4.11 | $4.18 |
| 1/9/2020 | $3.99 | $4.18 |
| 1/10/2020 | $3.99 | $4.18 |
| 1/13/2020 | $4.01 | $4.17 |
| 1/14/2020 | $4.01 | $4.17 |
| 1/15/2020 | $4.01 | $4.16 |
| 1/16/2020 | $4.00 | $4.16 |
| 1/17/2020 | $3.98 | $4.16 |
| 1/21/2020 | $3.99 | $4.15 |
| 1/22/2020 | $3.99 | $4.15 |
| 1/23/2020 | $3.99 | $4.15 |
| 1/24/2020 | $4.00 | $4.14 |
| 1/27/2020 | $4.00 | $4.14 |
| 1/28/2020 | $4.00 | $4.14 |
| 1/29/2020 | $3.99 | $4.13 |
| 1/30/2020 | $3.99 | $4.13 |
| 1/31/2020 | $3.98 | $4.13 |
| 2/3/2020 | $4.02 | $4.13 |
| 2/4/2020 | $3.99 | $4.13 |
| 2/5/2020 | $3.99 | $4.12 |
| 2/6/2020 | $3.99 | $4.12 |
| 2/7/2020 | $4.00 | $4.12 |

In the event a Class Member has more than one purchase of Diplomat common stock, during the Class Period, all such purchases and sales shall be matched on a First-In, First-Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class

- 11 -

4867-5043-6865.v4

Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Class Period.

A purchase of Diplomat common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchases shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of Diplomat common stock during the Class Period shall not be deemed a purchase of Diplomat common stock for the calculation of a claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment. The receipt of Diplomat common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase of Diplomat common stock.

The total of all profits shall be subtracted from the total of all losses from transactions in Diplomat common stock during the Class Period to determine if a Class Member has a recognized claim. Only if a Class Member had a net market loss, after all profits from transactions in Diplomat common stock during the Class Period are subtracted from all losses, will such Class Member be eligible to receive a distribution from the Net Settlement Fund.

If an Authorized Claimant has an overall market gain, the recognized claim for that Authorized Claimant will be $0.00. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its recognized claim as compared to the total recognized claims of all Authorized Claimants. No distribution shall be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

- 12 -

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to an appropriate non-profit charitable organization(s) serving the public interest.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has retained jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against Lead Plaintiff, Lead Counsel, any Claims Administrator, any other Person designated by Lead Counsel, or any of the Released Parties based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise

- 13 -

shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

**HOW YOU OBTAIN A PAYMENT – SUBMITTING A CLAIM FORM**

**11. How Will I Obtain a Payment?**

To qualify for payment, you must be an eligible Class Member, send in a timely and valid claim form, and properly document your claim as requested in the claim form. A claim form is enclosed with this Notice, or it may be downloaded at www.DiplomatSecuritiesLitigation.com. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it such that it is postmarked no later than _____, 2022, or submit it online by no later than _____, 2022.

**12. When Will I Receive My Payment?**

The Court will hold a hearing on _____, 2022, at __:___ .m., to decide whether to approve the Settlement. If Judge Kness approves the Settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps several years. Please be patient.

**13. What Am I Giving Up to Receive a Payment or Stay in the Class?**

Unless you timely and validly exclude yourself, you are a Member of the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants or any of the other Released Parties about the Released Claims in this case. It also means that all of the Court's orders, including a judgment ("Judgment") dismissing the Litigation with prejudice on the merits, will apply to you and legally bind you and you will release all Released Claims in this case against the Defendants and any other Released Parties.

- 14 -

4867-5043-6865.v4

"**Released Claims**" shall collectively mean any and all claims (including Unknown Claims as defined below), rights, demands, liabilities or causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), to the fullest extent that the law permits their release in this action, by or on behalf of Lead Plaintiff or any other Class Members against any of the Released Parties that have been alleged or could have been alleged in this action (or in any forum or proceeding or otherwise), whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, whether known claims or Unknown Claims, whether class, representative, or individual in nature, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, whether at law or in equity, matured or unmatured, that are based on, relate to, or arise out of both (i) the allegations, transactions, facts, matters, events, disclosures, statements, occurrences, circumstances, representations, conduct, acts, or omissions or failures to act that have been or could have been alleged or asserted in the Litigation, and (ii) Lead Plaintiff's or any other Class Member's purchase of Diplomat common stock during the Class Period. Released Claims do not include any derivative or ERISA claims or claims to enforce the terms of the Settlement.

