# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| CHASE MORTIMER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:19-cv-01735 **(Consolidated)** |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) ) | Honorable John F. Kness |
| DIPLOMAT PHARMACY, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

[PROPOSED] FINAL JUDGMENT APPROVING SETTLEMENT

EXHIBIT B

4892-7776-6658.v4

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated _____, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated December 16, 2021 (the "Settlement Agreement"). Due and adequate notice having been given to the Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Court has jurisdiction over the subject matter of the Litigation and over all Settling Parties to the Litigation, including all Members of the Class.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Order and finally certifies, for settlement purposes only, a Class defined as: all Persons who purchased Diplomat common stock from February 26, 2018 through and including November 11, 2019, and were damaged thereby. Excluded from the Class are Defendants, the current and Class Period officers and directors of the Company, the members of the immediate families and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any excluded person, and any entity in which such excluded persons have or had a controlling interest. Also excluded from the Class are those Persons listed in Exhibit 1 hereto who timely and validly requested exclusion from the Class pursuant to the Notice. Pursuant to Rule 23, and for purposes of settlement only, the Court hereby affirms its determination in the Notice Order and finally certifies Plaintiffs as Class Representatives, and finally appoints the law firm of Robbins Geller Rudman & Dowd LLP as Class Counsel.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement set forth in the Stipulation and finds that in light of the benefits to the Class, the complexity and expense of further litigation, and the costs of continued litigation, the Settlement

4892-7776-6658.v4

is, in all respects fair, reasonable, and adequate, having considered and found that: (i) Lead Plaintiff and Lead Counsel have adequately represented the Class; (ii) the proposal was negotiated at arm's length; (iii) the relief provided for the Class is adequate, having taken into account (a) the costs, risks, and delay of trial and appeal; (b) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Members' claims; (c) the terms of any proposed award of attorneys' fees, including timing of payment; and (d) any agreement required to be identified under Rule 23(e)(2); and (iv) the proposed Plan of Allocation treats Class Members equitably relative to each other.

4. The Court hereby dismisses the Litigation and all Released Claims of the Class with prejudice, without costs as to any of the Released Parties, except as and to the extent provided in the Settlement Agreement and herein.

5. Upon the Effective Date hereof, Lead Plaintiff shall, and each of the Class Members shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, compromised, settled, resolved, waived, discharged, and dismissed on the merits with prejudice all Released Claims (including, without limitation, Unknown Claims) against the Released Parties, whether or not such Class Member executes and delivers a Proof of Claim and Release.

6. Upon the Effective Date hereof, each of the Released Parties shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Class Members, and their counsel, employees, successors and assigns from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of (i) the Litigation or (ii) the Released Claims.

4892-7776-6658.v4

7.      Upon the Effective Date hereof, Lead Plaintiff and each of the Class Members, and their heirs, executors, administrators, successors, and assigns, shall also be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Parties and their counsel from all Released Claims (including, without limitation, Unknown Claims) arising out of the defense, conduct, settlement, or resolution of the Litigation or the Released Claims.  Claims to enforce the terms of the Stipulation are not released.

8.      Upon the Effective Date hereof, Lead Plaintiff and each of the Class Members who have not validly opted out of the Class, and their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, directly or indirectly, individually, representatively, or in any other capacity, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any Released Party, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any other claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Litigation or the Released Claims.

9.      The Notice of Pendency and Proposed Settlement of Class Action given to the Class in accordance with the Notice Order entered on _____, was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

- 3 -

4892-7776-6658.v4

10.     Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

11.     Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Defendant; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the settlement amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, proceeding or other forum or tribunal.  The Released Parties may file the Settlement Agreement and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim.

12.     The Court shall retain jurisdiction for the purposes of enforcing the terms of this Judgment.  Except as necessary to enforce the terms of this Judgment, this case is hereby dismissed with prejudice.

13.     The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14.     In the event that the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be vacated.

- 4 -

4892-7776-6658.v4

15. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

16. As used in this Judgment the following terms have the meanings specified below:

(a) "Class," "Class Members," or "Members of the Class" means all Persons who purchased Diplomat common stock from February 26, 2018 through and including November 11, 2019, and were damaged thereby. Excluded from the Class are Defendants, the current and Class Period officers and directors of the Company, the members of the immediate families and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any excluded person, and any entity in which such excluded persons have or had a controlling interest. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice.

(b) "Defendants" means Diplomat, Jeffrey Park, Joel Saban, Atul Kavthekar and Brian Griffin.

(c) "Lead Counsel" means Robbins Geller Rudman & Dowd LLP.

(d) "Lead Plaintiff" means Iron Workers Local No. 25 Pension Fund.

