EXHIBIT A

APPENDIX OF UNREPORTED AUTHORITIES CITED IN SUPPORT OF MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

| CASE | TAB |
|------|-----|
| *Bristol Cty. Ret. Sys. v. Allscripts Healthcare Solutions, Inc.*, No. 1:12-cv-03297, slip op. (N.D. Ill. July 22, 2015) | 1 |
| *In re Spiegel, Inc. Sec. Litig.*, No. 1:02-cv-08946, slip op. (N.D. Ill. Mar. 2, 2007) | 2 |
| *Lowry v. RTI Surgical Holdings, Inc.*, No. 20-cv-01939, slip op. (N.D. Ill. Jan. 26, 2022) | 3 |
| *Ronge v. Camping World Holdings, Inc.*, No. 1:18-cv-07030, slip op. (N.D. Ill. Aug. 5, 2020) | 4 |
| *Rubinstein v. Gonzalez*, No. 1:14-cv-09465, slip op. (N.D. Ill. Oct. 22, 2019) | 5 |
| *Sokolow v. LJM Funds Management, LTD*, No. 1:18-cv-01039, slip op. (N.D. Ill. Dec. 18, 2019) | 6 |
| *St. Lucie Fire Dist. Firefighters Pen. Tr. Fund v. Stericycle, Inc.*, No. 1:16-cv-07145, slip op. (N.D. Ill. May 19, 2020) | 7 |
| *Van Noppen v. InnerWorkings, Inc.*, No. 1:14-cv-01416, slip op. (N.D. Ill. Nov. 2, 2016) | 8 |

4885-0339-2542.v1

# TAB 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| BRISTOL COUNTY RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 1:12-cv-03297 |
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) | Judge Jorge L. Alonso Magistrate Judge Young B. Kim |
| ALLSCRIPTS HEALTHCARE SOLUTIONS, INC., et al., | ) ) ) ) | |
| Defendants. | ) ) ) | |

ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

1050433_1

Case: 1:12-cv-0329 P Document #: 130 Filed: 07/22/15 Page 2 of 3 PageID #:3117

THIS MATTER having come before the Court on the motion of Lead Plaintiffs for an award of attorneys' fees and expenses; the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of the Action to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      All of the capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement dated April 1, 2015 (the "Settlement Agreement").

2.      The Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

3.      Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice of Lead Plaintiffs' motion for an award of attorneys' fees and expenses was directed to all Persons and entities who are Class Members, including individual notice to those who could be identified with reasonable effort, advising them of the application for fees and expenses and of their right to object thereto, and a full and fair opportunity was accorded to all Persons and entities who are members of the Class to be heard with respect to the motion for fees and expenses.

4.      The Court hereby awards Lead Counsel attorneys' fees of 33% of the Settlement Amount and expenses of $119,060.10, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid.  Said fees shall be allocated among other Plaintiffs' Counsel by Lead Counsel in a manner which, in their good-faith judgment, reflects each counsel's contribution to the institution, prosecution, and resolution of the Action.  The Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of recovery" method considering, among other things that:

- 1 -

1050433_1

(a)      the requested fee is consistent with percentage fees negotiated *ex ante* in the private market for legal services;

(b)      the contingent nature of the Action favors a fee award of 33%;

(c)      the Settlement Fund of $9.75 million was not likely at the outset of the Action;

(d)      the awarded fee is in accord with Seventh Circuit authority and consistent with empirical data regarding fee awards in cases of this size;

(e)      the quality legal services provided by Lead Counsel produced the Settlement;

(f)      the Lead Plaintiffs appointed by the Court to represent the Class reviewed and approved the requested fee;

(g)      the stakes of the litigation favor the fee awarded; and

(h)      the reaction of the Class to the fee request supports the fee awarded.

5.      The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Lead Counsel from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Settlement Agreement, which terms, conditions, and obligations are incorporated herein.

IT IS SO ORDERED.

7/22/15      _____
JORGE L. ALONSO
UNITED STATES DISTRICT JUDGE

- 2 -

1050433_1

TAB 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| In re SPIEGEL, INC. SECURITIES LITIGATION | ) ) ) ) | No. 02 8946 |
| | | CLASS ACTION |
| This Document Relates To: | ) ) | Judge Rebecca R. Pallmeyer |
| ALL ACTIONS. | ) ) ) | |

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF
EXPENSES

THIS MATTER having come before the Court on March 2, 2007, on the application of Lead Counsel for an award of attorneys' fees and reimbursement of expenses incurred in the Litigation; the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of this Litigation to be fair, reasonable and adequate and otherwise being fully informed in the premises and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated as of November 1, 2006 (the "Stipulation").

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion.

3. The Court hereby awards Lead Counsel attorneys' fees of 30% of the Settlement Fund and reimbursement of expenses in an aggregate amount of $237,536.54 together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. Said fees shall be allocated by Lead Counsel in a manner which, in their good-faith judgment, reflects each counsel's contribution to the institution, prosecution and resolution of the Litigation. The Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method.

- 1 -

4.    The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Lead Counsel from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Stipulation and in particular ¶6.2 thereof, which terms, conditions, and obligations are incorporated herein.

IT IS SO ORDERED.

