UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| CHASE MORTIMER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:19-cv-01735 **(Consolidated)** |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) | Honorable John F. Kness |
| DIPLOMAT PHARMACY, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

DECLARATION OF FRANK A. RICHTER IN SUPPORT OF: (I) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

4860-1471-7467.v2

I, FRANK A. RICHTER, declare as follows:

1. I am a partner of the law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller"). Robbins Geller serves as Court-approved Lead Counsel for the Court-appointed Lead Plaintiff Iron Workers Local No. 25 Pension Fund ("Lead Plaintiff"), and the proposed Class in the Litigation.[1] I have been actively involved in prosecuting and resolving the Litigation, am familiar with its proceedings, and have knowledge of the matters set forth herein based upon my participation in this Litigation and my supervision of, or communications with, other lawyers and staff assigned to this matter. This declaration was prepared with the assistance of other lawyers at Robbins Geller, reviewed by me before signing, and the information contained herein is believed to be accurate based on what I know and what I have been told by others.

2. I submit this declaration in support of: (1) Lead Plaintiff's motion for approval of the $15,500,000 all-cash Settlement and the proposed Plan of Allocation; and (2) Lead Counsel's motion for an award of attorneys' fees and expenses. Both motions have the support of Lead Plaintiff, as set forth in its concurrently filed declaration.

## I. THE SETTLEMENT

3. The relevant facts and allegations are set forth in Lead Plaintiff's: (i) Consolidated Complaint for Violations of the Federal Securities Laws (ECF 82) (the "Complaint"); (ii) concurrently filed Memorandum of Points and Authorities in Support of Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation ("Settlement Memorandum"); and (iii) concurrently filed Memorandum of Points and Authorities in Support of Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses ("Fee Memorandum").

---

[1] Capitalized terms used herein that are not otherwise defined shall have the meanings as provided in the Amended Stipulation of Settlement dated January 24, 2022 (ECF 133) (the "Stipulation").

- 1 -

4860-1471-7467.v2

4.      Securities class actions are complex and challenging cases and, given the stakes involved, result in defendants hiring some of the largest law firms and vigorously disputing liability and damages. This case was no exception. The legal risks to continued litigation are discussed in the Settlement Memorandum and Fee Memorandum and include Defendants' challenges to: (i) Lead Plaintiff's ability to plead and prove the elements of its claims, including falsity, materiality, and scienter; and (ii) Lead Plaintiff's ability to establish loss causation and damages.

5.      Lead Counsel has reviewed the applicable insurance policies which have been depleting to cover the costs of defense. Had the case continued in litigation for several years, as many securities class actions do, the expenses of litigation would have reduced the available insurance to fund a recovery as the parties proceeded to discovery, expert discovery, summary judgment, trial, and any appeals.

6.      The Settlement was reached on October 25, 2021. Prior to that date, Lead Counsel and Lead Plaintiff had engaged in litigation and negotiations that allowed them to be informed about the benefits of settlement and risks of ongoing litigation. For example:

(a)      Lead Counsel conducted a comprehensive investigation into the facts, circumstances, and potential claims and defenses that included analysis of SEC filings, media and analyst reports, press releases, shareholder communications, relevant case law and authorities, and other publicly-available information;

(b)      Lead Counsel used the materials obtained from its investigation in preparing the Complaint;

(c)      Lead Counsel prepared an extensive brief in opposition to Defendants' motion to dismiss, followed by filings regarding supplemental authority;

(d)      Lead Counsel prepared for mediation, and the parties exchanged mediation briefs detailing Lead Plaintiff's and Defendants' respective positions on liability and damages;

- 2 -

(e)     On March 1, 2021, Lead Counsel participated in (and Lead Plaintiff received updates regarding) an all-day mediation before the mediator, the Hon. William Cahill (Ret.), during which each side engaged in joint-session discussions regarding their respective views on the claims, defenses, and damages, and had separate breakouts with Judge Cahill;

(f)     Lead Counsel and Lead Plaintiff continued to engage in extensive settlement negotiations with Defendants for several months after the initial mediation, including an additional mediation session with Judge Cahill on October 25, 2021; and

(g)     Lead Counsel and Lead Plaintiff communicated before and throughout the settlement negotiations and exchange of information.

