UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| CHASE MORTIMER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:19-cv-01735 **(Consolidated)** |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) | Honorable John F. Kness |
| DIPLOMAT PHARMACY, INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF (I) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION, AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

4893-0186-9857.v2

Lead Plaintiff Iron Workers Local No. 25 Pension Fund ("Lead Plaintiff"), on behalf of itself and all other Members of the Class, and Lead Counsel respectfully submit this reply memorandum of law in further support of (i) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation (ECF 136) and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses (ECF 138) (the "Motions").[1]

## I.       PRELIMINARY STATEMENT

Even though objections have become common to either the settlement terms or fees requested in class actions, not a single Class Member objected in this case or opted-out of the Settlement, confirming that the Settlement and fees are fair and reasonable. *Cf. In re: Sears, Roebuck & Co. Front-loading Washer Prods. Liab. Litig.*, 2016 WL 772785, at *11 (N.D. Ill. Feb. 29, 2016) (Rowland, M.J.) (holding that where three class members objected and 59 class members chose to opt out, "[t]he small number of class members who objected or opted out further supports the fairness and reasonableness of the settlement"). The Motions should be granted because the notice period has confirmed that the Settlement, Plan of Allocation, and requested amount of attorneys' fees and expenses have the support of, not only the Court-appointed Lead Plaintiff, but also the Class.

Pursuant to the Notice Order (ECF 135), a total of 23,504 notice packets have been mailed to potential Class Members or their nominees. *See* Supplemental Declaration of Ross D. Murray Regarding Notice Dissemination and Requests for Exclusion Received to Date, dated May 26, 2022, ¶4, filed herewith ("Supp. Mailing Decl."). The May 16, 2022 deadline for objections has passed. There have been no objections to any aspect of the $15.5 million all-cash Settlement, the proposed Plan of Allocation, or Lead Counsel's fee and expense requests. In addition, no requests for

---

[1]    All capitalized terms not otherwise defined herein have the same meaning as those in the Amended Stipulation of Settlement, dated January 24, 2022, ECF 133 (the "Stipulation").

- 1 -

4893-0186-9857.v2

exclusion have been received.  This positive reaction of the Class confirms that, as set forth in Lead Plaintiff's opening brief (ECF 137, "Settlement Brief"), the Settlement, the Plan of Allocation, and the requested fee and expense awards are fair and reasonable and should be approved.

The 25% fee request is also fair and reasonable for a settlement of this size and at this stage of the case.  *See, e.g.*, *Ronge v. Camping World Holdings, Inc.*, No. 1:18-cv-07030, slip op. at ¶4 (N.D. Ill. Aug. 5, 2020) (Pallmeyer, J.) (awarding 30% fee on $12.5 million securities class action settlement achieved prior to motion to dismiss); *Sokolow v. LJM Funds Management, LTD.*, No. 1:18-cv-01039, slip op. at ¶4 (N.D. Ill. Dec. 18, 2019) (Dow, J.) (awarding 28% fee on $12.85 million securities class action settlement achieved prior to motion to dismiss); *Wong v. Accretive Health, Inc.*, 2014 WL 7717579, at *1 (N.D. Ill. Apr. 30, 2014) (Coleman, J.) (awarding 30% fee on $14 million securities class action settlement achieved prior to ruling on motion to dismiss).[2]  Thus, as set forth in Lead Counsel's opening brief (ECF 139, "Fee Brief"), Lead Counsel's fee request is well grounded in Seventh Circuit law, consistent with numerous prior fee awards, and supported by the particular facts of this case.

## II.     THE REACTION OF THE CLASS SUPPORTS FINAL APPROVAL

In the Settlement Brief and Fee Brief, Lead Plaintiff and Lead Counsel demonstrated that the Settlement, Plan of Allocation, and Lead Counsel's fee and expense requests should be approved pursuant to the factors set forth in Rule 23(e)(2), Seventh Circuit authority, and the PSLRA.  This conclusion has been further confirmed by the positive reaction of the Class.

Pursuant to the Court's Notice Order, the Claims Administrator has mailed 23,504 copies of the notice packet to potential Class Members or their nominees.  *See* Supp. Mailing Decl., ¶4.  The Notice informed Class Members of the terms of the proposed Settlement and Plan of Allocation, and

---

[2]     An appendix which includes the unreported authorities cited herein was filed with Lead Plaintiff's opening papers.  ECF 139-1.

4893-0186-9857.v2

that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Amount and payment of litigation expenses in an amount not to exceed $25,000. The Notice also apprised Class Members of their right to object, by May 16, 2022, to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and payment of litigation expenses.