"**Unknown Claims**" means collectively any Released Claims that Lead Plaintiff or Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected such Class Member's settlement or decisions with respect to the Settlement, including, but not limited to, the release of the Released Parties or the decision not to object to or opt out of this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead

- 15 -

Plaintiff and Defendants shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by the law of any state or territory or other jurisdiction or principle of common law or foreign law that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly fully, finally, and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and Class Members shall be deemed by operation of law (including by operation of the Judgment) to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

"**Released Parties**" means each and all of the Defendants, and each and all of their respective Related Parties.

- 16 -

4867-5043-6865.v4

"**Related Parties**" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, members, agents, administrators, attorneys, accountants, auditors, bankers, underwriters, investment advisors, personal or legal representatives, predecessors, successors, direct and/or indirect parents, subsidiaries, divisions, joint ventures, partnerships, limited liability companies, affiliates, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of a Defendant's immediate family, any trust of which a Defendant is the settlor or which is for the benefit of a Defendant and/or any member of a Defendant's immediate family, and any entity in which a Defendant and/or any member of a Defendant's immediate family has or had a controlling interest (directly or indirectly).

The Judgment will also provide that upon the Effective Date, without any further action by anyone, Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, compromised, settled, resolved, waived, discharged, and dismissed on the merits with prejudice all Released Claims against the Released Parties, whether or not such Class Member executes and delivers a Proof of Claim form. It is an important element of the Defendants' participation in the Settlement, which Lead Plaintiff has acknowledged, that the Released Parties obtain the fullest possible legally enforceable release from further liability to any Class Member relating to the Released Claims, and it is the intention of the Settling Parties that all further liability of the Defendants and each of their Related Parties relating to the Released Claims hereby be eliminated. These releases and waivers were separately bargained for and are essential elements of the Settlement.

- 17 -

4867-5043-6865.v4

Moreover, upon the Effective Date, Lead Plaintiff and all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Released Parties, and each of them.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in this Settlement, and you want to keep the right to sue or continue to sue the Defendants or any other Released Parties on your own for the Released Claims in this case, then you must take steps to get out of the Class. This is called excluding yourself or is sometimes referred to as opting out of the Class. If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

**14.    How Do I Get Out of the Class?**

To exclude yourself from the Class you must send a letter by mail stating that you want to be excluded from *Mortimer v. Diplomat Pharmacy, Inc., et al.*, No. 1:19-cv-01735. You must include your name, address, telephone number, your signature, and the number of shares of Diplomat common stock you purchased between February 26, 2018 and November 11, 2019, inclusive, the dates of your purchases, the purchase price, and the dates and sale price of any sales. You must mail your exclusion request postmarked no later than _____, 2022, to:

- 18 -

4867-5043-6865.v4

*Diplomat Securities Litigation 2021*
Claims Administrator
EXCLUSIONS
c/o Gilardi & Co. LLC
150 Royall Street, Suite 101
Canton, MA 02021

You cannot exclude yourself on the phone or by e-mail. If you properly ask to be excluded, you are not eligible to receive any settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit.

**15.      If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No. Unless you timely and validly exclude yourself, you give up any right to sue the Defendants and certain other Released Parties for the Released Claims in this Settlement. If you have a pending lawsuit against any of these parties, including the Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is _____, 2022.

**16.      If I Exclude Myself, Can I Receive Money From This Settlement?**

No. If you exclude yourself, do not send in a claim form. But, you may be able to sue, continue to sue, or be part of a different lawsuit involving the Released Claims against the Defendants and the other Released Parties.

**THE LAWYERS REPRESENTING YOU**

**17.      Do I Have a Lawyer in This Case?**

The Court appointed the law firm of Robbins Geller Rudman & Dowd LLP to represent you and other Class Members. These lawyers are called Lead Counsel. You will not be directly charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

- 19 -

4867-5043-6865.v4

**18.     How Will the Lawyers Be Paid?**

Lead Counsel will ask the Court for attorneys' fees not to exceed 25% of the Settlement Amount and for expenses up to $25,000, plus interest that is incurred.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for its efforts in achieving this Settlement and for its risk in undertaking this representation on a wholly contingent basis.  Lead Counsel has committed a substantial amount of time and significant expenses in litigating this case for the benefit of the Class.  To date, Lead Counsel has not been paid for its services in conducting this Litigation on behalf of the Lead Plaintiff and the Class, nor for its expenses.  The fees requested will compensate counsel for its work in achieving the Settlement Fund.  The Court will decide what is a reasonable fee award and may award less than the amount requested by Lead Counsel.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement or some part of it.