(e) "Person" means a natural person, individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives or assignees.

(f) "Plaintiffs' Counsel" means Lead Counsel; Holzer & Holzer, LLC; Sullivan, Ward Asher & Patton, P.C.; AsherKelly; and Hessian & McKasy P.A.

(g) "Related Parties" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, members, agents, administrators, attorneys, accountants, auditors, bankers, underwriters, investment

- 5 -

advisors, personal or legal representatives, predecessors, successors, direct and/or indirect parents, subsidiaries, divisions, joint ventures, partnerships, limited liability companies, affiliates, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of a Defendant's immediate family, any trust of which a Defendant is the settlor or which is for the benefit of a Defendant and/or any member of a Defendant's immediate family, and any entity in which a Defendant and/or any member of a Defendant's immediate family has or had a controlling interest (directly or indirectly).

(h) "Released Claims" shall collectively mean any and all claims (including Unknown Claims as defined below), rights, demands, liabilities or causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), to the fullest extent that the law permits their release in this action, by or on behalf of Lead Plaintiff or any other Class Members against any of the Released Parties that have been alleged or could have been alleged in this action (or in any forum or proceeding or otherwise), whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, whether known claims or Unknown Claims, whether class, representative, or individual in nature, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, whether at law or in equity, matured or unmatured, that are based on, relate to, or arise out of both (i) the allegations, transactions, facts, matters, events, disclosures, statements, occurrences, circumstances, representations, conduct, acts, or omissions or failures to act that have been or could have been alleged or asserted in the Litigation, and (ii) Lead Plaintiff's or any other Class Member's purchase of Diplomat common stock during the Class Period. Released Claims do not include any derivative or ERISA claims or claims to enforce the terms of the Settlement.

4892-7776-6658.v4

(i)     "Released Parties" means each and all of the Defendants, and each and all of their respective Related Parties.

(j)     "Settlement Fund" means the principal amount of Fifteen Million Five Hundred Thousand U.S. Dollars ($15,500,000), plus any accrued interest earned thereon.

(k)     "Settling Parties" means, collectively, Lead Plaintiff, on behalf of itself and each of the Class Members, and the Defendants.

(l)     "Unknown Claims" means collectively any Released Claims that Lead Plaintiff or Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected such Class Member's settlement or decisions with respect to the Settlement, including, but not limited to, the release of the Released Parties or the decision not to object to or opt out of this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by the law of any state or territory or other jurisdiction or principle of common law or foreign law that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly fully, finally, and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the

- 7 -

4892-7776-6658.v4

Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and Class Members shall be deemed by operation of law (including by operation of the Judgment) to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

17. Lead Counsel shall submit a motion for approval of the Plan of Allocation of settlement proceeds as set forth in the Notice sent to Class Members. Lead Counsel's motion for approval of the Plan of Allocation of settlement proceeds will be determined at a time set by the Court.

18. The Claims Administrator shall administer the claims administration process, including the calculation of claims submitted by Class Members and distribution of the Net Settlement Fund to Authorized Claimants pursuant to the Court-approved Plan of Allocation. The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Court-approved Plan of Allocation. All Class Members shall submit a Proof of Claim and Release ("Claim") under penalty of perjury by the date set forth in the Notice of Pendency and Proposed Settlement of Class Action ("Notice") sent to Class Members. Lead Counsel may, in its discretion, accept for processing late-submitted Claims so long as the distribution of the Net Settlement Fund is not materially delayed.

19. If a Claim is deficient, the Claims Administrator shall send the Class Member a deficiency letter which will give the Class Member twenty (20) days to cure the deficiency. If the

4892-7776-6658.v4

Class Members fails to cure the deficiency within the twenty (20)-day period, the Claims Administrator shall send the Class Member a letter notifying the Class Member that the Claim has been rejected. The rejection letter will advise the Class Member of the reason (s) for the rejection of the Claim and his, her, or its right to review the determination of the Claim. If the Claim is still rejected, the Class Member shall then be allowed to move this Court within twenty (20) days to have the Claim accepted by Lead Counsel and the Claims Administrator.

20. Lead Counsel shall submit an application for distribution from the Settlement Fund for an award of attorneys' fees plus expenses in connection with prosecuting the Litigation, plus interest on both amounts and Lead Plaintiff may submit a request for an award pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class. Lead Counsel's application and Lead Plaintiff's request will be determined at a time to be set by the Court. The Court awarded amounts will be paid solely out of the Settlement Fund.

IT IS SO ORDERED.

DATED: _____     _____

THE HONORABLE JOHN F. KNESS
UNITED STATES DISTRICT JUDGE

- 9 -

4892-7776-6658.v4