DATED: _March 2, 2007_ _____

THE HONORABLE REBECCA R. PALLMEYER
UNITED STATES DISTRICT JUDGE

Submitted by:

CAFFERTY FAUCHER LLP
PATRICK E. CAFFERTY

_____s/ Patrick E. Cafferty_____
PATRICK E. CAFFERTY

30 North LaSalle Street, Suite 3200
Chicago, IL  60602
Telephone: 312/782-4880
312/782-4485 (fax)

Local Counsel

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone: 631/367-7100
631/367-1173 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

- 2 -

ADEMI & O'REILLY, LLP
GURI ADEMI
SHPETIM ADEMI
3620 East Layton Avenue
Cudahy, WI 53110
Telephone: 414/482-8000
414/482-8001 (fax)

Co-Lead Counsel for Plaintiffs

S:\Settlement\Spiegel.set\ORDER FEES 00039359.doc

# TAB 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

----------------------------------------------------------X

PATRICIA LOWRY, individually and on
behalf of all others similarly situated,

     Plaintiff,

  -against-           Civil Action No. 20 C 01939 (MFK)

RTI SURGICAL HOLDINGS, INC.,      CLASS ACTION
CAMILLE I. FARHAT, BRIAN K.
HUTCHISON, JONATHON M. SINGER,
ROBERT P. JORDHEIM, and JOHANNES
W. LOUW,

     Defendants.

----------------------------------------------------------X

## ORDER AND JUDGMENT

WHEREAS, this matter came before the Court for hearing on January 24, 2022, pursuant to the Preliminary Approval Order entered September 22, 2021, on the application of the Parties for final approval of the Settlement as set forth in the Stipulation of Settlement (the "Stipulation"); and

WHEREAS, the Court has heard all persons properly appearing and requesting to be heard, read and considered the motions and supporting papers, and found good cause appearing;

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.  This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used in this Order that are not otherwise identified herein have a meaning assigned to them as set forth in the Stipulation.

2.  The Court has jurisdiction over the subject matter of the action and over all parties

to the Action, including all Class members.

3.      On January 24, 2022, the Court held a Final Approval Hearing, after due and proper notice, to consider the fairness, reasonableness and adequacy of the proposed Settlement.  In reaching its decision in this Action, the Court considered the Parties' Stipulation, the Court file in this case, and the presentations by Lead Counsel on behalf of the Plaintiff and the Class and counsel for Defendants in support of the fairness, reasonableness, and adequacy of the Settlement.

4.      In the Preliminary Approval Order, the Court found that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) were satisfied, warranting conditional certification of the Class.  The Court finds that such requirements continue to be satisfied and that the Class defined in the Preliminary Approval Order shall remain certified, consisting of:

> All individuals and entities who purchased or otherwise acquired RTI Surgical Holdings, Inc. common stock from March 7, 2016 through March 27, 2020, both dates inclusive and were damaged thereby.

5.      Excluded from the Class are Defendants, the officers and directors of RTI Surgical Holdings, Inc. at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which any of the above have or had a controlling interest.

6.      In the Preliminary Approval Order, the Court preliminarily approved the Notice and the Summary Notice and found that their proposed form, content and plan of dissemination to Class members satisfied the requirements of Rule 23(e) of the Federal Rules of Civil Procedure, due process, and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u4(a)(7).  The Court reaffirms that finding and holds that the best practicable notice was given to Class members under the circumstances and constitutes due and sufficient notice of the Settlement, Stipulation in support thereof, and Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement or the Final Approval Hearing.  Furthermore, the

Court hereby affirms that due and sufficient notice has been given to the appropriate State and Federal officials pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C § 1715.

7. The Court has determined that the Settlement is fair, reasonable, and adequate and is hereby finally approved in all respects. In making this determination, the Court has considered factors with respect to fairness, which include, *inter alia*, the complexity, expense and likely duration of the litigation; the reaction of the class to the settlement; the risks of establishing liability; the risks of establishing damages; the risk of maintaining the class action through the trial; the risks of collection; and the reasonableness of the settlement fund to a possible recovery in light of all the attendant risks. The Court has considered the submissions of the Parties along with the record in this Action, all of which show that the proposed Settlement is fair, reasonable and adequate.

8. The Court has also considered each of the factors identified in Federal Rule of Civil Procedure 23(e)(2), and finds that those factors likewise demonstrate that the proposed Settlement is fair, reasonable and adequate.

9. The Settlement provides that Defendants will cause $10,500,000 in cash to be paid into a Settlement Fund for the benefit of the Class. Among other things, the recovery of an individual Class member depends on the number of RTI shares that the Class member purchased and sold, and the prices at which other Class members who filed claims purchased and sold those shares.

10. The Court has considered, separately from its consideration of the fairness, reasonableness and adequacy of the Settlement reflected in the Stipulation as a whole, the Plan of Allocation proposed by Lead Counsel. The Court finds that the proposed Plan of Allocation is fair, just, reasonable, and adequate, and is therefore finally approved in all respects.

11.     The Court notes that there were no objections filed to the Settlement from Class members.

12.     In addition to finding the terms of the Settlement to be fair, reasonable, and adequate, the Court determines that there was no fraud or collusion between the Parties or their counsel in negotiating the Settlement's terms, and that all negotiations were made at arm's length. Furthermore, the terms of the Settlement make it clear that the process by which the Settlement was achieved was fair.