7.     The litigation and settlement negotiations were hard-fought, as reflected by the extensive motion to dismiss briefing, failed mediation before an experienced mediator, and continued settlement negotiations for several months thereafter.  The Settlement was reached only after a second mediation session ended without agreement, and Judge Cahill thereafter issued a mediator's proposal.

8.     The $15,500,000 all-cash Settlement is a favorable result considering the immediate benefit to the Class and risks posed by continuing litigation.  As set forth more fully in the Settlement Memorandum, the Settlement was reached after more than two years of litigation, briefing, and negotiations; the Settlement was the result of an arm's-length settlement process between experienced parties and counsel, overseen by Judge Cahill who has substantial experience conducting mediations; and the Settlement provides immediate recovery without the risks, uncertainties, and delay of continued litigation.  For the reasons set forth in the Settlement Memorandum, Lead Counsel believes that the Settlement is fair, reasonable, and in the best interest of the Class.

- 3 -

## II.   THE PLAN OF ALLOCATION

9.      Upon approval by the Court, the Plan of Allocation governs the method by which the Net Settlement Fund will be distributed on a *pro rata* basis to Class Members who submit valid, timely Proof of Claim and Release forms.  The proposed Plan of Allocation is set forth in the Notice.

10.     The proposed Plan of Allocation was developed in consultation with Robbins Geller's in-house damages consultant, reflects the statutory scheme and damages theory for the claims alleged, and is similar to plans of allocation used in other settlements resolving Securities Exchange Act of 1934 claims.

11.     Thus, the Plan of Allocation is designed to fairly and reasonably allocate the Net Settlement Fund among eligible Class Members.  For the reasons set forth in the Settlement Memorandum, Lead Counsel respectfully submits that the Plan of Allocation is fair and reasonable and should be approved.

## III.   THE APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

12.     Lead Counsel respectfully requests that the Court award 25% of the $15,500,000 Settlement Amount for attorneys' fees.  For the reasons set forth in the Fee Memorandum, Lead Counsel believes such a fee is reasonable and appropriate.  The fee request is also consistent with, and below, fees awarded in similar cases in this District as set forth in the Fee Memorandum.  Lead Counsel further requests an award of $18,155.42 in litigation expenses and charges in connection with the prosecution of this Litigation.  Arguments and authorities supporting the requested fees and expenses are set forth in more detail in the Fee Memorandum.

13.     Lead Counsel's time and resources in the research, investigation, and prosecution of this Litigation are set forth in the Declaration of James E. Barz Filed on Behalf of Robbins Geller Rudman & Dowd LLP in Support of Application for Award of Attorneys' Fees and Expenses

- 4 -

4860-1471-7467.v2

("Robbins Geller Decl."), submitted herewith. Included in that declaration is a summary of the time and expenses incurred by Lead Counsel in this Litigation.

14. As set forth in the Fee Memorandum, Lead Counsel worked diligently to obtain a favorable result for the Class. The recovery obtained for the Class is the direct result of the significant efforts of attorneys who possess substantial experience in the prosecution of complex securities class actions. *See* www.rgrdlaw.com.

15. On the other side, Defendants were represented by experienced lawyers from a large and well-known defense firm, Sidley Austin LLP. The ability of Lead Counsel to obtain the Settlement in the face of such opposition confirms the quality of Lead Counsel's representation.

16. From the outset, Lead Counsel understood that its attorneys and paraprofessionals would have to devote a significant amount of time and effort to the prosecution of this case. The time spent by Lead Counsel on this case was at the expense of the time that it could have devoted to other matters. Lead Counsel undertook this case solely on a contingent fee basis, assuming a risk that the case would yield no recovery and leave Lead Counsel uncompensated. The only way Lead Counsel would be compensated was to achieve a successful result.

17. Unlike counsel for defendants, who are generally paid an hourly rate and paid for their time and expenses on a monthly or other regular basis, Lead Counsel has not been compensated for any time or expenses since this case was initiated. To date, Lead Counsel has litigated and negotiated the Litigation without any payment, during which time Lead Counsel, *inter alia*, conducted a thorough investigation, filed the Complaint, opposed Defendants' motion to dismiss, and engaged in extensive settlement negotiations, including two mediations.