Copies of the Notice, Proof of Claim, Stipulation, Notice Order, and other case-related documents were posted on www.DiplomatSecuritiesLitigation.com. *See* ECF 142, ¶14. Further, on February 23, 2022, the Claims Administrator published the Summary Notice in *The Wall Street Journal* and released it over the internet via *Business Wire* (*id*., ¶12), informing readers of the proposed Settlement, how to obtain copies of the notice packet, and the deadlines for the submission of claim forms, objections, and exclusion requests.

On May 2, 2022, pursuant to the schedule approved by the Court in the Notice Order, Lead Plaintiff and Lead Counsel filed their opening papers in support of the Motions. Those papers – which are available on the public docket (*see* ECF 136 through 146) and the Settlement website – describe Lead Plaintiff's and Lead Counsel's views of the Settlement, work performed in this litigation, the strengths and weaknesses of the claims, and the fee and expense award requested.

Following this extensive notice program, no Class Member objected to any aspect of the Settlement, Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and payment of litigation expenses. This positive reaction confirms that the Motions should be approved, particularly since the Class includes sophisticated institutional investors. *See, e.g.*, *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014) (instructing district courts to consider "the reaction of members of the class to the settlement" and affirming settlement approval over single objection); *Silverman v. Motorola Sols., Inc.*, 739 F.3d 956, 959 (7th Cir. 2013) (noting lack of objection by institutional investors in affirming requested fee); *Arango v. Landry's, Inc.*, 2015

- 3 -

4893-0186-9857.v2

WL 5673878, at *2 (N.D. Ill. Aug. 27, 2015) (St. Eve, J.) ("No objections to the Settlement were made by the Class Members, and this fact likewise supports approval."); *Retsky Family Ltd. P'ship v. Price Waterhouse LLP*, 2001 WL 1568856, at *3 (N.D. Ill. Dec. 10, 2001) (Darrah, J.) ("The absence of objection to a proposed class settlement is evidence that the settlement is fair, reasonable and adequate.").

Similarly, no Member of the Class has requested exclusion, further reflecting the Class's support for the Settlement, Plan of Allocation, and requested fee and expense awards. *See* Supp. Mailing Decl., ¶6; *see also Sears, Roebuck & Co.*, 2016 WL 772785, at *11 (fact that only 59 class members chose to opt out supported settlement approval); *Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 586 (N.D. Ill. 2011) (Dow, J.) (approving settlement where "only 342 Class Members excluded themselves from the settlement and only 15 Class Members submitted documents that could be considered objections").

## III.    THE FEE IS WELL WITHIN THOSE AWARDED IN SIMILAR CASES WITHIN THE SEVENTH CIRCUIT

Securities actions are notoriously risky due to the heightened pleading standards, and resulting high dismissal rate,[3] as well as the contingent nature of Lead Counsel's representation. *Taubenfeld v. AON Corp.*, 415 F.3d 597, 600 (7th Cir. 2005) (stating courts should consider "the contingent nature of the case" and the fact "that lead counsel was taking on a significant degree of risk of nonpayment"). As in *Schulte*, "there was no certainty that Plaintiffs would win, or that the case would settle; and if Plaintiffs had lost, Class Counsel 'would receive no fees at all.'" 805 F. Supp. 2d at 597-98 (citation omitted). In addition to the risk of dismissal from Defendants'

---

[3]    "[R]ecent annual dismissal rates have been closer to 50%." Cornerstone Research, *Securities Class Action Filings: 2020 Year in Review* (2021) at 18. *See* Fee Brief at 7. The Seventh Circuit has affirmed dismissal of several securities class actions in recent years. *See, e.g.*, *Nat'l Elevator Industry Pension Fund v. Conagra Brands, Inc.*, 2022 WL 1449184 (7th Cir. 2022); *Walleye Trading LLC v. AbbVie Inc.*, 962 F.3d 975 (7th Cir. 2020); *Pension Trust Fund for Operating Engineers v. Kohl's Corporation*, 895 F.3d 933 (7th Cir. 2018).

- 4 -

pending motion to dismiss, Lead Plaintiff would have had to overcome Defendants' motion for summary judgment and ultimately establish the elements of liability (falsity, materiality, scienter and loss causation) and actual damages before a jury. *See* Fee Brief at 7-10. The risk of nonpayment is very real, as "Defendants prevail outright in many securities suits." *Motorola*, 739 F.3d at 958; *see also Sutton v. Bernard*, 504 F.3d 688, 694 (7th Cir. 2007) (finding the district court erred in failing to consider the risk of loss in securities case where lead counsel requested a 28% fee on an $18 million recovery).