**19.     How Do I Tell the Court That I Do Not Like the Settlement?**

If you are a Class Member, you can object to the Settlement if you do not like any part of it, including the Plan of Allocation and the request for attorneys' fees or expenses.  You can state the reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter saying that you object to the Settlement in *Mortimer v. Diplomat Pharmacy, Inc., et al.*, No. 1:19-cv-01735.  You must include your name, address, telephone number, your signature, documentation establishing your membership in the Class, including the

- 20 -

number of shares of Diplomat common stock you (i) owned as of the opening of trading on February 26, 2018, and (ii) purchased between February 26, 2018 and November 11, 2019, inclusive, the number of any shares sold, the dates and prices of purchases and of any sales, and the reasons you object. The objection must contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. In addition, you must identify any other class action settlement(s) in which you or your attorney has objected. Any objection *must* be mailed or delivered such that it is **received** by *each* of the following no later than _____, 2022:

*Court:*

Clerk of the Court
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street
Chicago, IL 60604

*Counsel for Lead Plaintiff:*

Theodore J. Pintar
ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

*Counsel for Defendants*:

James W. Ducayet
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to any aspect of the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's request for an award of attorneys' fees and expenses. Class**

- 21 -

4867-5043-6865.v4

**Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval**.

> **20.     What's the Difference Between Objecting and Excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object ***only if*** you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

> **21.     When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a fairness hearing at __:__ _.m., on _____, 2022, at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois. At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate.[3] The Court may move the date or time of the fairness hearing to a later date and/or time without further written notice to you. If the date or time of the fairness hearing is changed the new date and/or time will be posted at www.DiplomatSecuritiesLitigation.com. If there are objections, the Court will consider them. Judge Kness will listen to people who have asked to speak at the hearing. At or after the fairness hearing, the Court will decide whether to approve the Settlement, the request for attorneys'

---

[3]     The papers in support of approval of the Settlement, the Plan of Allocation, and Lead Counsel's fee and expense application will be submitted to the Court no later than _____, 2022, and posted on the Settlement website www.DiplomatSecuritiesLitigation.com.

4867-5043-6865.v4

fees and expenses, and the Plan of Allocation.  The Court may decide these issues at the hearing or take them under consideration.  We do not know how long these decisions will take.

### 22. Do I Have to Come to the Hearing?

No.  Lead Counsel will answer any questions Judge Kness may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you submitted your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

### 23. May I Speak at the Hearing?

If you have timely filed an objection, you may ask the Court for permission to speak at the fairness hearing.  To do so, you must send a letter saying that it is your intention to appear in *Mortimer v. Diplomat Pharmacy, Inc., et al.*, No. 1:19-cv-01735.  You must include your name, address, telephone number, your signature, and the number of shares of Diplomat common stock you purchased between February 26, 2018 and November 11, 2019, inclusive.  Your notice of intention to appear must be *received* no later than _____, 2022, by the Clerk of the Court, Lead Counsel, and Defendants' counsel, at the addresses listed in Question 19.  If you intend to present evidence or witnesses, you must disclose that information and explain it in your letter.  You cannot speak at the hearing if you exclude yourself from the Class.

### IF YOU DO NOTHING

### 24. What Happens If I Do Nothing at All?

If you do nothing, you will be a Class Member.  However, you will not receive any money from this Settlement unless you submit a claim form.  Unless you exclude yourself, you won't be

- 23 -

able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants or any other Released Parties about the Released Claims.

## GETTING MORE INFORMATION

### 25. Are There More Details About the Settlement?

This Notice summarizes the proposed Settlement and does not describe all of the details of the Settlement. More details are in the Stipulation dated December 16, 2021. You can obtain a copy of the Stipulation by going to www.DiplomatSecuritiesLitigation.com, or by writing to or calling the Claims Administrator: Gilardi & Co. LLC, P.O. Box 43361, Providence, RI 02940-3361, 888-850-0282, a representative of Lead Counsel: Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 800-449-4900, or from the Clerk's office at the United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, during regular business hours.

### 26. How Do I Get More Information?

You can call 1-800-449-4900 or write to Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, or visit the following website: www.DiplomatSecuritiesLitigation.com.

*DO NOT TELEPHONE THE DEFENDANTS OR THE COURT*

*REGARDING THIS NOTICE*

**SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES**

The Court has ordered that if you hold or held any Diplomat common stock purchased between February 26, 2018 and November 11, 2019, inclusive, as nominee for a beneficial owner,

- 24 -

4867-5043-6865.v4

then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator at notifications@gilardi.com or:

> *Diplomat Securities Litigation 2021*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 43361
> Providence, RI  02940-3361

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.  If you do not intend to comply with the provisions of this section you are requested to notify the Claims Administrator of that fact at the address listed above.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED: _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

- 25 -

4867-5043-6865.v4