13.     This Order and Judgment shall be binding on all Class members, including Plaintiff.  Further, the Action is hereby dismissed with prejudice.  The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

14.     Upon the Effective Date, Plaintiff, each Class member, and anyone claiming through or on behalf of any of them, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all claims against the Released Persons, whether or not any individual Class member executes and delivers the Proof of Claim and Release form.

15.     Upon the Effective Date, Plaintiff, each Class member and anyone claiming through or on behalf of any of them, by operation of the Judgment, shall be forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or any proceeding, in any court of law or equity, arbitration, tribunal, administrative forum, or other forum of any kind asserting any of Plaintiff's claims against any of the Released Persons.

16.     Upon the Effective Date, Defendants and anyone claiming through or on behalf of any of them, shall hereby be deemed to have, and by operation of this Order shall be, released and permanently barred and enjoined from instituting, commencing, or prosecuting any claim

4

against Plaintiff, Class members or Lead Counsel related to this Action or the prosecution thereof.

17. The Court finds and concludes that throughout this Action, the Defendants, Plaintiff, and their respective counsel complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. The Court further finds that Plaintiff and Lead Counsel adequately represented Class members for purposes of entering into and implementing the Settlement.

18. Separate from its consideration of the Settlement set forth in the Stipulation, the Court hereby awards Lead Counsel attorneys' fees of $3,150,000, plus reimbursement of their expenses in the amount of $60,943.44, together with the interest earned thereon for the same time period and at the same rate as that earned on the Gross Settlement Fund until paid. The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable given the time and labor expended by counsel, the complexity of the litigation, the risk of the litigation, the quality of representation, the fee requested in relation to the recovery under the settlement, and public policy.

19. Separate from its consideration of the Settlement set forth in the Stipulation, the Court hereby awards the Plaintiff a reimbursement award pursuant to §78u-4(a)(4) of the PSLRA of $5,000.

20. Without affecting the finality of this Final Approval Order and Judgment, the Court reserves continuing and exclusive jurisdiction over all matters relating to the administration, implementation, effectuation, and enforcement of the Settlement.

21. There is no just reason for delay in the entry of this Order and Judgment, and immediate entry thereof by the Clerk of the Court is expressly directed.

**SO ORDERED**.

Dated: 1/26/2022

_____
Honorable Matthew F. Kennelly
United States District Judge

# TAB 4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| DAVID RONGE, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:18-cv-07030 **(Consolidated)** |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) | Judge Rebecca R. Pallmeyer |
| CAMPING WORLD HOLDINGS, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER AWARDING ATTORNEYS' FEES, EXPENSES,
AND AWARDS TO PLAINTIFFS PURSUANT TO THE
PRIVATE SECURITIES LITIGATION REFORM ACT OF 1995**

4845-5538-5028.v1

This matter came before the Court for hearing on August 5, 2020 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and payment of expenses. ECF Nos. 137 & 140. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and was transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses, requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.  This Order incorporates by reference the definitions in the Settlement Agreement, dated March 12, 2020, ECF No. 122 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.  The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Class Members.

3.  Notice of Lead Counsel's motion for an award of attorneys' fees and payment of expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion satisfied the notice requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7) and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

- 1 -

4.      Lead Counsel are hereby awarded attorneys' fees of 30% of the Settlement Amount, plus interest at the same rate earned by the Settlement Fund, and payment of litigation expenses in the amount of $55,364.27, plus accrued interest, which sums the Court finds to be fair and reasonable.

5.      Named plaintiff Daniel Geis is awarded $5,000, and named plaintiff Plumbers & Steamfitters Local Union #486 Pension Fund is awarded $3,500, for a total of $8,500, from the Settlement Fund, pursuant to 15 U.S.C. §78u-4(a)(7) and 15 U.S.C. §77z-1(a)(4), related to their representation of the Class.

6.      The award of attorneys' fees and expenses may be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

7.      In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Seventh Circuit and found that:

(a)      The Settlement has created a fund of $12,500,000 in cash, pursuant to the terms of the Stipulation, and Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of Lead Counsel;

(b)      The fee sought by Lead Counsel has been reviewed and approved as reasonable by the Lead Plaintiffs, who were directly involved in the prosecution and resolution of the Action and who have substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

(c)      The amount of attorneys' fees awarded are fair and reasonable and are consistent with fee awards approved in cases within the Seventh Circuit with similar recoveries;

- 2 -

4845-5538-5028.v1

(d)     Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy and are highly experienced in the field of securities class action litigation;

(e)     Lead Counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

(f)     The claims against the Defendants involve complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain; and

(g)     71,824 copies of the Notice were mailed to potential Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 30% of the Settlement Amount and expenses in an amount not to exceed $165,000, plus interest on such fees and expenses, and there were no objections to the requested attorneys' fees and expenses.

8.     Any appeal or any challenge affecting this Court's approval regarding any of the attorneys' fees and expense applications shall in no way disturb or affect the finality of the Judgment.