18. Lead Counsel's substantial experience and advocacy was required in presenting the strengths of this case in pleadings, briefing, and at the mediations in an effort to achieve a favorable settlement and convince Defendants, their insurers, defense counsel, and the mediator of the risks

- 5 -

Defendants faced from not settling and proceeding to trial. To that end, Lead Counsel assembled an experienced litigation team, as set forth in the firm's resume.

19. The undersigned was a lead attorney assigned to this matter from Robbins Geller and is an experienced securities class action litigator. *See* Robbins Geller Decl., Ex. E at 113. My colleague, James E. Barz, was also a lead attorney in this matter and is an experienced trial attorney, former Assistant United States Attorney, registered CPA, adjunct professor of law at Northwestern University Pritzker School of Law for over ten years (teaching courses on trial advocacy and class action litigation), and had previously been a partner in one of the largest national defense firms that, among other things, defended securities class action cases. Since joining Robbins Geller in 2011, Mr. Barz has been lead or co-lead trial counsel in several securities class actions that resulted in substantial and favorable recoveries, including those that proceeded to within days or weeks of trial prior to settling, and including a recent settlement that is reportedly the ninth largest securities class action settlement in history.

20. If the case had not settled, Lead Counsel was fully prepared to litigate this case through the complex stages of pre-trial litigation, trial, and appeal. Lead Counsel only recommended settlement after extensive efforts to obtain the best possible result for the Class.

21. As detailed in the Fee Memorandum, in light of the favorable recovery obtained, the complexity of the issues presented, the effort and skill exhibited by Lead Counsel, the contingent nature of Lead Counsel's representation, the fee awards in comparable class actions, and Lead Plaintiff's negotiation and endorsement of the requested fee, Lead Counsel believes the requested fee and litigation expense awards are reasonable and appropriate, particularly when considering the policy of incentivizing counsel to take on and diligently pursue meritorious securities class actions.

- 6 -

4860-1471-7467.v2

## IV. CONCLUSION

22.     In view of the immediate, certain, and favorable recovery to the Class and the challenges presented by the claims against the Defendants and facts of this case, as described above and in the accompanying Settlement Memorandum, Lead Counsel submits that the Settlement should be approved as fair, reasonable, and adequate and that the proposed Plan of Allocation should likewise be approved as fair, reasonable, and adequate. In view of the recovery achieved and the quality of work performed, among other things, as described above and in the accompanying Fee Memorandum, Lead Counsel submits that the fee and expense application should be approved.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 2nd day of May, 2022, at Chicago, Illinois.

*s/ Frank A. Richter*
FRANK A. RICHTER

4860-1471-7467.v2

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 2, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ FRANK A. RICHTER
FRANK A. RICHTER

ROBBINS GELLER RUDMAN
    & DOWD LLP
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)

Email: frichter@rgrdlaw.com

# Mailing Information for a Case 1:19-cv-01735 Iron Workers Local No. 25 Pension Fund, et al., v. Diplomat Pharmacy, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **James E Barz**
  jbarz@rgrdlaw.com,cbarrett@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James Wallace Ducayet**
  jducayet@sidley.com,james-ducayet-9115@ecf.pacerpro.com,efilingnotice@sidley.com

- **Lori Ann Fanning**
  LFanning@MillerLawLLC.com,MMiller@MillerLawLLC.com,ajewell@millerlawllc.com,drobinson@millerlawllc.com,JRamirez@millerlawllc.com

- **Cameran Gilliam**
  cgilliam@rgrdlaw.com

- **Matthew Todd Hurst**
  mhurst@heffnerhurst.com,mheffner@heffnerhurst.com

- **Carl V. Malmstrom**
  malmstrom@whafh.com

- **Marvin Alan Miller**
  Mmiller@millerlawllc.com,ajewell@millerlawllc.com,LFanning@millerlawllc.com,drobinson@millerlawlllc.com,JRamirez@millerlawllc.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Theodore J. Pintar**
  tedp@rgrdlaw.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com,E_File_SD@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com

- **Andrew Flynn Rodheim**
  arodheim@sidley.com,efilingnotice@sidley.com,andy-rodheim-4196@ecf.pacerpro.com

- **Nilofer Ibrahim Umar**
  numar@sidley.com,efilingnotice@sidley.com,nilofer-umar-6698@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)