It is significant that despite the high rate of dismissals granted in securities cases, and despite the case being defended by one of the largest defense firms in the nation, Lead Plaintiff was able to secure a recovery prior to a ruling on a motion to dismiss. Undoubtedly, Lead Counsel's significant investigation and mediation efforts, and reputation as one of the most successful securities class action firms, were factors that led Defendants to settle this case rather than attempt to prevail through further litigation. *See* Fee Brief at 7-11. For example, Lead Counsel has obtained the largest securities class action settlement in the history of the Seventh Circuit after prevailing at a jury trial and recovered nearly three times more for investors than the second ranked firm in 2021.[4]

In light of the risks, the work of and result obtained by Lead Counsel, and entirely contingent nature of that work, a 25% fee award is fair and reasonable. *See* Fee Brief at 5-11. Typical fee awards in comparable securities class actions in this District are in the 30%-33% range. *See Lowry v. RTI Surgical Holdings, Inc.*, No. 20-cv-01939, slip op. at ¶18 (N.D. Ill. Jan. 26, 2022) (Kennelly, J.) (awarding 30% fee on $10.5 million securities settlement); *Rubinstein v. Gonzalez*, No. 1:14-cv-09465, slip op. at ¶1 (N.D. Ill. Oct. 22, 2019) (Dow, J.) (awarding 30% of $16.75 million securities

---

[4]     *See* ISS Securities Class Action Services, The Top 100 U.S. Class Action Settlements of All-Time, December 31, 2021, at 6 (*Household International, Inc.* number eight all-time top securities settlement); ISS Securities Class Action Services, The Top 50 of 2021, at 6 (Robbins Geller Rudman & Dowd ranked top plaintiff law firm by total cash amount of final North American securities class action settlements occurring in 2021).

4893-0186-9857.v2

settlement); *Gupta v. Power Sols. Int'l, Inc.*, 2019 WL 2135914, at *1 (N.D. Ill. May 13, 2019) (Kendall, J.) (awarding 33-1/3% on $8.5 million securities settlement); *see also City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, 2014 WL 12767763, at *1 (N.D. Ill. Aug. 5, 2014) (awarding 30% fee on $60 million settlement). For similar cases that settle prior to a ruling on a motion to dismiss, Lead Counsel's request is within the fair and reasonable range. *Camping World*, slip op. at ¶4 (awarding 30% fee on $12.5 million settlement); *LJM Funds*, slip op. at ¶4 (awarding 28% fee on $12.85 million settlement); *Accretive*, 2014 WL 7717579, at *1 (awarding 30% fee on $14 million settlement). Thus, for all the reasons set forth herein and in the Fee Brief, Lead Counsel's requested 25% fee is reasonable and appropriate.

The Seventh Circuit's recent opinion in *In re Stericycle Sec. Litig.*, 2022 WL 1564997 (7th Cir. May 18, 2022) does not alter this conclusion. There, the Seventh Circuit vacated and remanded the district court's 25% fee award based on an objection and facts that do not exist in this case. First, unlike *Stericycle*, no class member objected to the fee in this case. This is significant as it is not uncommon for there to be objections to fee requests in class action cases. *See Sears, Roebuck & Co.*, 2016 WL 7727785, at *11; *Schulte*, 805 F. Supp. 2d at 586. Moreover, this is a securities fraud case, and the Class includes many sophisticated institutional investors that would have financial incentive to object "if the lawyers' cut seems to high." *Silverman*, 739 F.3d at 959 (noting lack of objection by "institutional investors [that] have in-house counsel with fiduciary duties to protect the beneficiaries").

Second, in *Stericycle* the lead plaintiff negotiated a fee agreement that arguably required a lower fee than the one requested and awarded, and the Seventh Circuit held that the district court "did not address" the agreement. 2022 WL 1564997, at *3-*6. No such situation exists here. Rather, Lead Plaintiff negotiated an *ex ante* agreement that capped Lead Counsel's fee request at 25%, and Lead Plaintiff has agreed to, and fully supports, Lead Counsel's 25% fee request. *See* Fee

- 6 -

Brief at 12; Declaration of Michael Randick and Richard J. Sawhill in Support of Settlement and Award of Attorneys' Fees and Expenses, ECF 141, ¶5 ("[T]he Pension Fund believes that Lead Counsel's request for fees of 25% of the Settlement Amount . . . is fair and reasonable. . . ."). Unlike a consumer case where a plaintiff may have little financial interest in the outcome or counsel's fees, this is a securities fraud case where the PSLRA requires that the court select the lead plaintiff movant with the largest financial interest, *i.e.*, the largest loss, to represent the interests of the Class and oversee counsel. 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also Motorola*, 739 F.3d at 959 ("That these large investors, looking out for themselves, help to protect the interests of class members with smaller stakes is a premise of several rules in the Private Securities Litigation Reform Act of 1995.").