9.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

DATED:   August 5, 2020 _____

_____
THE HONORABLE REBECCA R. PALLMEYER

- 3 -

4845-5538-5028.v1

- 4 -

_____          _____
                                           UNITED STATES DISTRICT JUDGE

4845-5538-5028.v1

TAB 5

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MURRAY RUBINSTEIN, et al., Individually and On Behalf of All Others Similarly Situated, | ) ) ) | No. 14-cv-9465 |
| | ) | Honorable Robert M. Dow, Jr. |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| RICHARD GONZALEZ and ABBVIE INC., | ) ) | |
| Defendants. | ) | |

## ORDER GRANTING APPROVAL OF LEAD COUNSEL'S FEES, AND EXPENSES, COSTS TO LEAD PLAINTIFF AND PLAN OF ALLOCATION

On October 22, 2019, this Court heard Lead Plaintiff's Motion for an Award of Attorney's Fees, Reimbursement of Expenses and approval of Plan of Allocation (the "Motion"). This Court has considered the Motion and other related materials submitted by Lead Plaintiff, as well as Lead Plaintiff's presentation at the Final Approval Hearing, and otherwise being fully informed on the premises, hereby finds and orders as follows:

1. Lead Counsel are awarded $5,025,000 in attorneys' fees.

2. Lead Counsel are awarded $530,133.17 as reimbursement of litigation expenses.

3. This Court finds that Lead Plaintiff Dawn Bradley, in prosecuting the case on behalf of the Class, made a substantial contribution to its outcome, and is therefore awarded $9,937.20 in costs, in addition to any share of the Settlement Fund to which she is entitled.

4. The foregoing awards shall be paid from the Settlement Fund in accordance with the Stipulation of Settlement.

5.      This Court approves the proposed Plan of Allocation and finds it is fair, reasonable and adequate.


DATED: October 22, 2019

_____
Honorable Robert M. Dow, Jr.

3

# TAB 6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD SOKOLOW, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:18-cv-01039 |
| | ) | Hon. Judge Robert M. Dow, Jr. |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LJM FUNDS MANAGEMENT, LTD., et al., | ) ) | |
| | ) | |
| Defendants. | ) ) | |
| | ) | |

**ORDER AWARDING ATTORNEYS' FEES AND EXPENSES
AND AN AWARD TO INDIVIDUAL LEAD PLAINTIFFS
PURSUANT TO 15 U.S.C. §77z-1(a)(4)**

This matter came before the Court for hearing on December 18, 2019 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and payment of expenses. ECF Nos. 204 & 205. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and was transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Partial Settlement, dated August 19, 2019, ECF No. 192 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's motion for an award of attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the

"PSLRA"); constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4.      Lead Counsel are hereby awarded attorneys' fees of 28% of the Settlement Fund, plus interest at the same rate earned by the Settlement Fund, and payment of litigation expenses in the amount of $25,869.93, plus accrued interest, which sums the Court finds to be fair and reasonable.

5.      Lead Plaintiffs Justin and Jenny Kaufman, Dr. Larry and Marilyn Cohen, and Joseph N. Wilson are each awarded $2,000, for a total of $10,000.00, from the Settlement Fund, pursuant to the PSLRA, 15 U.S.C. §77z-1(a)(4), related to their representation of the Settlement Class.

6.      The award of attorneys' fees and expenses may be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

7.      In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Seventh Circuit and found that:

> (a)      The Settlement has created a fund of $12,850,000 in cash, pursuant to the terms of the Stipulation, and Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of Lead Counsel;

> (b)      The fee sought by Lead Counsel has been reviewed and approved as reasonable by the Lead Plaintiffs, who were directly involved in the prosecution and resolution of the Action and who have a substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

2

(c)     The amount of attorneys' fees awarded are fair and reasonable and are consistent with fee awards approved in cases within the Seventh Circuit with similar recoveries;

(d)     Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy and are highly experienced in the field of securities class action litigation;

(e)     Lead Counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

(f)     The claims against the Settling Defendants involve complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain; and

(g)     64,106 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 28% of the Settlement Fund and expenses in an amount not to exceed $100,000, and there were no objections to the requested attorneys' fees and expenses.

8.     Any appeal or any challenge affecting this Court's approval regarding any of the attorneys' fees and expense applications shall in no way disturb or affect the finality of the Judgment.

9.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

3

4

10. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

DATED this 18th day of December, 2019

BY THE COURT:

_____

Honorable Robert M. Dow, Jr.
UNITED STATES DISTRICT JUDGE

# TAB 7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ST. LUCIE COUNTY FIRE DISTRICT FIREFIGHTERS PENSION TRUST FUND, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 16-cv-07145 |
| STERICYCLE, INC., et al., | ) ) | Judge Andrea R. Wood |
| Defendants. | ) ) | |

## ORDER

Plaintiffs' motion for an award of attorneys' fees and reimbursement of litigation expenses [116] is granted in part and denied in part. Specifically, the Court awards Class Counsel attorneys' fees in the amount of 25% of the settlement fund, net of litigation expenses and notice and administration costs. The Court also grants Plaintiffs' request for reimbursement of litigation expenses in the amount of $21,618.75 to Public Employees' Retirement System of Mississippi and $873.36 to Arkansas Teacher Retirement System. However, the Court denies Plaintiffs' request to reimburse Class Counsel's litigation expenses in the amount of $192,433.77, and instead finds that Class Counsel is entitled to a reimbursement of $134,812.30. Objector Mark G. Petri's motion to lift the stay on discovery [121] is denied. Enter Order Awarding Attorneys' Fees and Reimbursement of Litigation Expenses. See the accompanying Statement for details.