Third, the Seventh Circuit found that the district court did not sufficiently consider prior litigation involving Stericycle that benefited class counsel and "which substantially reduced the risk of nonpayment." *Stericycle*, 2022 WL 1564997, at *3, *6-*8 ("Stericycle eventually agreed to settlements totaling over $325 million with its government and private customers."). There is no such prior litigation involving Diplomat that reduced Lead Counsel's risk of taking on this case on a contingent basis while assuming a risk that the case would be dismissed or not settle resulting in no payment.

Accordingly, the unique factors that led the Seventh Circuit to vacate the fee award in *Stericycle* – a client retention agreement that was arguably inconsistent with the requested fee, an objection, and significant prior litigation that aided the early settlement – are not present here. Thus, the 25% fee request is consistent with the Seventh Circuit's analysis in *Stericycle*, its prior decision in *Motorola*, and the many District Court cases cited herein and in the Fee Brief. *See* ECF 139 at 5-6 (citing cases).

## IV.    CONCLUSION

For the reasons set forth above and in the May 2, 2022 submissions, Lead Plaintiff and Lead Counsel respectfully request that the Court enter the (i) proposed Final Judgment Approving Settlement; (ii) proposed Order Approving Plan of Allocation; and (iii) proposed Order Awarding Attorneys' Fees and Expenses.

DATED:  May 27, 2022

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
FRANK A. RICHTER (IL Bar # 6310011)
CAMERAN M. GILLIAM (IL Bar # 6332723)

s/ Frank A. Richter
FRANK A. RICHTER

200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  630/696-4107
jbarz@rgrdlaw.com
frichter@rgrdlaw.com
cgilliam@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
THEODORE J. PINTAR
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
tedp@rgrdlaw.com

Lead Counsel for Lead Plaintiff

HESSIAN & McKASY P.A.
WILLIAM A. CUMMINGS
3700 RBC Plaza
60 South 6th Street
Minneapolis, MN  55402
Telephone:  612/746-5770
612/746-5755 (fax)

Additional Counsel for Lead Plaintiff

- 8 -

4893-0186-9857.v2

- 9 -

HOLZER & HOLZER, LLC
COREY D. HOLZER
211 Perimeter Center Parkway, Suite 1010
Atlanta, GA  30346
Telephone:  770/392-0090
770/392-0029 (fax)
cholzer@holzerlaw.com

Counsel for named Plaintiff Eugene Klabak

4893-0186-9857.v2

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 27, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ FRANK A. RICHTER
FRANK A. RICHTER

ROBBINS GELLER RUDMAN
   & DOWD LLP
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)

Email:  frichter@rgrdlaw.com

Case: 1:19-cv-01735 Document #: 147 Filed: 05/27/22 Page 12 of 12 PageID #:3082

# Mailing Information for a Case 1:19-cv-01735 Iron Workers Local No. 25 Pension Fund, et al., v. Diplomat Pharmacy, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **James E Barz**
  jbarz@rgrdlaw.com,cbarrett@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **James Wallace Ducayet**
  jducayet@sidley.com,james-ducayet-9115@ecf.pacerpro.com,efilingnotice@sidley.com

- **Lori Ann Fanning**
  LFanning@MillerLawLLC.com,MMiller@MillerLawLLC.com,ajewell@millerlawllc.com,drobinson@millerlawllc.com,JRamirez@millerlawllc.com

- **Cameran Gilliam**
  cgilliam@rgrdlaw.com

- **Matthew Todd Hurst**
  mhurst@heffnerhurst.com,mheffner@heffnerhurst.com

- **Carl V. Malmstrom**
  malmstrom@whafh.com

- **Marvin Alan Miller**
  Mmiller@millerlawllc.com,ajewell@millerlawllc.com,LFanning@millerlawllc.com,drobinson@millerlawlllc.com,JRamirez@millerlawllc.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Theodore J. Pintar**
  tedp@rgrdlaw.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com,E_File_SD@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com

- **Andrew Flynn Rodheim**
  arodheim@sidley.com,efilingnotice@sidley.com,andy-rodheim-4196@ecf.pacerpro.com

- **Nilofer Ibrahim Umar**
  numar@sidley.com,efilingnotice@sidley.com,nilofer-umar-6698@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)