## STATEMENT

Public Employees' Retirement System of Mississippi ("MissPERS") and Arkansas Teacher Retirement System ("ATRS") brought this securities class action on behalf of themselves and other shareholders in Defendant Stericycle, Inc. ("Stericycle"), alleging that Stericycle defrauded shareholders by artificially inflating its financials. (Fourth Am. Compl. at 5, Dkt. No. 84.) (The Court refers to MissPERS and ATRS collectively as "Lead Plaintiffs.") After the parties had briefed Defendants' motion to dismiss but before the Court ruled on it, the parties filed a motion for final approval of their proposed $45 million settlement. (Dkt. No. 113.) The Court approved that settlement on July 22, 2019. (Dkt. No. 139.) Now, the Court addresses the request for an award of attorneys' fees by Bernstein, Litowitz, Berger & Grossmann LLP ("Lead Counsel"), counsel for Lead Plaintiffs and Plaintiffs St. Lucie County Fire District Firefighters Pension Trust Fund and Boynton Beach Firefighters Pension Fund. (Dkt. No. 116.)

Lead Plaintiffs propose to divide the fee award among Lead Counsel and two other firms that represent Plaintiffs, Gadow Tyler, PLLC and Klausner, Kaufman, Jensen & Levinson

("KKJ&L"), based on the amount of work each firm contributed, with Lead Counsel receiving the lion's share. (Lead Pls.' Mem. of Law in Opp'n to Objector's Mot. to Lift Stay for Limited Disc. ("Mem. in Opp'n to Objector's Mot.") at 7–8, Dkt. No. 132.) (The Court refers to Lead Counsel, Gadow Tyler, PLLC, and KKJ&L collectively as "Class Counsel.") Lead Counsel moves pursuant to Federal Rule of Civil Procedure 23(h) for (i) an award of attorneys' fees in the amount of 25% of the settlement amount; (ii) reimbursement of $192,433.77 for Lead Counsel's litigation expenses; and (iii) reimbursements of $21,618.75 to MissPERS and $873.36 to ATRS for costs and expenses arising from their representation of class members. Only one class member, Mark G. Petri, has objected to Lead Counsel's motion. (Dkt. No. 120.) Petri requests that the Court lift its stay on discovery to allow limited discovery into Lead Counsel's calculation of and Lead Plaintiffs' approval of attorneys' fees. (Dkt. No. 121.)

**I.**

The Court first addresses the award of attorneys' fees. In this District, the "favored method for calculating fees in common-fund cases . . . sets the fee award as a percentage of the recovered settlement fund, plus expenses and interest." *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 80 F. Supp. 3d 838, 844 (N.D. Ill. 2015). The percentage method has the advantage of aligning counsel's interests with those of the class and may be particularly suitable for common fund cases "because of its relative simplicity of administration." *Florin v. Nationsbank of Ga., N.A.*, 34 F.3d 560, 566 (7th Cir. 1994). The other option for calculating attorneys' fees is the lodestar method, which is based on the number of hours the attorneys contributed to the suit multiplied by a reasonable hourly billing rate. *Gastinaeu v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010). The Seventh Circuit has held that "the decision whether to use a percentage method or a lodestar method remains in the discretion of the district court." *Florin*, 34 F.3d at 566. The Court finds the percentage method reasonable here.

To determine the appropriate percentage, courts should strive to award attorneys the market price for their legal services. *Taubenfeld v. AON Corp.*, 415 F.3d 597, 599 (7th Cir. 2005) (citing *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 719 (7th Cir. 2001) ("*Synthroid I*")). In other words, courts should attempt to give counsel an amount that the parties themselves might have bargained for, taking into consideration the quality of the legal services provided and the contingent nature of the case. *Synthroid I*, 264 F.3d at 718. Courts consider factors such as the size of awards granted in other cases; the complexity, length, and expense of the litigation; and the risk of nonpayment assumed by the attorneys. *Dairy Farmers of Am.*, 80 F. Supp. 3d at 845–48 The Seventh Circuit will reverse a district court's award of attorneys' fees as an abuse of discretion only if record does not rationally support the award. *Taubenfeld*, 415 F.3d at 600.

Applying the *Synthroid I* factors to this case, Class Counsel secured a good outcome with a $45 million settlement, especially given the early stage of the litigation and the fact that Stericycle was reporting only $52 million in available cash at the time of the settlement. (John C. Browne Decl. ("Browne Decl.") ¶ 86, Dkt. No. 119.) Class Counsel also pursued the matter entirely on a contingency basis. (*Id.* ¶ 18.) And given the complexities of the case, it faced a substantial risk of nonpayment. In order to prove Defendants' liability, Class Counsel would have had to show not only that Defendants caused Plaintiffs' losses, but that Defendants did so with the intent to defraud. (*Id.* ¶¶ 77–82.) Additionally, at the time of settlement, Defendants' motion to

2

dismiss was pending. (Dkt. No. 91.) If granted, Class Counsel would not have received any compensation for their services.

Nonetheless, objector Petri contends that Lead Counsel's requested 25% award is much too high, arguing that the risks of litigation were low and the parties settled early, before the Court ruled on Defendants' motion to dismiss. (Obj. to Mot. for Att'ys' Fees ("Obj.") at 7–10, Dkt. No. 120.) Petri also asserts that Lead Counsel supports its fee request with "cherry-picked examples" of attorneys' fee awards between one-third and 40% of the settlement amount, but he fails to provide sufficient authority that a lower percentage is required. (*Id.* at 8–9.) He contends that "empirical data show the market rate for large settlements obtained prior to resolution of a motion to dismiss is 8%." (*Id.* at 8.) In support of that assertion, Petri does not attach any empirical data; instead, he provides a copy of an objector's letter from an unrelated class action in another district. (*See* Obj. Ex. I at 2, 4, Dkt. No. 120-12.) Moreover, the cases upon which Petri relies, which he claims support awarding Lead Counsel a lower fee award, actually support the reasonableness of its request for 25% of the settlement amount. *See Swift v. Direct Buy, Inc.*, Nos. 2:11–CV–401–TLS, 2:11–CV–415–TLS, 2:11–CV–417–TLS, 2:12–CV–45–TLS, 2013 WL 5770633, at *8 (N.D. Ind. Oct. 24, 2013) (awarding class counsel its requested 20% of the settlement amount after noting that percentage fell far below the standard 33% award); *Goldsmith v. Tech. Sols. Co.*, No. 92 C 4374, 1995 WL 17009594, at *8–9 (N.D. Ill. Oct. 10, 1995) (awarding class counsel 33 1/3% of a $4.6 million settlement).

As Lead Counsel contends, attorneys' fees of one-third to 40% of the class settlement amount are typical in this District. *See, e.g.*, *Taubenfeld*, 415 F.3d 597, at 600 (affirming attorneys' fee award to class counsel of 30% of the $7.25 million settlement fund plus expenses, based partly on data that awards of 30–39% are routine in the Northern District of Illinois). This suit is somewhat distinguishable because the $45 million settlement amount is larger than those in many of Lead Counsel's cited cases. *See, e.g.*, *id.*; *Retsky Family Ltd. P'ship v. Price Waterhouse LLP*, No. 97-cv-7694, 2001 WL 1568856, at *4–5 (N.D. Ill. Dec. 10, 2001) (awarding attorneys one-third of the $14 million settlement in a stockholder class action). The Seventh Circuit has observed that when calculating the appropriate attorneys' fees, "the market rate, as a percentage of recovery, likely falls as the stakes increase." *In re Synthroid Mktg. Litig.*, 325 F.3d 974, 975 (7th Cir. 2003). But in this Court's view, Lead Counsel has accounted appropriately for this correlation by proposing an award of 25% rather than 30% or more. Considering the contingent nature of Class Counsel's litigation and the positive outcome reached for class members, the Court finds that attorneys' fees of 25% of the settlement amount are reasonable.

Petri suggests a $4.5 million award would be more appropriate here, since it would still overcompensate Class Counsel under the lodestar method of calculating attorneys' fees. (Obj. at 15.) Petri also disputes Lead Counsel's lodestar calculation of its proposed fee. (Obj. at 13–15.) But Lead Counsel offers its lodestar calculation only as a cross-check for its proposed percentage-based fee. (Mem. of Law in Supp. of Lead Counsel's Mot. for an Award of Att'ys' Fees and Reimbursement of Litig. Expenses at 10–11, Dkt. No. 118.) Lead Counsel is not required to provide such information or to justify its fee award based on the lodestar method. *See Dairy Farmers of Am.*, 80 F. Supp. 3d at 849 ("A district court is under no obligation to cross-check the requested fees against the lodestar." (citing *Williams v. Rohm & Haas Pension Plan*, 658 F.3d 629, 636 (7th Cir. 2011); *Cook v. Niedert*, 142 F.3d 1004, 1013 (7th Cir. 1998))). Because the

3

Court employs the percentage method in this case, it finds that no additional analysis or calculation based on the lodestar method is necessary.

One further point on Class Counsel's fees—its percentage does not come out of the entire settlement amount, but is determined by "the ratio of (1) the fee to (2) the fee plus what the class members received." *Redman. v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014). The Seventh Circuit explained in *Redman* that district courts must remove litigation expenses and notice and administration costs from the settlement amount before calculating the attorneys' percentage, as such costs are "part of the settlement but not part of the value received from the settlement by members of the class." *Id.* Lead Counsel agrees as to litigation expenses but argues that the Court is not required to set aside notice and administration costs because *Redman* applies only to narrow situations in which the ultimate recovery is unknown. Lead Counsel's argument lacks merit. Courts routinely apply *Redman* to remove notice and administration costs from cash settlement amounts prior to calculating the attorneys' percentage, as demonstrated even in several of the cases upon which Lead Counsel relies in asserting the opposite. *See, e.g.*, *In re Nat'l Collegiate Athletic Assoc. Student-Athlete Concussion Injury Litig.*, 332 F.R.D. 202, 226 (N.D. Ill. 2019); *Wilkins v. HSBC Bank Nev., N.A.*, No. 14-cv-190, 2015 WL 890566, at *9–12 (N.D. Ill. Feb. 27, 2015); *Craftwood Lumber Co. v. Interline Brands, Inc.*, No. 11-cv-4462, 2015 WL 1399367, at *5 n.2 (N.D. Ill. Mar. 23, 2015). Thus, this Court concludes that Class Counsel is entitled to its percentage of the settlement after removing notice and administration costs. Lead Counsel estimates such costs at $900,000. (Reply in Further Supp. of Lead Counsel's Mot. at 20 n.17, Dkt. No. 134).

## II.

The Court now turns to Lead Counsel's request for reimbursement of $192,433.77 in litigation expenses, which Petri does not oppose. Lead Counsel has provided a declaration detailing the litigation-related expenses incurred in this case. (Browne Decl., Ex. 6, Dkt. No. 119-8.) The Court finds all expenses reasonable, except charges related to online research. The Seventh Circuit has held that "[w]hen a court uses the percentage-of-recovery method of calculating attorney's [sic] fees, such charges are simply subsumed in the award of attorneys' fees." *Montgomery v. Aetna Plywood*, 231 F.3d 399, 409 (7th Cir. 2000); *see also Silverman v. Motorola, Inc.*, No. 07-cv-4507, 2012 WL 1597388, at *4 (N.D. Ill. May 7, 2012). Lead Counsel attributes $47,862.29 to online legal research and $9,759.18 to online factual research. (Browne Decl., Ex. 6.) Because the Court has awarded Class Counsel its fees using the percentage method, Lead Counsel may not separately recover for online research. Therefore, Lead Counsel is only entitled to a reimbursement of $134,812.30 in litigation expenses.

Lead Counsel also requests reimbursement of $21,618.75 to MissPERS and $873.36 to ATRS for their costs and expenses directly related to their representation of the class pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(4). Petri also does not object to these reimbursements. Generally, in class action suits named plaintiffs may receive a higher amount of the settlement fund to compensate their extra efforts representing the class. This practice is impermissible under the PSLRA, which requires distribution of any settlement to shareholders solely on a per share basis. 15 U.S.C. § 78u-4(a)(4). But the PSLRA does allow reimbursement of parties' reasonable costs and expenses in representing the class, including lost

4

wages. *Id.* Here, a representative of MissPERS attests that four employees dedicated a total of 77.5 hours of work to this case, and requests reimbursement of $21,618.75 based on those employees' salaries. (Decl. of Donald L. Kilgore at 5–6, Dkt. No. 119-2.) The Deputy Director of ATRS attests that he spent 12 hours on the case, totaling $873.36 based on his salary. (Decl. of Rod Graves at 5, Dkt. No. 119-3.) The Court finds that MissPERS and ATRS' requests for reimbursements of 77.5 and 12 hours, respectively, of employees' work on the case are reasonable. Additionally, it is reasonable to grant such reimbursements based on those employees' estimated salaries per hour. The Court therefore grants Lead Counsel's motion as to the reimbursements of MissPERS and ATRS' expenses.

## III.

Finally, the Court turns to Petri's motion to lift the stay on discovery. (Dkt. No. 121.) The Court previously ordered a stay in all proceedings in this case, other than those necessary to carry out the terms of the parties' settlement agreement.[1] (Order Preliminarily Approving Settlement and Authorizing Dissemination of Notice of Settlement ¶ 20, Dkt. No. 111.) Petri requests that the Court lift that stay and allow discovery regarding (i) Lead Counsel's billing methods; (ii) how Lead Plaintiffs intend to split the attorneys' fee among Class Counsel; and (iii) Lead Counsel's financial and political relationship with MissPERS. As noted above, the Court does not need to inquire into Lead Counsel's billing methods because its fee is based on a percentage of the settlement. And Lead Plaintiffs have already explained how they intend to distribute the fee award. (*See* Mem. in Opp'n to Objector's Mot. at 7–8.) Therefore, the Court addresses only Petri's request for information regarding Lead Counsel's political contributions.

If a class member opposes a Rule 23(h) motion for attorneys' fees, the court may allow discovery relevant to the class member's objections. *See* Fed. R. Civ. P. 23(h) advisory committee's note to the 2003 amendments. "In determining whether to allow discovery, the court should weigh the need for the information against the cost and delay that would attend discovery." *Id.* When class counsel's motion for attorneys' fees provides thorough information supporting its entitlement to a particular award, "the burden should be on the objector to justify discovery to obtain further information." *Id.* Here, Lead Counsel has provided comprehensive information about the work it contributed to this case and how the attorneys' fees it requests are reasonable in light of that work. Accordingly, Petri bears the burden of showing why further discovery into Lead Counsel's attorneys' fees is necessary.

In support of his motion, Petri asserts that Mississippi Attorney General Jim Hood, who manages MissPERS, regularly receives campaign contributions from Class Counsel. (Objector's Mot. to Lift Stay for Limited Disc. at 5, Dkt. No. 121.) Petri argues that this connection "partially explains why MissPERS has endorsed 25% attorneys' fees on the gross common fund" and justifies the requested discovery. (*Id.*) But Petri's argument is purely speculative. He has provided

---

[1] Defendants argue that the mandatory stay of discovery during the pendency of any motions to dismiss required by PSLRA § 78u-4(b)(3)(B) precludes the requested discovery. (Mem. in Opp'n to Objector's Mot. at 4–5.) But because the Court denied Defendants' motion to dismiss without prejudice in light of parties' settlement (*see* Dkt. No. 112), and so the motion is no longer pending.

5

no evidence of any wrongdoing or illicit understanding between Class Counsel and MissPERS. Absent such evidence, the Court finds the mere allegation that Class Counsel has made political donations to the campaigns of a figure associated with MissPERS insufficient to justify additional discovery, particularly when Lead Counsel's request for attorneys' fees is detailed and reasonable. Accordingly, the Court sees no reason to delay payouts to the class by allowing further discovery and Petri's motion is denied.

Dated:  May 19, 2020

Andrea R. Wood
United States District Judge

6

TAB 8

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| PETER IKAI VAN NOPPEN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> INNERWORKINGS, INC., ERIC D. BELCHER, and JOSEPH M. BUSKY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 14 CV 1416 <br><br> Judge John Robert Blakey <br><br> CLASS ACTION |

## ORDER AWARDING ATTORNEYS' FEES AND PAYMENT OF EXPENSES

WHEREAS:

A.    As of May 11, 2016, Lead Plaintiff  Plymouth County Retirement System ("Plymouth" or "Lead Plaintiff"), on behalf of itself and the Settlement Class, on the one hand, and InnerWorkings, Inc. ("InnerWorkings" or the "Company"), Eric D. Belcher and Joseph M. Busky (the "Individual Defendants" and, collectively with InnerWorkings, the "Defendants"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action");

B.    Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered May 25, 2016 (the "Preliminary Approval

Order"), the Court scheduled a hearing for October 13, 2016, at 9:45 a.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Lead Counsel's Fee and Expense Application;

C. The Court ordered that the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Proof of Claim"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *Investor's Business Daily* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

D. The Notice and the Summary Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Fee and Expense Application,

among other things, were required to be filed with the Court and served on counsel for the Parties such that they were received by September 21, 2016;

E.     The provisions of the Preliminary Approval Order as to notice were complied with;

F.     On September 6, 2016, Lead Plaintiff moved for final approval of the Settlement and Lead Counsel moved for an award of fees and expenses, as set forth in the Preliminary Approval Order.  The Settlement Hearing was duly held before this Court on October 13, 2016, at which time all interested Persons were afforded the opportunity to be heard; and

G.     This Court has duly considered Lead Counsel's motion for an award of attorneys' fees and expenses, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.     The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Settlement Class Members, counsel, and the Claims Administrator.

2.     All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

3.     Notice of Lead Counsel's application for attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with

3

Case: 1:14-cv-03218 Document #: 208 Filed: 11/02/16 Page 45 of 6 PageID #:3524

reasonable effort. The form and method of notifying the Settlement Class of the application for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Court hereby awards Lead Counsel attorneys' fees in the amount of $1,807,500, plus interest at the same rate earned by the Settlement Fund, which is 30% of the Settlement Fund, and payment of litigation expenses in the amount of $124,535.43, plus interest at the same rate earned by the Settlement Fund, which sums the Court finds to be fair and reasonable.

5. The award of attorneys' fees and litigation expenses may be paid to Lead Counsel from the Settlement Fund subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

6. In making this award of attorneys' fees and payment of litigation expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Seventh Circuit and found that:

(a) The Settlement has created a common fund of $6,025,000 in cash and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of Lead Counsel;

(b)     The requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by Lead Plaintiff, a sophisticated institutional investor that was directly involved in the prosecution and resolution of the Action and which has a substantial interest in ensuring that any fees paid are duly earned and not excessive;

(c)     The amount of attorneys' fees awarded are fair and reasonable and consistent with market-rates and fee awards approved in cases within the Seventh Circuit and other Circuits with similar recoveries;

(d)     Lead Counsel is highly experienced in the field of securities class actions and conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(e)     Lead Counsel undertook the Action on a contingent basis, and has borne all the ensuing risk, including the risk of no recovery, given, among other things, the risks of succeeding in a case governed by the PSLRA and those presented by Defendants' defenses concerning scienter, loss causation, and damages;

(f)     The Action involves difficult factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g)     Lead and Liaison Counsel have devoted more than 2,400 hours, with a lodestar value of $1,542,726.00, to achieve the Settlement; and

5

Case: 1:14-cv-03410 Document #: 203 Filed: 11/02/16 Page 6 of 6 PageID #:3526

(h)     Notice was disseminated to Settlement Class Members stating that Lead Counsel would be submitting an application for attorneys' fees in an amount not to exceed 30% of the Settlement Fund, plus interest, and payment of litigation expenses incurred in connection with the prosecution of this Action in an amount not to exceed $225,000, plus interest.  No Settlement Class Members have filed an objection to the application for fees and expenses submitted by Lead Counsel.

7.     Any appeal or challenge affecting this Court's approval of any attorneys' fee or expense application in the Action shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8.     In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

Date: November 2, 2016

ENTERED:

John Robert Blakey
United States District Judge